IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON

| | | |
|---|---|---|
| **ABRAHAM LEAVITT** <br> 6205 Island Crest Way <br> Mercer Island, WA 98040 <br> <br> v. <br> <br> **EVERI HOLDINGS INC.** <br> D/B/A/ CENTRAL CREDIT <br> 7250 S Tenaya Way Suite 100 <br> Las Vegas, NV 89113 <br> <br> **SERVE:** <br> <br> **REGISTERED AGENT SOLUTIONS, INC** <br> 838 WALKER RD, SUITE 21-2 <br> Dover, DE 19904 <br> <br> **Defendant.** | * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * | **Civil Action No:** <br> 2:23-CV-01817-RAJ |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## **COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW the Plaintiff, Abraham Leavitt, (hereinafter, "Leavitt"), and hereby sues Defendant Everi Holdings Inc., doing business as Central Credit (hereinafter "Everi").

## **PARTIES**

1. The Plaintiff, Abraham Leavitt, is an adult citizen and resident of Mercer Island, Washington.

2. Plaintiff is a "consumer" as defined by the EFTA, 15 U.S.C. § 1693(a)(6).

3. Plaintiff is also a "consumer" as described in 15 U.S.C. § 1602(h).

1

4. Defendant Everi Holdings Inc. is a Delaware Corporation with his headquarters and primary place of business located at 7250 S. Tenaya Way, Suite 100 Las Vegas, NV 98113.

5. Everi is a "furnisher of information" within the meaning of the FCRA (15 U.S.C. § 1681s-2, et seq.).

6. Everi is duly authorized and qualified to do business in the State of Washington.

7. Everi is a "person" within the meaning of RCW § 19.86.010(1).

## JURISDICTION AND VENUE

8. This Court has jurisdiction pursuant to 15 U.S.C. §§ 1650(e), 1681p, and 28 U.S.C. § 1331. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

9. Jurisdiction over Plaintiff's claims for declaratory relief is conferred by 28 U.S.C. § 2201.

10. Venue is proper in this District because Plaintiff resides in this District, and Defendant is transmitting information across state lines, federally. Therefore, this venue is proper to be brought where Leavitt resides.

## FACTS COMMON TO ALL COUNTS

11. On or around October 15, 2023, Everi made false reports and swaths of alerts to the entire casino community that Leavitt was in arrears and owed money to two casinos located in the Bahamas. Everi knowingly disseminated this false information

2

to casino properties that include MGM Casino Properties, Station Casino Properties, Caesars Entertainment Properties, and all other Casino establishments.

12. Leavitt advised Everi of their false reporting and advised them to cease reporting these slanderous claims on October 28, 2023.

13. On November 2, 2023 Everi responded via email that they had received Leavitt's email disputing their allegations and reports, but have to date failed to take any corrective actions, violating Federal and State consumer protection laws.

14. Everi has slandered and continues to slander Leavitt's good name by falsely holding him out as a wrongdoer, and unreliable.

15. As a result of Everi false and defamatory reporting, Leavitt's credit lines have been suspended at all casino properties, including MGM properties, the Venetian, Caesars Entertainment, and others.

16. As a result of Everi's false reporting Leavitt has incurred, and will continue to incur economic damages such loss of as casino freeplay and other complimentary offers, as well as consequential damages. These include, but are not limited to, lost income, mental anguish, defamation, slander.

17. Everi's false reporting has created a false impression to that Leavitt as a high-risk individual they do not want to extend credit to.

18. Leavitt has also suffered damage to reputation and has been proximately placed in a false light by Everi's false reporting.

## COUNT I
## VIOLATIONS OF FCRA § 1681s-2(b)

19. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein and further alleges as follows:

20. Everi violated § 1681s-2(b) by its acts and omissions, including, but not limited to:

   a. Failing to conduct a reasonable investigation of Plaintiff's dispute;

   b. Failing to review all relevant information provided by consumer reporting agencies; and,

   c. Failing to promptly modify, delete, or permanently block and information it could not verify as accurate, in violation of § 1681s-29B0(1)

21. As a result of Everi's violations of § 1681s-2(b)(1), Leavitt suffered actual damages including but not limited to out of pocket expenses, loss of credit, damage to reputation, embarrassment, humiliation, anguish, and other emotional harm cognizable pursuant to the FCRA.

22. These violations of §1681s-2(b)(1) were willful, rendering Everi liable for actual damages, statutory damages, costs, reasonable attorney fees, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

23. In the alternative, Defendant Everi was negligent, entitling Plaintiff to recover actual damages, costs, and reasonable attorney fees pursuant to 15 U.S.C. § 1681o.

## COUNT II
## VIOLATIONS OF FCRA § 1681e(b) & 1681i

23. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein and further alleges as follows.

24. Everi violated multiple sections of 15 U.S.C. § 1681i by its acts and omissions including but not limited to:

   a. Failing to conduct a reasonable investigation to determine whether the disputed information is inaccurate and delete the item from Plaintiff's credit file in violation of § 1681i(a)(1);

   b. Failing to review and consider all relevant information submitted by Plaintiff in violation of § 1681i(a0(4); and

   c. Failing to properly delete the disputed inaccurate items of information from Plaintiff's credit files or modify the items of information upon a lawful reinvestigation in violation of § 1681i(a)(5).

25. Everi violated 15 U.S.C. § 1681e(b) by its conduct, acts and omissions, including but not limited to failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy of the information concerning Plaintiff in the preparation of his credit report and credit files that it published and maintained.

26. As a result of the Everi's violations of § 1681i and § 1681e(b), Plaintiff suffered actual damages including but not limited to out of pocket expenses, loss of credit, damage to reputation, embarrassment, humiliation, anguish, and other emotional harm cognizable pursuant to the FCRA.

27. These violations of § 1681 C-2; 1681i and § 1681e(b) were willful, rendering the Everi liable for actual damages, statutory damages, costs, and reasonable attorneys' fees, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

28. In the alternative, Everi was negligent, entitling Plaintiff to recover actual damages, costs, and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o.

## COUNT III
## VIOLATIONS OF THE WASHINGTON STATE
## FAIR CREDIT REPORTING ACT

29. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein and further alleges as follows.

30. Everi violated multiple sections of RCW § 19.182.090 et seq., by its conduct, acts and omissions including but not limited to:

a. Failing to conduct a reasonable investigation to determine whether the disputed information is inaccurate and delete the item from Plaintiff's credit file in violation of RCW § 19.182.090(1);

b. Failing to review and consider all relevant information submitted by Plaintiff in violation of RCW § 19.182.090(4); and

c. Failing to properly delete the disputed inaccurate items of information from Plaintiff's credit files or modify the items of information upon a lawful reinvestigation in violation of RCW § 19.182.090(5).

31. Everi violated RCW § 19.182.060(2) by failing to establish and/or follow reasonable procedures to assure maximum possible accuracy of the information

concerning Plaintiff in the preparation of his credit report and credit file that it published, distributed, and maintained.

32. As a result of Everi's conduct, acts and omissions, Plaintiff suffered actual damages, including but not limited to out-of-pocket expenses, loss of credit lines, denial of credit, and diminution of credit worthiness.

33. These violations of RCW § 19.182.060(2) and § 19.182.090 were willful, rendering Everi liable for actual damages, a monetary penalty of one thousand dollars, costs, and reasonable attorneys' fees pursuant to RCW § 19.182.150.

34. In the alternative, Everi was negligent, entitling Plaintiff to recover actual damages, costs, and reasonable attorneys' fees pursuant to RCW § 19.182.150.

## COUNT IV
## VIOLATIONS OF THE WASHINGTON STATE CONSUMER PROTECTION ACT

35. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein and further alleges as follows.

36. Washington's Consumer Protection Act provides that "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful." RCW § 19.86.020.

37. The Washington legislature has found that the practices covered by the Fair Credit Reporting Act are "matters vitally affecting the public interest for the purpose of applying the consumer protection act, chapter 19.86 RCW." RCW § 19.182.150.

38. Everi's violations of the Fair Credit Reporting Act are unfair or deceptive acts or practices in trade or commerce. See id.

39. As a direct and proximate cause of Everi's violations of the Fair Credit Reporting Act, Plaintiff has suffered injuries.

40. As a result of Everi's unfair acts or practices, Plaintiff is entitled to recover actual damages, costs, and reasonable attorneys' fees.

## **RELIEF SOUGHT**

### I. Monetary Damages

Wherefore Plaintiff demands a jury trial on all counts, and upon a verdict in his favor, asks that economic and compensatory, statutory, and treble damages of $1,500,000 be assessed against Everi; as well as punitive damages of $1,500,000 be assessed against Everi for those claims for which they are available by law, and that Plaintiff be awarded costs, attorneys' fees, and all other relief to which he is entitled under state and federal law.

### II. Equitable Relief

Plaintiff seeks both a preliminary injunction, and a permanent injunction ordering Everi to immediately delete all inaccurate information from Plaintiff's credit reports, and files and cease reporting the inaccurate information to all persons, entities, and Casinos to whom it reports Leavitt's credit information and to send updated and

corrected report information to all persons, entities, and Casinos to whom it has reported inaccurate information about Plaintiff within the last two years.

Plaintiff requests entry of a declaratory judgment that Leavitt is not liable for the falsely alleged debts in question, and that they are not properly reported by Everi.

Plaintiff also seeks leave of Court to freely amend this complaint in due course and to add co-Defendants upon proper cause and justification.

                                                  Respectfully submitted,

                                                  /s/ Abraham Leavitt
                                                  Abraham Leavitt
                                                  6205 Island Crest Way
                                                  Mercer Island, WA 98040
                                                  (954) 600-3104
                                                  *Plaintiff*