The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ABRAHAM LEAVITT,<br><br>                    Plaintiff,<br><br>     v.<br><br>EVERI HOLDINGS INC. dba CENTRAL CREDIT,<br><br>                    Defendant. | NO. 2:23-cv-01817-RAJ<br><br>DEFENDANT CENTRAL CREDIT, LLC'S MOTION TO DISMISS FIRST AMENDED COMPLAINT<br><br>NOTE ON MOTION CALENDAR: JUNE 25, 2024 |

## I.    INTRODUCTION

Plaintiff's First Amended Complaint ("FAC" at Dkt. #1)[1] is virtually devoid of any factual content. In a handful of conclusory allegations, Plaintiff asserts that Defendant Central Credit LLC ("Central Credit") is a "furnisher of information" under the Fair Credit Reporting Act ("FCRA") that supposedly made "false reports and swaths of alerts" "to the entire casino community" that Plaintiff "was in arrears and owed money to two casinos located in the

---

[1] On March 7, 2024, the Court granted the parties' stipulation to dismiss Defendant Everi Holdings Inc. because it was not a proper party and to deem all references to the defendant in the complaint to be references to Central Credit LLC. Dkt. #15. This means that the operative complaint (Dkt. #1), is effectively Plaintiff's First Amended Complaint ("FAC").

DEFENDANT CENTRAL CREDIT, LLC'S
MOTION TO DISMISS FIRST AMENDED
COMPLAINT - 1
Case No. 2:23-cv-01817-RAJ

2408888.4

**GORDON REES SCULLY MANSUKHANI, LLP**
701 Fifth Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

Bahamas." *See* Dkt. #1, ¶¶ 5, 11. This constitutes the near-entirety of "factual" — albeit vague, conclusory, and false — allegations pled in the FAC.

Plaintiff never identifies exactly what false information Central Credit supposedly reported and why it was false. Based on this thin foundation, Plaintiff asserts a handful of patently defective claims against Central Credit using boilerplate legal language without providing any additional facts. *See* Dkt. #1, ¶¶ 19-40. All of Plaintiff's claims fail. Plaintiff never alleges any facts demonstrating that Central Credit furnished any information about Plaintiff to a credit reporting agency (Count 1), and his claims against Central Credit as a "credit reporting agency" (Count II) fail because he expressly alleges Central Credit is a "furnisher of information," not a credit reporting agency. In any event, Plaintiff fails to allege sufficient facts to establish any of the elements of his claims, even assuming Central Credit is a credit reporting agency. Plaintiff's tag along claims for purported violations of the Washington State Fair Credit Reporting Act (Count III) and Washington State Consumer Protection Act (Count IV) are similarly defective and are preempted to the extent Plaintiff bases his claims on Central Credit's purported responsibilities as a furnisher of information to credit reporting agencies.

Prior to bringing this motion, Central Credit's counsel met and conferred extensively with Plaintiff's counsel regarding the numerous defects in the FAC in a good faith effort to avoid law and motion practice. But while counsel for Plaintiff conceded during the meet and confer process that the FAC is defective as pled and does not state an actionable claim against Central Credit, Plaintiff has refused to dismiss the FAC or to file a further amended complaint, thus forcing Central Credit to incur significant costs in bringing this motion. As the FAC is grossly deficient and, despite meeting and conferring extensively Plaintiff refuses to dismiss the FAC or file an amended complaint that omits the defective claims, Central Credit respectfully requests that the Court grant this motion to dismiss with prejudice. Central Credit reserves the right to seek its attorneys' fees and costs in connection with responding to the FAC, including

DEFENDANT CENTRAL CREDIT, LLC'S
MOTION TO DISMISS FIRST AMENDED
COMPLAINT - 2
Case No. 2:23-cv-01817-RAJ

**GORDON REES SCULLY MANSUKHANI, LLP**
701 Fifth Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

2408888.4

Bahamas." *See* Dkt. #1, ¶¶ 5, 11. This constitutes the near-entirety of "factual" — albeit vague, conclusory, and false — allegations pled in the FAC.

Plaintiff never identifies exactly what false information Central Credit supposedly reported and why it was false. Based on this thin foundation, Plaintiff asserts a handful of patently defective claims against Central Credit using boilerplate legal language without providing any additional facts. *See* Dkt. #1, ¶¶ 19-40. All of Plaintiff's claims fail. Plaintiff never alleges any facts demonstrating that Central Credit furnished any information about Plaintiff to a credit reporting agency (Count 1), and his claims against Central Credit as a "credit reporting agency" (Count II) fail because he expressly alleges Central Credit is a "furnisher of information," not a credit reporting agency. In any event, Plaintiff fails to allege sufficient facts to establish any of the elements of his claims, even assuming Central Credit is a credit reporting agency. Plaintiff's tag along claims for purported violations of the Washington State Fair Credit Reporting Act (Count III) and Washington State Consumer Protection Act (Count IV) are similarly defective and are preempted to the extent Plaintiff bases his claims on Central Credit's purported responsibilities as a furnisher of information to credit reporting agencies.

Prior to bringing this motion, Central Credit's counsel met and conferred extensively with Plaintiff's counsel regarding the numerous defects in the FAC in a good faith effort to avoid law and motion practice. But while counsel for Plaintiff conceded during the meet and confer process that the FAC is defective as pled and does not state an actionable claim against Central Credit, Plaintiff has refused to dismiss the FAC or to file a further amended complaint, thus forcing Central Credit to incur significant costs in bringing this motion. As the FAC is grossly deficient and, despite meeting and conferring extensively Plaintiff refuses to dismiss the FAC or file an amended complaint that omits the defective claims, Central Credit respectfully requests that the Court grant this motion to dismiss with prejudice. Central Credit reserves the right to seek its attorneys' fees and costs in connection with responding to the FAC, including

DEFENDANT CENTRAL CREDIT, LLC'S
MOTION TO DISMISS FIRST AMENDED
COMPLAINT - 2
Case No. 2:23-cv-01817-RAJ

**GORDON REES SCULLY MANSUKHANI, LLP**
701 Fifth Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

2408888.4

under 15 U.S.C. § 1681n and/or 15 U.S.C. § 1681o and the Court's inherent power, as well as any other applicable sanctions at the appropriate time.

## II. LEGAL STANDARD

Fed. R. Civ. P. 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "Plausibility requires pleading facts, as opposed to conclusory allegations or the 'formulaic recitation of elements of a cause of action.'" *Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 550 (2007)). Mere "labels and conclusions," "naked assertions devoid of further factual enhancement," and "formulaic recitation[s] of the elements of a cause of action" are insufficient. *Iqbal*, 556 U.S. at 678 (cleaned up). A court construes the facts alleged "in the light most favorable to the" non-moving party only if those facts are "well-pleaded." *Irving Firemen's Relief & Ret. Fund v. Uber Techs.*, 998 F.3d 397, 403 (9th Cir. 2021). Legal conclusions "are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 664. Moreover, it is not proper for the Court to assume that "the [Plaintiff] can prove facts which [he or she] has not alleged." A*ss'n. Gen. Con. of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

Although Plaintiff — believed to be a lawyer — initially filed his complaint in this action *pro se*, he was soon thereafter represented by counsel. All plaintiffs must nonetheless fully comply with the Federal Rules of Civil Procedure and the local rules of this Court even if the complaint was filed *pro se*. *See, e.g.*, *Copeland v. City of Camas*, No. C19-5935-BHS-MLP, 2019 WL 7811332, at *1 (W.D. Wash. Dec. 6, 2019), *report and recommendation adopted*, No. C19-5935 BHS, 2020 WL 488644 (W.D. Wash. Jan. 30, 2020) ("Although Plaintiff's pro se

DEFENDANT CENTRAL CREDIT, LLC'S
MOTION TO DISMISS FIRST AMENDED
COMPLAINT - 3
Case No. 2:23-cv-01817-RAJ

**GORDON REES SCULLY MANSUKHANI, LLP**
701 Fifth Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

2408888.4

pleadings are held to a less stringent standard than formal pleadings drafted by lawyers, he still must meet the requirements of the rules.").

## III. BACKGROUND

Plaintiff Abraham Leavitt filed this action *pro se* on November 27, 2023. Dkt. #1. On January 10, attorney Andrew B. Grimm of the Digital Justice Foundation entered an appearance on behalf of Mr. Leavitt. Dkt. #5. Plaintiff's FAC contains only a handful of conclusory factual allegations. *See* Dkt. #1, ¶¶ 5, 11-18. Plaintiff alleges that Central Credit "is a 'furnisher of information' within the meaning of the FCRA." Dkt. #1, ¶ 5. He alleges that on October 15, 2023, Central Credit purportedly made unspecified "false reports and swaths of alerts to the entire casino community that Leavitt was in arrears and owed money to two casinos located in the Bahamas." Dkt. #1, ¶ 11. Plaintiff does not allege what debts he is referring to, what casinos held the debts, what Central Credit supposedly reported about the debts, what reports and alerts Central Credit made, and most importantly how they were false.

Plaintiff alleges that he advised Central Credit "of their false reporting and advised them to cease reporting these slanderous claims on October 28, 2023," and that "[o]n November 2, 2023 [Central Credit] responded via email that they had received Leavitt's email disputing their allegations and reports, but have to date failed to take any corrective actions . . . ." Dkt. #1, ¶¶ 12-13. Plaintiff claims that "[a]s a result of [Central Credit's] false and defamatory reporting, Leavitt's credit lines have been suspended at all casino properties, including MGM properties, the Venetian, Caesars Entertainment, and others," and that "[a]s a result of [Central Credit's] false reporting Leavitt has incurred, and will continue to incur economic damages such loss of as [*sic*] casino freeplay and other complimentary offers, as well as consequential damages" that "include, but are not limited to, lost income, mental anguish, defamation, slander." Dkt. #1, ¶¶ 15-16. On the basis of these scant, conclusory allegations, Plaintiff asserts claims against Central Credit for violations of the Fair Credit Reporting Act ("FCRA"), the Washington State Fair

DEFENDANT CENTRAL CREDIT, LLC'S
MOTION TO DISMISS FIRST AMENDED
COMPLAINT - 4
Case No. 2:23-cv-01817-RAJ

**GORDON REES SCULLY MANSUKHANI, LLP**
701 Fifth Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

2408888.4

Credit Reporting Act, and the Washington State Consumer Protection Act.

It is important to note that, prior to filing this Motion, Central Credit's counsel met and conferred extensively by both telephone and email regarding the FAC. Miller Decl. ¶¶ 2-7 Exs. A-E. During those meet and confers, Central Credit's counsel advised Plaintiff's counsel that, among other things, Central Credit did not furnish the disputed information about Plaintiff and that the FAC was devoid of well pleaded facts that could give rise to any of the enumerated causes of action. *See, e.g.*, *id.* Nevertheless, the parties continued to meet and confer about the merits of the case in order to try and reach a resolution.

During counsel's telephonic meet and confer on March 25, 2024, Plaintiff's counsel advised Central Credit's counsel that he agreed that the FAC did not state an actionable claim against Central Credit as pleaded, but that Plaintiff anticipated amending his FAC to instead raise three new claims not identified in the FAC, namely that: (1) Central Credit allegedly did not provide Plaintiff with a statutorily required notice that he could include a statement in his file disputing the accuracy of Central Credit's report; (2) Central Credit did not notify the furnisher of the credit information about Plaintiff within 5 days of Plaintiff's dispute letter to Central Credit and did not provide all relevant information regarding the dispute to the furnisher; and (3) one of Central Credit's service representatives "blocked" Plaintiff from sending the representative information regarding the dispute—even though Plaintiff was able to correspond with another representative instead. Miller Decl. ¶ 5, Ex C.

After providing Plaintiff's counsel with evidence rebutting each of Plaintiff's anticipated amended claims, Central Credit's counsel asked Plaintiff's counsel to confirm that the FAC would be dismissed as against Central Credit with prejudice. But Plaintiff's counsel failed to respond. Central Credit's counsel followed up with Plaintiff's counsel several times over the next month to try and obtain Plaintiff's position. *See* Miller Decl. ¶ 6, Ex. D. On April 18, 2024, Plaintiff's counsel finally responded, disputing Central Credit's summation of the parties'

DEFENDANT CENTRAL CREDIT, LLC'S
MOTION TO DISMISS FIRST AMENDED
COMPLAINT - 5
Case No. 2:23-cv-01817-RAJ

GORDON REES SCULLY
MANSUKHANI, LLP
701 Fifth Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

2408888.4

agreement and said he would respond further. He never did other than to forward an email apparently in support of one of Plaintiff's anticipated amended claims. *Id.* at ¶ 7, Ex. E. As of the time of filing this motion, no further response has been received from Plaintiff's counsel. *Id.* at ¶ 7. Thus, although Plaintiff's counsel conceded that the FAC does not state a claim, Central Credit was forced to bring the instant motion to dismiss.

## IV. ARGUMENT

### A. The FAC Fails To State a Claim under 15 U.S.C. § 1681s-2(b)

Plaintiff's claim against Central Credit for purported violations of the FCRA as a "furnisher" of credit information under 15 U.S.C. Section 1681s-2(b) ("Duties of Furnishers of Information Upon Notice of Dispute") fails because Central Credit is not a furnisher under the statute and Plaintiff does not adequately allege all of the required elements of his claim.

To state a claim against a furnisher of credit information under Section 1681s-2(b), "a plaintiff must plausibly allege that '(1) he found an inaccuracy in his credit report; (2) he notified a credit reporting agency; (3) the credit reporting agency notified the furnisher of the information about the dispute; and (4) the furnisher failed to investigate the inaccuracies or otherwise failed to comply with the requirements of 15 U.S.C. § 1681s-2(b)(1)(A)-(E).'" *Bell v. Nat'l Credit Servs. Inc.*, No. 219CV01727RAJBAT, 2020 WL 8832899, at *3 (W.D. Wash. Oct. 14, 2020) (citing *Biggs v. Experian Info. Sols., Inc.*, 209 F. Supp. 3d 1142, 1144 (N.D. Cal. 2016) (granting motion to dismiss for lack of factual allegations demonstrating reported inaccuracy).

Here, Plaintiff summarily alleges that Central Credit "is a 'furnisher of information' within the meaning of the FCRA (15 U.S.C. § 1681s-2, et seq.)," but fails to allege any facts supporting that Central Credit is actually a "furnisher of information" as required to trigger liability under the statute. *See* Dkt. #1, ¶ 5. For example, Plaintiff makes no allegation that Central Credit furnished any information about Plaintiff to a consumer reporting agency. *See Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1153, 1154 (9th Cir. 2009) ("[T]o ensure

DEFENDANT CENTRAL CREDIT, LLC'S
MOTION TO DISMISS FIRST AMENDED
COMPLAINT - 6
Case No. 2:23-cv-01817-RAJ

GORDON REES SCULLY
MANSUKHANI, LLP
701 Fifth Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

2408888.4

that credit reports are accurate, the FCRA imposes some duties on the sources that provide credit information to CRAs, called 'furnishers' in the statute. . . . Section 1681s–2(b) imposes a second category of duties on furnishers of information."). As set forth above, Central Credit did not furnish the information Plaintiff apparently disputes. Accordingly, Plaintiff's claim against Central Credit as a furnisher of credit information fails.

Even if Plaintiff properly alleged Central Credit furnished the credit information in question—which he does not—he fails to plead facts establishing all of the other required elements of this claim. First, Plaintiff does not allege that he notified a consumer reporting agency about any purported inaccuracy in his credit report or that the consumer reporting agency notified Central Credit of any dispute. *See* Dkt. #1, ¶¶ 11-23. As any duties owed under Section 1681s-2(b) "arise only after the furnisher receives a notice of dispute from a credit reporting agency," Plaintiff fails to state a claim under the statute. *Brutsky v. Cap. One, N.A.*, No. C17-0491 RAJ, 2018 WL 513586, at *5 (W.D. Wash. Jan. 23, 2018) (J. Jones) (dismissing Section 1681s-2(b) claim because "Plaintiffs make no allegations about the contents of the credit reporting agencies' notices of dispute or how Defendant received notice"); *Gorman*, 584 F.3d at 1154 (holding that the duties under 15 U.S.C. Section 1681s-2 "are triggered 'upon notice of dispute'—that is, when a person who furnished information to a CRA receives notice from the CRA that the consumer disputes the information.").

Second, Plaintiff fails to allege any facts showing that Central Credit "failed to investigate the [purported] inaccuracies or otherwise failed to comply with the requirements of 15 U.S.C. § 1681s-2(b)(1)(A)-(E)." *Bell*, 2020 WL 8832899, at *3. Instead, Plaintiff merely quotes the language of the statute itself. *See* Dkt. #1, ¶ 20. This is conclusory and insufficient to state a claim. *See Iqbal*, 556 U.S. at 678 ("A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement."). Dismissal is required for

DEFENDANT CENTRAL CREDIT, LLC'S
MOTION TO DISMISS FIRST AMENDED
COMPLAINT - 7
Case No. 2:23-cv-01817-RAJ

GORDON REES SCULLY
MANSUKHANI, LLP
701 Fifth Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

2408888.4

this reason as well. *Brutsky*, 2018 WL 513586, at *6 (dismissing Section 1681s-2(b) claim where "Plaintiffs also make no allegations about the adequacy of Defendant's investigation.").

Finally, Plaintiff fails to allege any facts showing that Central Credit acted negligently or willfully in violating the FCRA. *See* Dkt. #1, ¶¶ 22-24. "The FCRA does not impose strict liability." *Guimond v. Trans Union Credit Info. Co.*, 45 F.3d 1329, 1333 (9th Cir. 1995). Instead, liability only attaches when a defendant negligently or willfully fails to comply with a requirement under the statute. *See* 15 U.S.C. § 1681n(a); 15 U.S.C. § 1681o(a). Accordingly, to state a claim, "the plaintiff's complaint must allege specific facts as to the defendant's mental state . . . . Merely stating that the violation was 'willful' or 'negligent' is insufficient." *Abbink v. Experian Info. Sols., Inc.*, 2019 WL 6838705, at *5 (C.D. Cal. Sept. 20, 2019). Here, Plaintiff fails to allege any facts demonstrating Central Credit negligently or willfully failed to comply with the FCRA. Thus, his claim fails for this reason as well. *See, e.g.*, *Mnatsakanyan v. Goldsmith & Hull APC*, 2013 WL 10155707, at *7 (C.D. Cal. May 14, 2013) (dismissing FCRA claim where plaintiff failed to allege facts showing defendant's "state of mind" in violating FCRA); *Braun v. Client Servs. Inc.*, 14 F. Supp. 3d 391, 397 (S.D.N.Y. 2014) ("[m]erely stating that the violation was 'willful' or 'negligent'" under the FCRA "is insufficient").

### B. The FAC Fails To State a Claim under 15 U.S.C. § 1681e(b) or § 1681i

Plaintiff's claims against Central Credit for purported violations of the FCRA as a consumer reporting agency under 15 U.S.C. Section 1681e(b) ("Accuracy of Report") and Section 1681i ("Procedure in Case of a Disputed Accuracy") also fail because Plaintiff alleges that Central Credit is a "furnisher of information" (*see* Dkt. #1, ¶ 5), not a consumer reporting agency, and Plaintiff also fails to adequately allege all of the required elements of this claim.

Under 15 U.S.C. § 1681e(b), "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." Under 15 U.S.C. §

DEFENDANT CENTRAL CREDIT, LLC'S
MOTION TO DISMISS FIRST AMENDED
COMPLAINT - 8
Case No. 2:23-cv-01817-RAJ

**GORDON REES SCULLY MANSUKHANI, LLP**
701 Fifth Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

2408888.4

1681i, "if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency. . . the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file in accordance" with the statute. In so doing, the consumer reporting agency "shall review and consider all relevant information submitted by the consumer" within the time provided by the statute (15 U.S.C. § 1681i(a)(4)), and promptly delete or modify information in the file of the consumer that is determined to be inaccurate based on the results of the reinvestigation. 15 U.S.C. § 1681i(a)(5).

Plaintiff fails to allege that Central Credit is a consumer reporting agency as defined in 15 U.S.C. Section 1681a(f) or that Central Credit issued a consumer report regarding Plaintiff as defined in 15 U.S.C. Section 1681a(d). Instead, Plaintiff explicitly alleges that Central Credit is not a consumer reporting agency, but rather a "'furnisher of information' within the meaning of the FCRA." Dkt. #1, ¶ 5. As Plaintiff contends Central Credit is a furnisher of credit information, and not a consumer reporting agency, his claims against Central Credit as a purported consumer reporting agency fail as a matter of law. *See* 15 U.S.C. §§ 1681e(b), 1681i.

Even if Plaintiff had pled facts plausibly showing Central Credit is a consumer reporting agency and issued a consumer report under the FCRA—which he has not—Plaintiff's Section 1681e(b) and 1681i claims would still fail because he does not plead any facts supporting those claims. For example, Plaintiff fails to allege facts showing that Central Credit failed to "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates" (15 U.S.C. § 1681e(b)), or facts showing that Central Credit failed to "conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file. . . ." 15 U.S.C. § 1681i(a)(1). Nor does Plaintiff allege any facts as to what

DEFENDANT CENTRAL CREDIT, LLC'S
MOTION TO DISMISS FIRST AMENDED
COMPLAINT - 9
Case No. 2:23-cv-01817-RAJ

**GORDON REES SCULLY MANSUKHANI, LLP**
701 Fifth Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

2408888.4

information he supposedly submitted to Central Credit (15 U.S.C. § 1681i(a)(4)) or that a reinvestigation by Central Credit found an item of information disputed by Plaintiff was "inaccurate or incomplete or cannot be verified." 15 U.S.C. § 1681i(a)(5). These defects are fatal. Instead, Plaintiff does little more than plead legal conclusions, which are insufficient.

Similarly, and most critically, Plaintiff fails to make the required *prima facie* showing of inaccurate reporting by Central Credit. "To sustain either a Section 1681e or a Section 1681i claim based on inaccuracy, a consumer must first "make a 'prima facie showing of inaccurate reporting' by the CRA." *Riser v. Cent. Portfolio Control Inc.*, No. 3:21-CV-05238-LK, 2022 WL 2209648, at *3-4 (W.D. Wash. June 21, 2022) (dismissing claims under Sections 1681e(b) and 1681i for failing to allege *prima facie* showing of inaccurate reporting), *reconsideration denied,* No. 3:21-CV-05238-LK, 2023 WL 2742075 (W.D. Wash. Mar. 31, 2023); *Brutsky*, 2018 WL 513586, at *5 ("The Ninth Circuit held that courts have imposed a requirement that an actual inaccuracy exist for plaintiff to state a claim for under the FCRA's reinvestigation provision, 15 U.S.C. § 1681i . . . .").

While Plaintiff summarily alleges that Central Credit supposedly "made false reports and swaths of alerts to the entire casino community that Leavitt was in arrears and owed money to two casinos located in the Bahamas" (Dkt. #1, ¶ 11) he fails to identify what debts he is referring to, what casinos held the debts, what Central Credit supposedly reported about the debts, how such reports were false or inaccurate, and how the supposedly inaccurate reporting was the result of an unreasonable procedure of Central Credit. *See* 15 U.S.C. § 1681i. As no facts whatsoever are pled evidencing any of these elements, dismissal is appropriate.

Finally, as noted above, because "[t]he FCRA does not impose strict liability" (*Guimond*, 45 F.3d at 1333 (9th Cir. 1995) and Plaintiff fails to allege any facts demonstrating that Central Credit negligently or willfully "fail[ed] to comply with any requirement" under the statute (*see* 15 U.S.C. § 1681n(a); 15 U.S.C. § 1681o(a)). Plaintiff's FCRA claims are defective for this

DEFENDANT CENTRAL CREDIT, LLC'S
MOTION TO DISMISS FIRST AMENDED
COMPLAINT - 10
Case No. 2:23-cv-01817-RAJ

**GORDON REES SCULLY MANSUKHANI, LLP**
701 Fifth Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

2408888.4

reason also and must be dismissed. *See Abbink*, 2019 WL 6838705, at *5; *Mnatsakanyan*, 2013 WL 10155707, at *7; *Braun*, 14 F. Supp. 3d at 397.

### C. Plaintiff's WFCRA and WCPA Claims Fail

Plaintiff's claims for violation of the Washington State Fair Credit Reporting Act ("WFCRA") and Washington State Consumer Protection Act ("WCPA") are incurably defective for several reasons.

First, the WFCRA does not provide a private right of action. WFCRA violations must be pursued under the WCPA. *See, e.g.*, RCW 19.182.150 (discussing "Application of Consumer Protection Act"); *Cain v. Trans Union LLC*, 2006 WL 328409, at *6 (W.D. Wash. Feb. 9, 2006) ("RCW 19.182.150 explicitly makes a violation of the WFCRA a violation of the WCPA.").

Second, while the WCPA does provide a private right of action for WFCRA violations, Plaintiff does not plead sufficient facts for the Court to infer Central Credit violated the WFCRA for the same reasons set forth above in relation to Plaintiff's FCRA claims. Specifically, Plaintiff's claim under the WCPA (Count IV) is premised on his claim that Central Credit violated the WFCRA, as set forth in Count III. Count III (violations of RCW § 19.182.060(2) and § 19.182.090) is based on the same conclusory assertions (with no supporting factual allegations) that Plaintiff asserts in relation to Count II (violations of FCRA § 1681e(b) & 1681i) (*compare* FAC ¶¶ 29-34 *with* ¶¶ 23-28). As explained in Section B, *supra*, Plaintiff fails to allege sufficient facts to support these bare conclusory legal assertions. This is true whether he asserts his claim under the FCRA or as a *per se* violation of the WCPA for violating the WFCRA.

Third, even if Plaintiff sufficiently pled a violation of the WFCRA to sustain a *per se* violation of the WCPA (*see* RCW 19.182.150), Plaintiff must still sufficiently allege facts showing causation and damage to business or property to state a claim under the WCPA, which he does not do. *Thepvongsa v. Reg'l Tr. Servs. Corp.*, 972 F. Supp. 2d 1221, 1231 (W.D. Wash. 2013) ("A private cause of action exists under the CPA if (1) the conduct is unfair or deceptive,

DEFENDANT CENTRAL CREDIT, LLC'S
MOTION TO DISMISS FIRST AMENDED
COMPLAINT - 11
Case No. 2:23-cv-01817-RAJ

**GORDON REES SCULLY MANSUKHANI, LLP**
701 Fifth Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

2408888.4

(2) occurs in trade or commerce, (3) affects the public interest, and (4) causes injury (5) to plaintiff's business or property.").

Fourth, absent a showing of a violation under the WFCRA, Plaintiff fails to plead sufficient facts to satisfy any of the five required elements of a private cause of action under the WCPA. *See Thepvongsa*, 972 F. Supp. 2d at 1231. For example, Plaintiff does not plead any factual allegations showing that Central Credit engaged in unfair or deceptive commerce and that such conduct occurred in trade or commerce or somehow affected the public interest. *See, e.g.*, *McDonald v. OneWest Bank, FSB*, 929 F. Supp. 2d 1079, 1097 (W.D. Wash. 2013) (Under the WCPA, "a deceptive act must have the capacity to deceive a substantial portion of the population," and "must allege an actual or potential impact on the general public, not merely a private wrong."). Nor does Plaintiff plead any facts showing any purported violation of the WCPA somehow caused damage to Plaintiff's "business or property," as required under the statute. *See Panag v. Farmers Ins. Co. of Washington*, 166 Wash. 2d 27, 57 (2009) ("Washington requires a private CPA plaintiff to establish the deceptive act caused injury. Personal injuries, as opposed to injuries to 'business or property,' are not compensable and do not satisfy the injury requirement. Thus, damages for mental distress, embarrassment, and inconvenience are not recoverable under the CPA.") (citations omitted). Thus, the WCPA claim is defective and should be dismissed for this reason as well.

Finally, to the extent Plaintiff premises his WFCRA or WCPA claims on Central Credit's purported responsibilities as a furnisher of information to credit reporting agencies (*see, e.g.*, Dkt. #1, ¶¶ 29-40), the FCRA expressly preempts any such claims. 15 U.S.C. § 1681t(b)(1)(F) ("No requirement or prohibition may be imposed under the laws of any State" regarding 15 U.S.C. § 1681s-2 "relating to the responsibilities of persons who furnish information to consumer reporting agencies."). Accordingly, these claims must be dismissed.

DEFENDANT CENTRAL CREDIT, LLC'S
MOTION TO DISMISS FIRST AMENDED
COMPLAINT - 12
Case No. 2:23-cv-01817-RAJ

**GORDON REES SCULLY MANSUKHANI, LLP**
701 Fifth Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

2408888.4

## V. CONCLUSION

For the reasons set forth above, Central Credit respectfully requests that the Court dismiss the FAC in its entirety with prejudice.

I certify that this memorandum contains 4,050 words, counted using Microsoft Word, in compliance with the Local Civil Rules.

Dated: May 27, 2024

GORDON REES SCULLY MANSUKHANI, LLP

By: *s/ Shannon L. Wodnik*
Shannon L. Wodnik, WSBA #44998
*Attorneys for Defendant Central Credit, LLC*
Gordon Rees Scully Mansukhani, LLP
701 Fifth Avenue, Suite 2100
Seattle, WA 98104
Phone: (206) 695-5100
Fax: (206) 689-2822
Email: swodnik@grsm.com

DEFENDANT CENTRAL CREDIT, LLC'S
MOTION TO DISMISS FIRST AMENDED
COMPLAINT - 13
Case No. 2:23-cv-01817-RAJ

2408888.4

**GORDON REES SCULLY MANSUKHANI, LLP**
701 Fifth Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822