# Exhibit B

| | |
|---|---|
| **From:** | Alexander Miller |
| **To:** | Andrew Grimm |
| **Cc:** | Andrew Grimm; Elizabeth Sperling; Shannon Wodnik |
| **Subject:** | RE: Attorney Conferral - Leavitt v Everi / Central |
| **Date:** | Monday, March 18, 2024 11:16:00 AM |
| **Attachments:** | image001.png |
| | image002.png |
| | image003.png |
| | image004.jpg |
| | image005.png |
| | image006.jpg |

Hi Andrew,

Sorry for the delayed response.  No problem on postponing the meet and confer.  While we do believe we have very strong grounds to move to dismiss and don't want to unnecessarily delay resolution of this matter, we're willing to move our meeting to March 25 as a courtesy.  As of now I'm generally free that day.  Let's shoot for 1 p.m., but happy to adjust if another time is more convenient.  Thank you for also offering to draft the stipulation commensurately extending our deadline to respond for our review.  We appreciate it.

You can assume Credit Central is a credit reporting agency for purposes of your analysis. Regarding the underlying litigation question, in our view the Ninth Circuit has been clear that "reinvestigation claims," like those brought by Plaintiff here "are not the proper vehicle for collaterally attacking the legal validity of consumer debts." *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 892 (9th Cir. 2010).  As the Court in *Carvalho* explains:

> "With respect to the accuracy of disputed information, the CRA is a third party, lacking any direct relationship with the consumer, and its responsibility is to 're investigate' a matter once already investigated in the first place. Hence, a consumer disputing the legal validity of a debt that appears on her credit report should first attempt to resolve the matter directly with the creditor or furnisher, which stands in a far better position to make a thorough investigation of a disputed debt than the CRA does on reinvestigation A CRA is not required as part of its reinvestigation duties to provide a legal opinion on the merits. Indeed, determining whether the consumer has a valid defense is a question for a court to resolve in a suit against the creditor, not a job imposed upon consumer reporting agencies by the FCRA. Nor is a CRA obligated not to report any information about the disputed item simply because the consumer asserts a legal defense. The very economic purpose for credit reporting companies would be significantly vitiated if they shaded every credit history in their files in the best possible light for the consumer."

*Id*. (internal citations, quotation marks, and brackets omitted) (analyzing both the FCRA and California's CCRAA); *see also Florence v. Experian Info. Sols., Inc.*, 775 F. App'x 308, 310 (9th Cir. 2019) ("Here, the Florences are trying to collaterally attack the legal validity of the Wells Fargo judgment, which cannot form the basis of an FCRA claim against Experian."); *Alvandi v. Fid. Cap. Holdings, Inc.*, 677 F. App'x 343, 344 (9th Cir. 2017) ("To the extent Alvandi argues that his Experian credit reports were inaccurate because they reported a debt that he was not legally obligated to pay or a debt that contained charges not permitted by law, these challenges are insufficient to establish that the reports were inaccurate within the meaning of the FCRA.").

Here the casinos at issue reported that Plaintiff owed certain debts, and our client correctly reported the information they furnished. When Plaintiff later disputed Central Credit's report, our client conducted a reasonable re-investigation and promptly informed Plaintiff of the results of that investigation. As reflected in the letter sent to your client on November 21, 2023, to complete this re-investigation Central Credit:

> "[R]eviewed (i) the information provided by [Plaintiff], (ii) a copy of the Complaint filed by you against Paradise Enterprises Limited, Brookfield Asset Management, LLC and Brookfield Hospitality Properties, LLC in the Superior Court of New Jersey, and (iii) information provided by Brookfield Hospitality Properties, LLC d/b/a Atlantis Paradise Island."

As additional context, Credit Central's re-investigation also included confirming the debt with the reporting party's

risk management and in-house legal teams. We believe caselaw is clear that this type of reinvestigation us sufficient. Also, in order to establish liability a plaintiff bringing suit under the FCRA "must make a prima facie showing of inaccurate reporting." *Carvalho*, 629 F.3d at 890. Plaintiff can't do that here because the information our client accurately reported the information it received and under *Carvalho* the fact that Plaintiff is collaterally attacking the validity of the underlying debt in a separate lawsuit is legally insufficient to establish an "inaccurate report" by our client.

In short, while Plaintiff is free to challenge the underlying debt with the casino that reported it, nothing our client reported was inaccurate and our client complied with applicable federal law, so regardless of the outcome of the underlying dispute our client has no liability here. Given the law and facts at play, we are hopeful the parties can resolve this dispute without the need for court intervention, but if necessary we're confident the court will grant a motion to dismiss or early motion for summary judgment on these issues.

Best,
Alex



**Alexander Miller**
ASSOCIATE

Glaser Weil Fink Howard Jordan & Shapiro LLP       amiller@glaserweil.com
600 West Broadway, Suite 1080                      **T** 619.762.5952
San Diego, CA 92101
glaserweil.com

**To send files securely, please click** here

This message and any attached documents may contain information from the law firm of Glaser Weil Fink Howard Jordan & Shapiro LLP that is confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.

**From:** Andrew Grimm <andrew.b.grimm@gmail.com>
**Sent:** Wednesday, March 13, 2024 8:39 PM
**To:** Alexander Miller <amiller@glaserweil.com>
**Cc:** Andrew Grimm <andrew@digitaljusticefoundation.org>; Elizabeth Sperling <esperling@glaserweil.com>; Shannon Wodnik <swodnik@grsm.com>
**Subject:** Re: Attorney Conferral - Leavitt v Everi / Central

Alex,

Hope your week is going well.  Due to some matters that have unexpectedly cropped up and require immediate attention, can we postpone our further conferral currently scheduled for tomorrow to a good time on March 25, 2024?  I realize that this may affect our timeline on the motion to dismiss and I have no opposition to further postponing the time for you to respond to the complaint.

To touch base, I've begun my further legal investigation into the authorities under 15 U.S.C. 1681*i*.  I wanted to confirm that Central Credit agrees that it is a CRA and not a furnisher, as some case law makes that distinction important with respect to the scope / nature of investigatory duties and that's what I understood to be your client's position from your call.  (Not an issue if that's disputed and I'm not trying to hold you to that, but it'll be helpful to me as I read the case law if it's not in dispute here in this case.)

There's another issue that adds to the complexity and I need to think through, which is my client's underlying litigation regarding the purported debts and how it interfaces with this litigation.  I do not represent Mr. Leavitt with respect to that litigation at present, so the status, details, and the implications of that litigation for ours is presently indeterminate for me.  Does underlying litigation in your experience typically affect the timeline and prosecution of the FCRA action?  Should it affect it?  My hunch is it's case-by-case.

Finally, I'm happy to prepare and file the joint stipulation to extend the time to respond to the complaint if that's a burden and out of recognition that you guys prepared and filed the last one, so I want to be fair.

Best regards,

Andrew Grimm
Attorney
Digital Justice Foundation
(531) 210-2381
digitaljusticefoundation.org
Email: andrew@digitaljusticefoundation.org

On Mon, Mar 11, 2024 at 10:37 PM Alexander Miller <amiller@glaserweil.com> wrote:

> Thank you for the quick response, Andrew.  We'd like to try and wait to reschedule those dates until after the pleadings are set so we don't have to make multiple requests to move them in the future but anticipate the clerk will let us know if this is not the Judge's preference.  We'll go ahead and email in the morning and will copy you on the email.
>
> Best,
> Alex
>
> 
>
> **Alexander Miller**
> ASSOCIATE
>
> Glaser Weil Fink Howard Jordan & Shapiro LLP      amiller@glaserweil.com
> 600 West Broadway, Suite 1080                     T 619.762.5952
> San Diego, CA 92101
> glaserweil.com
>
> **To send files securely, please click here**
>
> This message and any attached documents may contain information from the law firm of Glaser Weil Fink Howard Jordan & Shapiro LLP that is confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.
>
> **From:** Andrew Grimm <andrew.b.grimm@gmail.com>
> **Sent:** Monday, March 11, 2024 10:03 PM
> **To:** Alexander Miller <amiller@glaserweil.com>
> **Cc:** Andrew Grimm <andrew@digitaljusticefoundation.org>; Elizabeth Sperling <esperling@glaserweil.com>; Shannon Wodnik <swodnik@grsm.com>
> **Subject:** Re: Attorney Conferral - Leavitt v Everi / Central