# Exhibit C

| | |
|---|---|
| **From:** | Alexander Miller |
| **To:** | Andrew Grimm |
| **Cc:** | Andrew Grimm; Elizabeth Sperling; Shannon Wodnik |
| **Subject:** | RE: Attorney Conferral - Leavitt v Everi / Central |
| **Date:** | Thursday, March 28, 2024 12:10:00 PM |
| **Attachments:** | 2021-11-21 - Ltr re Leavitt Investigation Results re Atlantis Dispute.pdf |
| | image001.png |
| | image002.png |
| | image003.png |
| | 2021-02-03 - Ltr re Leavitt Investigation Results.pdf |

Andrew,

Thank you again for the call on Monday, and for confirming your agreement that the operative complaint is defective as pleaded and does not state any actionable claim against Central Credit. On our call, you informed me that even though the operative complaint is defective, Mr. Leavitt nevertheless anticipates amending the complaint to raise three new FCRA claims not previously addressed. You described the claims as follows: (1) Central Credit did not provide Mr. Leavitt with a statutorily required notice that he could include a statement in his file disputing the accuracy of the report; (2) Central Credit did not notify the furnisher of the credit information within 5 days of Mr. Leavitt's dispute letter and did not provide all relevant information regarding the dispute to the furnisher; and (3) one of Central Credit's service representatives "blocked" Mr. Leavitt from sending the representative information regarding the dispute, even though Mr. Leavitt was able to correspond with another representative instead.  You also represented for the first time that Mr. Leavitt now claims he does not owe any money to the Atlantis Paradise Island Casino ("Atlantis") because he purportedly acquired playing chips from the casino and then returned and/or paid for them in full before leaving the casino, even though this is not alleged in the operative complaint, or in Mr. Leavitt's correspondence with Central Credit.

Suffice to say, these new contentions raise serious concerns about Mr. Leavitt's purpose in filing the litigation and the investigation of Mr. Leavitt's claims by your office.  As we have discussed during our meet and confers and in correspondence, in order to establish liability a plaintiff bringing suit under the FCRA "must make a prima facie showing of inaccurate reporting." *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 890 (9th Cir. 2010). This includes for any of the reinvestigation claims Mr. Leavitt alleges in the operative complaint or anticipates alleging in a future amended complaint. *See Shaw v. Experian Info. Sols., Inc.*, 891 F.3d 749, 756 (9th Cir. 2018) ("Thus, to sustain either a § 1681e or a § 1681i claim, a consumer must first make a 'prima facie showing of inaccurate reporting' by the CRA. Here, because Appellants have not made such a showing, we need not consider the reasonableness of Experian's procedures or reinvestigation efforts, and Appellants' § 1681e and § 1681i claims fail.").

Currently, the operative complaint fails to allege any facts showing that Central Credit reported any false information about Mr. Leavitt. During our meet and confers, you indicated that, although not alleged in the complaint, Mr. Leavitt disputes that he owes any money to Atlantis, and that this dispute had been the subject of litigation between Mr. Leavitt and Atlantis but that Mr. Leavitt's complaint had been dismissed because Mr. Leavitt was required to sue Atlantis in the Bahamas instead. After a search we are unable to identify any litigation between Mr. Leavitt and Atlantis relating to the debts at issue.  Please send us a copy of the lawsuit to which you were referring.  As described above, you further contended that Mr. Leavitt intends to amend the operative complaint to allege that no debt is owing to Atlantis because it was previously paid in full. While we disagree that a dispute over the underlying existence and/or validity of the debt impacts the reasonableness of the steps Central Credit took to re-investigate Mr. Leavitt's dispute as required under the FCRA, especially as Mr. Leavitt failed to bring any of this information to Central Credit's attention previously, please also provide us any evidentiary support that Mr. Leavitt claims shows he does not in fact owe the debts at issue to Atlantis.

If Mr. Leavitt is unable to show that the reporting from Central Credit was in fact inaccurate in some way, he will not be able to establish any claim against Central Credit under the FCRA. Even if he could show that Central Credit's reporting was inaccurate, Mr. Leavitt's anticipated amended claims would also be defective for at least three additional reasons as well.

**First**, Mr. Leavitt received appropriate notice of his rights under the FCRA.  Attached is a copy of the November 21, 2023, letter sent to Mr. Leavitt confirming the results of Central Credit's reinvestigation of Mr. Leavitt's dispute and advising him of those rights.  I am also attaching a similar letter that was sent to Mr. Leavitt on February 3, 2021, regarding another dispute sent by Mr. Leavitt, and which also notified him that "[y]ou have the right to add a statement

to your file disputing the accuracy or completeness of the information" then in dispute. As you know, Mr. Leavitt is an attorney and has filed numerous other FCRA cases and disputes and is therefore is very familiar with the FCRA and his rights thereunder. Accordingly, we find that the representation during our meet and confer that Mr. Leavitt 'would have disputed the entry on his credit report had he known he was able to' is simply not credible.

**Second**, Mr. Leavitt's initial communication disputing the Atlantis entry on his credit report was sent to Central Credit on October 30, 2023, and consisted of the following claim:

> I'd like to draw your attention to pending litigation my legal team and I have filed against Atlantis wrongly slandering me to the casino community. The litigation is ongoing in New Jersey, and the facts are very much in dispute.
>
> Despite the ongoing lawsuit, you're reporting the falsehoods as fact! I kindly request that you strike your slanderous reporting which you've already done enormous damage to me.
>
> If you choose to ignore this email, and violate FCRA please let it be known so I can advise my legal team.

On November 2, 2023, Mr. Leavitt then further added in an email to Central Credit:

> If I owe this money that you are slanderously telling others, please furnish me with the checks that I signed, and show me evidence. Failure to provide this evidence, and false reporting will be dealt with as per my legal remedies.

We can confirm that Central Credit provided the information Mr. Leavitt sent to Central Credit to Atlantis on November 3, 2023, within the 5-day statutory requirement. Accordingly, Mr. Leavitt cannot bring a claim on this basis.

**Third**, we are unaware of any evidence that Rosemary Czarnecki supposedly "blocked" Mr. Leavitt from contacting her or Central Credit, or any legal basis for which a claim could arise under the FCRA even if she had. Please provide us with evidence supporting this contention. Regardless, even if this were possibly true, which we absolutely dispute, as your investigation should have already revealed Mr. Leavitt copied other Central Credit / Everi email addresses on his emails to Central Credit, and in fact received an email acknowledgment regarding his dispute from Stephanie Contreras, Manager of Customer Care, on November 2, 2023, to which Mr. Leavitt subsequently responded. Accordingly, any claim that Mr. Leavitt was inhibited from providing Central Credit with relevant information relating to his dispute is demonstrably false and cannot form the basis of a claim against Central Credit.

* * *

As you are no doubt aware, Mr. Leavitt is a serial filer of credit reporting disputes, and has engaged in numerous actions against casinos and other entities for various perceived harms against him, real or imagined. As you acknowledged during our meet and confer, it appears that the genesis of the instant dispute is that Mr. Leavitt has a grudge against Atlantis for some adverse action that was taken against him there. Nevertheless, as we have discussed at length, any such dispute should not involve Central Credit, which accurately reported the information provided to it and conducted a reasonable reinvestigation in response to Mr. Leavitt's dispute, as required by law. To the extent Mr. Leavitt now plans to assert all new amended claims against Central Credit, none of which appear to have any basis in fact or law, it appears Mr. Leavitt is proceeding in bad faith against Central Credit or for purposes of harassment. If Mr. Leavitt persists in attempting to assert these baseless proposed claims, we will be forced to seek all available relief against Mr. Leavitt, including for our attorneys' fees and costs incurred in relation to responding to the complaint, and any future amended complaint, under 15 U.S.C. § 1681n and/or 15 U.S.C. § 1681o. Please also consider this FRCP Rule 11 notice that we will file a motion and seek Rule 11 sanctions in response to any amended complaint that asserts these claims.

For the reasons set forth above, please confirm when Mr. Leavitt will dismiss the operative complaint in its entirety as against Central Credit.  As Mr. Leavitt has no claim against Central Credit, we request a full and complete dismissal with prejudice.  As you know, our current deadline to respond to the operative complaint is April 10.  Accordingly, **please provide us with your response by no later than Monday, April 1**.

Best,
Alex



**Alexander Miller**
ASSOCIATE

Glaser Weil Fink Howard Jordan & Shapiro LLP    amiller@glaserweil.com
600 West Broadway, Suite 1080                    T 619.762.5952
San Diego, CA 92101
glaserweil.com

**To send files securely, please click here**

This message and any attached documents may contain information from the law firm of Glaser Weil Fink Howard Jordan & Shapiro LLP that is confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.

---

**From:** Alexander Miller
**Sent:** Monday, March 25, 2024 12:27 PM
**To:** Andrew Grimm <andrew.b.grimm@gmail.com>
**Cc:** Andrew Grimm <andrew@digitaljusticefoundation.org>; Elizabeth Sperling <esperling@glaserweil.com>; Shannon Wodnik <swodnik@grsm.com>
**Subject:** RE: Attorney Conferral - Leavitt v Everi / Central

4 p.m. is fine too. I'll update the calendar invite.

Best,
Alex



**Alexander Miller**
ASSOCIATE

Glaser Weil Fink Howard Jordan & Shapiro LLP    amiller@glaserweil.com
600 West Broadway, Suite 1080                    T 619.762.5952
San Diego, CA 92101
glaserweil.com

**To send files securely, please click here**

This message and any attached documents may contain information from the law firm of Glaser Weil Fink Howard Jordan & Shapiro LLP that is confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.

---

**From:** Andrew Grimm <andrew.b.grimm@gmail.com>
**Sent:** Monday, March 25, 2024 11:45 AM
**To:** Alexander Miller <amiller@glaserweil.com>
**Cc:** Andrew Grimm <andrew@digitaljusticefoundation.org>; Elizabeth Sperling <esperling@glaserweil.com>; Shannon Wodnik <swodnik@grsm.com>

**Subject:** Re: Attorney Conferral - Leavitt v Everi / Central

Yes, I had that scheduled. I'm waiting for a call back from my client, so if we push to 4pm I should hopefully have more details.

On Mon, Mar 25, 2024 at 11:42 AM Alexander Miller <amiller@glaserweil.com> wrote:

> Hi Andrew,
>
> Just want to confirm you're still available to meet and confer today.  1 p.m. still works for me, but I am also free after 3 p.m. if later works better.
>
> Best,
> Alex
>
> 
>
> ### Alexander Miller
> ASSOCIATE
>
> | Glaser Weil Fink Howard Jordan & Shapiro LLP | amiller@glaserweil.com |
> |---|---|
> | 600 West Broadway, Suite 1080 | T 619.762.5952 |
> | San Diego, CA 92101 | |
> | glaserweil.com | |
>
> **To send files securely, please click here**
>
> This message and any attached documents may contain information from the law firm of Glaser Weil Fink Howard Jordan & Shapiro LLP that is confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.
>
> ---
>
> **From:** Alexander Miller
> **Sent:** Monday, March 18, 2024 11:17 AM
> **To:** Andrew Grimm <andrew.b.grimm@gmail.com>
> **Cc:** Andrew Grimm <andrew@digitaljusticefoundation.org>; Elizabeth Sperling <esperling@glaserweil.com>; Shannon Wodnik <swodnik@grsm.com>
> **Subject:** RE: Attorney Conferral - Leavitt v Everi / Central
>
> Hi Andrew,
>
> Sorry for the delayed response.  No problem on postponing the meet and confer.  While we do believe we have very strong grounds to move to dismiss and don't want to unnecessarily delay resolution of this matter, we're willing to move our meeting to March 25 as a courtesy.  As of now I'm generally free that day.  Let's shoot for 1 p.m., but happy to adjust if another time is more convenient.  Thank you for also offering to draft the stipulation commensurately extending our deadline to respond for our review.  We appreciate it.
>
> You can assume Credit Central is a credit reporting agency for purposes of your analysis. Regarding the underlying litigation question, in our view the Ninth Circuit has been clear that "reinvestigation claims," like those brought by Plaintiff here "are not the proper vehicle for collaterally attacking the legal validity of consumer debts." *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 892 (9th Cir. 2010).  As the Court in *Carvalho* explains:
>
>> "With respect to the accuracy of disputed information, the CRA is a third party, lacking any direct relationship with the consumer, and its responsibility is to 're investigate' a matter once already investigated in the first place. Hence, a consumer disputing the legal validity of a debt that appears on