THE HONORABLE RICHARD A. JONES

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ABRAHAM LEAVITT,<br>*Plaintiff*,<br><br>vs.<br><br>CENTRAL CREDIT, LLC,<br>*Defendant*. | Case No. 2:23-cv-01817-RAJ<br><br>**Plaintiff's Opposition to Defendant's Motion to Dismiss the Initial *Pro Se* Complaint**<br><br><u>NOTING DATE</u>: July 8, 2024 (as re-noted) |

Defendant Central Credit LLC ("Defendant" or "Central Credit") has filed a motion to dismiss.  It should be denied or, in the alternative, leave to amend should be granted.  Four points in response are key.  *First*, upon acceptance of the filing of an amended complaint to supersede the operative *pro se* complaint, the motion to dismiss should be denied as moot.  That's perhaps the easiest way to dispose of the motion to dismiss.  <u>See</u> Section I, *infra*.  <u>Second</u>, the motion to dismiss should be stricken for failure to comply with the spirit of the Court's meet-and-confer requirement. While there were several meet and confers, Defendant's counsel did not meet and confer about entire claims and did not meet about entire elements that are not being challenged.  <u>See</u> Section II, *infra*. <u>*Third*</u>, while the motion to dismiss is correct about the furnisher claims, it is not correct on the merits as to the CRA claims and is not correct about the state-law claims.  <u>See</u> Section III, *infra*.  <u>*Fourth*</u>, as this motion to dismiss is direct to a *pro se* complaint, leave to amend to correct any deficiencies should be granted—even if the Court disagrees on all other fronts.

DIGITAL JUSTICE FOUNDATION<br>15287 Pepperwood Drive, Omaha, NE 68154<br>(531) 210-2381

1

## TABLE OF CONTENTS

2

**Page**

3

TABLE OF AUTHORITIES .................................................................................. 3

4

ISSUES BEFORE THE COURT ............................................................................ 4

5

ARGUMENT ........................................................................................................ 5

6

I.   THE FILING OF A FORTHCOMING FIRST-AMENDED COMPLAINT WOULD RENDER THE
7    MOTION TO DISMISS MOOT AND UNNECESSARY TO DECIDE. ................................. 5

8

II.  THE MOTION TO DISMISS RAISES ARGUMENTS THAT WERE WHOLLY LACKING FROM
9    THE PRE-FILING MEET AND CONFERS BETWEEN COUNSEL. ................................. 8

10

III. THE MOTION TO DISMISS IS FLAWED IN MANY RESPECTS AND SHOULD BE DENIED ON
     THE MERITS UNDER EXISTING LAW AND STANDARDS. ...................................... 10

11

      A.   Rule 12 Legal Standards ..................................................... 10

12

      B.   Patent Falsehoods ............................................................... 12

13

      C.   15 U.S.C. § 1681s-2 .......................................................... 15

14

      D.   15 U.S.C. § 1681e/1681*i* .................................................. 15

15

      E.   WFCRA / WCPA ............................................................... 17

16

IV.  EVEN IF THE COURT WERE TO GRANT THE MOTION ON THE MERITS, LEAVE TO AMEND
17   SHOULD STILL BE GRANTED TO AS THE *PRO SE* COMPLAINT. ............................ 20

18

CONCLUSION .................................................................................................. 24

19

CERTIFICATE OF COMPLIANCE ................................................................. 25

20

CERTIFICATE OF SERVICE ........................................................................... 25

21

22

23

24

25

26

27

28

Plaintiff's Opposition to Defendant's
Motion to Dismiss *Pro Se* Complaint

DIGITAL JUSTICE FOUNDATION
15287 Pepperwood Drive, Omaha, NE 68154
(531) 210-2381

# TABLE OF AUTHORITIES[1]

## **Cases**

Barton v. Serve All Help All, Inc., 2021 U.S. Dist. LEXIS 160053 (W.D. Wash. Aug. 24, 2021) .... 6

Brown v. Bos. Sci. Corp., 2022 U.S. Dist. LEXIS 44868\ (W.D. Wash. March 14, 2022) ............... 5

Hardesty v. Sacramento Metro. Air Quality Mgmt. Dist., 2012 U.S. Dist. LEXIS 44311 (E.D. Cal. March 29, 2012) ........................................................................................................................ 5

Hernandez v. Radio Sys. Corp., 2023 U.S. Dist. LEXIS 13866 (C.D. Cal. Jan. 26, 2023)................ 6

Infogation Corp. v. Google LLC, 2021 U.S. Dist. LEXIS 181274, (S.D. Cal. Sept. 21, 2021) .......... 6

Jimenez v. Homecomings Fin., 2009 U.S. Dist. LEXIS 54916 (N.D. Cal. June 11, 2009) ............... 6

Kessler v. State Farm Fire & Cas. Co., 2024 U.S. Dist. LEXIS 8672 (W.D. Wash. Jan. 17, 2024) ... 7

Krieger v. Atheros Communs., Inc., 2011 U.S. Dist. LEXIS 68033 (N.D. Cal. June 25, 2011)......... 6

M.G. v. Bainbridge Island Sch. Dist. #303, 2023 U.S. Dist. LEXIS 65283 (W.D. Wash. April 13, 2023) ................................................................................................................................... 5

Maag v. U.S. Bank, Nat'l Ass'n, 2021 U.S. Dist. LEXIS 20832 (S.D. Cal. Feb. 3, 2021) ................ 6

Ramirez v. County of San Bernardino, 806 F.3d 1002 (9th Cir. 2015)............................................ 5

Rodriguez v. Loancare LLC, 2024 U.S. Dist. LEXIS 11215 (S.D. Cal. Jan. 17, 2024).................... 6

Scheibe v. GlaxoSmithKline Consumer Healthcare Holdings US LLC, 2024 U.S. Dist. LEXIS 40616 (S.D. Cal. Feb. 15, 2024) ......................................................................................... 6

TI, Ltd. v. Grupo Vidanta, 2019 U.S. Dist. LEXIS 186668 (S.D. Cal. Oct. 28, 2019) ..................... 5

Xiaohua Huang v. Genesis Global Hardware, Inc., 2020 U.S. Dist. LEXIS 201167 (E.D. Cal. Oct. 28, 2020) ............................................................................................................................ 5

---

[1] All emphasis added unless otherwise indicated.  Citations are to the ECF pagination, not internal pagination. For quoted authorities, internal brackets, quotations marks, citations, and the like are omitted for ease of reading.

3

## ISSUES BEFORE THE COURT

1. <u>Mootness</u>:  Whether Defendant's motion to dismiss the *pro se* initial complaint becomes moot upon acceptance by the Court of a first-amended complaint drafted by counsel.

2. <u>Meet & Confer</u>: Whether Defendant should have raised arguments during the Court-ordered pre-filing meet and confer or whether Defendant may surprise attack with arguments not discussed.

3. <u>Motion to Dismiss</u>: Whether the motion to dismiss

   a. <u>Standard</u>: Whether Defendant's request for more details really sounds in a Rule 12(b) motion to dismiss or is functionally a Rule 12(e) motion for a more definite statement

   b. <u>Falsehoods</u>: Whether certain false statements in the motion to dismiss can be accepted without substantiation and/or contrary to Defendant's own SEC filings.

   c. <u>1681s-2</u>: Whether a claim has been stated as to 1681s-2.[2]

   d. <u>1681e/*i*</u>: Whether a claims has been stated as to 1681e/i.

   e. <u>WFCRA</u>: Whether state-law claims have been stated.

4. <u>Leave to Amend:</u> Whether leave to amend should be freely granted, even if the Complaint is deficient.

---

[2] Plaintiff does not intend to include furnisher claims in the amended complaint.  But, Plaintiff reserves the right to conduct further investigation into these claims.

4

## ARGUMENT

**I. THE FILING OF A FORTHCOMING FIRST-AMENDED COMPLAINT WOULD RENDER THE MOTION TO DISMISS MOOT AND UNNECESSARY TO DECIDE.**

Plaintiff intends to move for leave to file a first-amended complaint[3] to amend the *pro se* complaint that Mr. Leavitt drafted and filed, prior to having representation.  See Dkt.20 at 4 ("Plaintiff Abraham Leavitt filed this action pro se[.]") (citing Dkt. 1).  This forthcoming amended complaint will moot Defendant's pending motion to dismiss, rendering the remainder of this briefing unnecessary to decide.

***First***, a pending motion to dismiss is mooted when an amended complaint is filed.  E.g., Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("Because the Defendants' motion to dismiss targeted the Plaintiff's First Amended Complaint, which was no longer in effect, we conclude that the motion to dismiss should have been deemed moot before the district court granted it."); Hardesty v. Sacramento Metro. Air Quality Mgmt. Dist., 2012 U.S. Dist. LEXIS 44311, *6 (E.D. Cal. March 29, 2012) ("[W]hen an amended complaint is filed while a motion to dismiss is pending, it generally moots the motion to dismiss."); Brown v. Bos. Sci. Corp., 2022 U.S. Dist. LEXIS 44868, *2 (W.D. Wash. March 14, 2022) ("When an amended complaint is filed while a motion to dismiss is pending, it generally moots the motion to dismiss."); M.G. v. Bainbridge Island Sch. Dist. #303, 2023 U.S. Dist. LEXIS 65283, *3 (W.D. Wash. April 13, 2023) ("Where a motion to dismiss targets a complaint that has been superseded by an amended complaint, the court should deem the motion to dismiss moot."); TI, Ltd. v. Grupo Vidanta, 2019 U.S. Dist. LEXIS 186668, *2 (S.D. Cal. Oct. 28, 2019) ("moot once the Amended Complaint was filed."); Xiaohua Huang v. Genesis Global Hardware, Inc., 2020 U.S. Dist. LEXIS 201167, *1 (E.D. Cal. Oct. 28, 2020) ("moot once the

---

[3] We respectfully disagree with Defendant's assertion that stipulating, on Defendant's request, to ***deem*** the *pro se* complaint to refer to Central Credit rather than Everi is the equivalent of a wholesale amended complaint.  Regardless, the Court need not decide that issue as the motion to amend will moot it.

Plaintiff's Opposition to Defendant's
Motion to Dismiss *Pro Se* Complaint

DIGITAL JUSTICE FOUNDATION
15287 Pepperwood Drive, Omaha, NE 68154
(531) 210-2381

Amended Complaint was filed."); <u>Krieger v. Atheros Communs., Inc.</u>, 2011 U.S. Dist. LEXIS 68033, *2-3 (N.D. Cal. June 25, 2011) ("denied without prejudice as moot"); <u>Hernandez v. Radio Sys. Corp.</u>, 2023 U.S. Dist. LEXIS 13866, *1-2 (C.D. Cal. Jan. 26, 2023) ("A superseding complaint moots Defendant's Motion to Dismiss Complaint."); <u>Barton v. Serve All Help All, Inc.</u>, 2021 U.S. Dist. LEXIS 160053, *2 (W.D. Wash. Aug. 24, 2021) ("Where a motion to dismiss targets a complaint that has been superseded by an amended complaint, the court should deem the motion to dismiss moot.").

*<u>**Second**</u>*, the motion to dismiss becomes moot whether the amended complaint is filed as a matter of right or by motion. <u>E.g.</u>, <u>Scheibe v. GlaxoSmithKline Consumer Healthcare Holdings US LLC</u>, 2024 U.S. Dist. LEXIS 40616, *2-3 (S.D. Cal. Feb. 15, 2024) ("Plaintiff's Second Amended Complaint superseded the original Complaint and First Amended Complaint.  Because Defendant's first Motion to Dismiss targeted Plaintiff's original Complaint, which is no longer the operative pleading, the first Motion to Dismiss is rendered moot."); <u>Jimenez v. Homecomings Fin.</u>, 2009 U.S. Dist. LEXIS 54916, *3 (N.D. Cal. June 11, 2009) ("once filed, the Second Amended Complaint supersedes Plaintiff's First Amended Complaint [...] Consequently, Defendant's pending Motion to Dismiss Plaintiff's First Amended Complaint is rendered moot."); <u>Infogation Corp. v. Google LLC</u>, 2021 U.S. Dist. LEXIS 181274, *23 (S.D. Cal. Sept. 21, 2021) ("the Court denies Google's motion to dismiss the first amended complaint as moot. The Plaintiff's Second Amended Complaint superseded the First Amended Complaint"); <u>Maag v. U.S. Bank, Nat'l Ass'n</u>, 2021 U.S. Dist. LEXIS 20832, *2-3 (S.D. Cal. Feb. 3, 2021) ("In light of Plaintiffs' amended pleading, the Court denies as moot Defendants' partial motion to dismiss the first amended complaint without prejudice to Defendant U.S. Bank moving to dismiss the second amended complaint."); <u>Rodriguez v. Loancare LLC</u>, 2024 U.S. Dist. LEXIS 11215, *2 (S.D. Cal. Jan. 17, 2024) ("[T]he Plaintiff's Second Amended Complaint superseded the First Amended Complaint, and the First Amended Complaint ceased to

DIGITAL JUSTICE FOUNDATION
15287 Pepperwood Drive, Omaha, NE 68154
(531) 210-2381

exist.  Because the Defendants' motion to dismiss targeted the Plaintiff's First Amended Complaint, which was no longer in effect, we conclude that the motion to dismiss should have been deemed moot."); Kessler v. State Farm Fire & Cas. Co., 2024 U.S. Dist. LEXIS 8672, *4 (W.D. Wash. Jan. 17, 2024) (motion to dismiss *pro se* second-amended complaint mooted by attorney-drafted third-amended complaint).

***Third***, Plaintiff's forthcoming amended complaint will moot Defendant's pending motion to dismiss.  This attorney-drafted, amended complaint is going to add *both* new legal claims and new factual allegations supporting the existing claims.  Notably, Mr. Leavitt was operating *pro se* when drafting the initial complaint.  See Dkt.20 at 4 ("filed this action pro se[.]"); Dkt.1. Since being retained, Mr. Leavitt's non-profit counsel have conducted extensive legal research and factual investigation into these claims.  The forthcoming, counsel-drafted amended complaint will moot Defendant's pending motion to dismiss the *pro se* complaint.  See, e.g., Braswell v. Muncie, 2021 U.S. Dist. LEXIS 166403, *4 (S.D.W.V. Sept. 2, 2021) ("Defendants' motion to dismiss the *pro se* complaint will be rendered moot by the filing of the amended complaint."); Kessler, 2024 U.S. Dist. LEXIS 8672, at *4 (W.D. Wash. Jan. 17, 2024) (motion to dismiss *pro se* second-amended complaint moot in light of the filing of an attorney-drafter third amended complaint).

\* \* \* \* \*

The simplest way to address Defendant's Motion to Dismiss the *pro se* complaint is to recognize that this pending motion will be moot once the attorney-drafted amended complaint is filed and grant leave to file that complaint.  At that point, Defendant can file a new motion to dismiss the amended complaint should it so choose.

DIGITAL JUSTICE FOUNDATION
15287 Pepperwood Drive, Omaha, NE 68154
(531) 210-2381

**II.      THE MOTION TO DISMISS RAISES ARGUMENTS THAT WERE WHOLLY LACKING FROM THE PRE-FILING MEET AND CONFERS BETWEEN COUNSEL.**

The Court maintains a meet-and-confer requirement as part of the individual practices, which set out the requirement in some detail:

> For all cases, except applications for temporary restraining orders, counsel contemplating the filing of <u>any</u> motion shall first contact opposing counsel to discuss *thoroughly*, preferably in person, the *substance* of the contemplated motion and *any potential resolution*. The Court construes this requirement strictly. Half-hearted attempts at compliance with this rule will not satisfy counsel's obligation. The parties must discuss the substantive grounds for the motion and attempt to reach an accord that would eliminate the need for the motion. The Court strongly emphasizes that discussions of the substance of contemplated motions are to take place, if at all possible, in person. *All* motions must include a declaration by counsel briefly describing the parties' discussion and attempt to eliminate the need for the motion and the date of such discussion. Filings not in compliance with this rule may be stricken.

Chambers Procedures of the Honorable Richard A. Jones, II General Motions Practice (emphasis in original). Plaintiff's counsel understand that an important purpose of this requirement is to ensure that the counsel discuss and narrow issues prior to briefing motions for the Court. Indeed, the Court's emphasis seems to indicate that it wants the attorneys to discuss the argument even on dispositive motions to try to narrow differences.

There are many aspects of the motion to dismiss that were not raised by Defendant's counsel in the motion to dismiss. Four are worth emphasizing because they are completely surprising to us in the sense that we did not discuss them in any telephonic meet and confers of any kind.

<u>*First*</u>, Defendant's counsel did not discuss the ***<u>Washington state-law claims</u>*** whatsoever. There was no discussion in the meet and confers beyond federal law at all. To our recollection, they were not discussed and not raised. Yet, the motion to dismiss lodges numerous challenges—never discussed—against the state-law claims.

<u>*Second*</u>, Defendant's counsel affirmatively indicated that Plaintiff's counsel could assumed that Defendant was a ***<u>consumer reporting agency</u>*** for purposes of the federal FCRA. There was no discussion at meet and confers that this was insufficiently pleaded or that this would be challenged.

DIGITAL JUSTICE FOUNDATION
15287 Pepperwood Drive, Omaha, NE 68154
(531) 210-2381

To the contrary, the primary focus of the meet and confers was 15 U.S.C. § 1681*i*—a section of FCRA that specifically applies to consumer reporting agencies / CRAs.  So, the challenge in the motion to dismiss that the CRAs were insufficiently pleaded was a surprise to us.  While Defendant can certainly ask for this point to be demonstrated, this argument was a surprise to Plaintiff's counsel because the premise of the discussions had been that Defendant is a CRA.

*Third*, the primary focus of the meet and confer was FCRA noncompliance.  Defendant's counsel never brought up ***negligence and willfulness standards***—meaning that the mental states were not discussed.  It's by no means disputed that these are not integral part of private FCRA actions.  Yet, if a defendant is going to challenge the mental-state requirements, then that should be discussed in meet and confer to avoid burden on the Court of adjudicating these standards.

*Fourth*, the meet and confers did not discuss ***1681s-2 or 1681e claims*** at all.  Rather, they focused on 1681i claims in their entirety.

While Plaintiff's counsel are cognizant of the fact that arguments will develop over the course of drafting briefs and that it's not possible to reach each and every *nuance* of a forthcoming motion, omitting to address (1) entire claims and (2) entire elements of a claim (especially those that the meet and confers suggest such an element is not disputed like the CRA) is not in the spirit of meet-and-confer.  While Plaintiff's counsel is not suggesting that Defendant's counsel engaged in misconduct, it is submitted that the inclusion of arguments not addressed in a meet and confer—and some that are directly contrary to what was discussed in a meet and confer—should not be rewarded.

Ultimately, the motion to dismiss should be denied as moot.  But, it could also be stricken in major part for including issues—arguments on entire elements and claims—nowhere raised in a meet and confer.  And, Plaintiff's counsel believes that the Court should so clarify its expectations on the specificity of issues raised in meet and confer in fulfillment of the spirit of the meet-and-confer requirement.

III.   **THE MOTION TO DISMISS IS FLAWED IN MANY RESPECTS AND SHOULD BE DENIED ON THE MERITS UNDER EXISTING LAW AND STANDARDS.**

### A.  Rule 12 Legal Standards

The gravamen of the motion to dismiss is that it is in actuality seeking _additional_ _details_ about the claims.  And, in this sense the motion to dismiss betrays a basic confusion about the difference between a Rule 12(b) motion (which is only appropriate when there are _no_ supporting factual allegations and just _legal conclusions_) and a Rule 12(e) motion (where the defendant wants additional factual _details_ to assist in its investigation of the claim).  The reason that courts disfavor these kind of "more details" requests is that they are not genuine requests for details.  They're not really stemming from curiosity in most cases, but rather a defendant that just doesn't want to account in court for its legal violation.  In short, such requests for additional details are often dilatory tactics that slow play litigation, burden courts, and avoid the procedures and court processes of discovery wherein the precise details come to life.

_**First**_, much of what the motion to dismiss characterizes as _ipse dixit_ "conclusory" are actually allegations of _**fact**—not legal conclusions_.  For example, Central Credit's the sending of false credit reports—are actually factual allegations.  It's not a legal conclusion and that's well-settled: whether something is false is a factual question, not ripe for resolution at the motion to dismiss posture.  See, e.g., Forsberg v. Fid. Nat'l Credit Servs., 2004 U.S. Dist. LEXIS 7622, *13-14 (S.D. Cal. Feb. 25, 2004) ("Whether the notice given was 'false, deceptive, or misleading' is a factual question, which may not be determined in a motion to dismiss."); Theodore v. Purecycle Techs., Inc., 2022 U.S. Dist. LEXIS 243150, *30 (M.D. Fla. Aug. 4, 2022) ("[A]t the pleading stage for whether a statement is false, a court is directed to accept well-pled allegations as true."); S.S. Trade Ass'n of Balt.-Int'l Longshoreman's Ass'n Pension Fund v. Olo Inc., 2023 U.S. Dist. LEXIS 128587, *9 (S.D.N.Y. July 25, 2023) ("Since whether a statement is false or misleading is a question of fact, it is inappropriate to resolve such disputes on a motion to dismiss[.]").

10

DIGITAL JUSTICE FOUNDATION
15287 Pepperwood Drive, Omaha, NE 68154
(531) 210-2381

**_Second_**, the request for _further details_ regarding these allegations of fact actually sounds in a Rule 12(e) motion for a definite statement—but Defendant never sought the relief of a more definite statement.  And, indeed, insofar as the forthcoming attorney-drafted complaint will be opposed, it goes to show that Defendant doesn't really want more details and is not really suggesting the claims are implausible, it just doesn't want to face accountability for its deficient dispute-resolution processes for those it does credit reporting on.  Ultimately, the request for more _details_ is not how cases should be decided because the allegations if truly taken as true do state a claim.  E.g., One Indus., LLC v. Jim O'Neal Distrib., 578 F.3d 1154, 1160 (9th Cir. 2009) ("We encourage district courts to avoid resolving merits issues, especially fact-sensitive questions, on Rule 12(e) motions."); Asad v. Providian Bank, N.A., 234 F. App'x 511, 511-512 (9th Cir. 2007) ("Even though a complaint is not defective for failure to designate the statute or other provision of law violated, the judge may in his discretion, _in response to a   motion for more definite statement under Federal Rule of Civil Procedure 12(e), require such detail_ as may be appropriate"); CMAX, Inc. v. Hall, 290 F.2d 736, 738 (9th Cir. 1961) ("While the motion asserted that the complaint was subject to these infirmities, it is difficult to find any such vagueness or ambiguity in view of the principles of pleading set up by the rules of civil procedure, which established a system of pleading with simplified and brief forms of complaint.").

**_Third_**, in this respect, the motion to dismiss does not abide the Rule 12(b) standard.  It doesn't do a genuine job of _accepting the factual allegations as true_.  Rather, it does something else: it tries to reframe and transform facts  into lack and then say that the facts are deficient.  Yet, Twombly and Iqbal merely held that the _legal conclusions_ should not be considered—not that a Rule 12(e) standard should supplant the Rule 12(b) standards / Rule 8 standards.  Yet, that is the functional equivalent of what the motion to dismiss is doing here.  And, regardless, the motion to dismiss is based upo plain falsehoods.  See Section III.B, _infra_.

## B. Patent Falsehoods

The Motion to Dismiss also relies on a series of falsehoods.

***First***, the Motion to Dismiss falsely claims that Plaintiff is an attorney.   Dkt.20 at 3 ("Plaintiff—believed to be a lawyer—initially filed his complaint in this action pro se[.]").  He's not a lawyer and that affects the review of the pro-se drafted complaint.  See, e.g., Krier v. Ray, 341 F. App'x 295, 297 (9th Cir. 2009) ("the rule favoring liberality in amendments to pleadings is particularly important for the pro se litigant. Before a district court may dismiss a *pro se* complaint for failure to state a claim, the court must provide the *pro se* litigant with notice of the deficiencies of his or her complaint and an opportunity to amend the complaint prior to dismissal.").

The Motion's false claim that Plaintiff is a lawyer is misleading and it remains unclear to Plaintiff's counsel why Defendants believe that.  Regardless, he is not a lawyer and that affects the review of this Motion attacking the *pro se*-drafted complaint.  Moreover, it's a bit ironic for Defendant to inaccurately claim Plaintiff is a lawyer—and to do so without identifying a source—because Defendant is tasked with giving accurate information about Plaintiff and showing its sources.  See, e.g., 15 U.S.C. §§ 1681, 1681e(b), 1681g, 1681*i*.


***Second***, Defendant's Motion falsely suggests that Central Credit is somehow not "a consumer reporting agency" subject to FCRA and state laws.  Dkt.20 at 9.  Defendant's argument that they are not a credit reporting service is specious and disingenuous.  Simply put, this is not a good faith argument.

12

DIGITAL JUSTICE FOUNDATION
15287 Pepperwood Drive, Omaha, NE 68154
(531) 210-2381

Indeed, Defendant Central Credit is well aware that it is governed by and subject to both fderal and state laws governing activities of consumer credit bureaus. Indeed, Defendant describes itself as such to the SEC:

> ***Credit Reporting***. Our Central Credit gaming patron credit bureau services and check verification and warranty services are subject to the Fair Credit Reporting Act (the "FCRA") and the Fair and Accurate Credit Transactions Act of 2003 (the "FACTA") and their implementing rules, which require consumer credit bureaus, such as Central Credit, to provide credit report information to businesses only for certain purposes and to otherwise safeguard credit report information, to disclose to consumers their credit report on request, and to permit consumers to dispute and correct inaccurate or incomplete information in their credit report. These laws and rules also govern the information that may be contained in a consumer credit report. We continue to implement policies and procedures as well as adapt our business practices in order to comply with these laws and regulation. In addition to federal regulation, our Central Credit gaming patron credit bureau services are subject to the state credit reporting regulations that impose similar requirements to the FCRA and the FACTA.

SEC 10-K filing at 22-23.

These SEC public filings are subject to judicial notice. See FRE 201; <u>Dreiling v. Am. Express Co.</u>, 458 F.3d 942, 946 n.2 (9th Cir. 2006) ("We review *de novo* a dismissal under Rule 12(b)(6), and may consider documents referred to in the complaint or **any matter subject to judicial notice, such as SEC filings.**"); <u>In re Amarin Corp. PLC Sec. Litig.</u>, 2021 U.S. Dist. LEXIS 59840, *24 (D. N.J. March 29, 2021) ("Form 10-Qs are an SEC filing routinely subject to judicial notice in this Circuit."); <u>Mendoza v. HF Foods Grp., Inc.</u>, 2021 U.S. Dist. LEXIS 160982, *4 (C.D. Cal. Aug. 25 2021) ("the Court may properly take judicial notice of SEC filings as they are public disclosure documents required by law to be filed.").

These public SEC filings, subject to judicial notice, undermine Defendant's specious suggestion that they are not engaged in credit reporting activities governed by the FCRA and state law credit reporting regulations. SEC 10-K at 12-13 ("*Central Credit* is our gaming patron credit bureau service[.]); <u>Id.</u> ("Our gaming credit reports comprise information recorded from patron credit histories at hundreds of gaming operators."); <u>Id.</u> ("These operators then use that data, among other

1   things, to determine how much credit, if any, they will grant to a gaming patron."); Id. ("We typically

2   charge our customers for access to gaming patron credit reports on a monthly basis and our fees are

3   generally comprised of a fixed minimum amount plus per-transaction charges for certain requests.").

4

5   **_Third_**, the Motion repeatedly, falsely claims that Plaintiff's counsel conceded the complaint

6   doesn't state a claim. E.g., Dkt.20 at 6 ("Plaintiff's counsel conceded that the [complaint] does not

7   state a claim"). That's not true. Plaintiff's counsel never conceded that the operative pro se complaint

8   was deficient.

9

10   The best the undersigned can fathom is that Defendant's counsel insisted that the complaint

11   didn't meet Twombly/Iqbal in a general fashion. Plaintiff's counsel said, *even if* that were true,

12   amendment would still be appropriate. See Section IV, *infra*. Plaintiff's counsel, however, certainly

13   did not take the position that the *pro se*-drafted complaint was deficient–because Plaintiff's counsel

14   does not believe that to be true. Rather, Plaintiff's counsel think that Defendant's counsel

15   misunderstand, in self-interested fashion, what it takes to plead a federal claim and overreads

16   *Twombly / Iqbal*. Plaintiff's counsel thinks that Defense Counsel generally misreads the level of

17   factual allegation required to state a claim in federal court, overlooking the key distinction between a

18   12(b) motion and a 12(e) motion.

19   This series of falsehoods, upon which the Motion rests, also undermine the Motion.

20

21

22

23

24

25

26

27

28

### C.  15 U.S.C. § 1681s-2

Plaintiff does not intend to continue with a furnisher claims, so the furnisher claims can be dismissed—by being mooted with the amended complaint.

### D.  15 U.S.C. § 1681e/1681*i*

The Motions challenges to the remaining federal claims are misplaced.

*__First__*, the Motion argues that the complaint fails to allege that Defendant is CRA. Dkt.20 at 8-9. Yet, as discussed above, Defendant's are clearly a CRA and that information is subject to judicial notice. See Section, III.B, *supra*.

*__Second__*, the Motion argues that the Complaint's allegation that Defendant is a furnisher of information somehow precludes defendant from being a CRA. Dkt. 20 at 9 ("not a consumer reporting agency, but rather a 'furnisher of information'"). Yet, there's nothing mutually exclusive about being a furnisher and also being a CRA. Thus, thee complaint's allegation that Defendant is a furnisher does not entail that Defendant is not a CRA as the Motion erroneously argues.

*__Third__*, the Motion incorrectly argues that the complaint fails to allege falsehood of the information. Dkt. 20 at 10 ("how such reports were false or inaccurate"). However, the Complaint's factual allegation that Defendant "made false reports" that "Leavitt was in arrears and owed money" is a factual allegation that must be credited as true on this posture.  Dkt.1¶11; see, e.g., Forsberg, 2004 U.S. Dist. LEXIS 7622, at *13-14 ("Whether the notice given was 'false, deceptive, or misleading' is a factual question, which may not be determined in a motion to dismiss."); Theodore, 2022 U.S. Dist. LEXIS 243150, at *30 ("[A]t the pleading stage for whether a statement is false, a court is directed to accept well-pled allegations as true."); S.S. Trade Ass'n, 2023 U.S. Dist. LEXIS 128587, at *9 ("Since whether a statement is false or misleading is a question of fact, it is inappropriate to resolve such disputes on a motion to dismiss[.]").

DIGITAL JUSTICE FOUNDATION
15287 Pepperwood Drive, Omaha, NE 68154
(531) 210-2381

***Fourth***, the Motion claims incorrectly that the complaint fails to allege negligence. Yet, negligence can be inferred from allegations about the breadth of defendants distribution of the information. Dkt.1, ¶11; ¶15. See also, Section III.B., infra (discussing SEC report detailing scope of operations).   The standard of care is responsive to the scope and scale of Defendants' consumer reporting activities.   At this posture, inferences can be drawn from these factual allegations in favor of negligence.

***Fifth***, given the operative *pro se*-drafted complaint, the liberal construction of these factual allegations and inferences drawn from them undermines the Motion's arguments as to the federal claims.

Plaintiff's Opposition to Defendant's
Motion to Dismiss *Pro Se* Complaint

DIGITAL JUSTICE FOUNDATION
15287 Pepperwood Drive, Omaha, NE 68154
(531) 210-2381

### E.  WFCRA / WCPA

The Motion to Dismiss is also wrong regarding the complaint's WFCRA/WCPA state law claims.

*First*, the Motion to Dismiss says that WFCRA doesn't provide a private right of action. Dkt.20 at 11 ("WFCRA does not provide a private right of action.").  That's technically true, but confuses matters and is little more than a red herring, here.

Critically, pleading a violation of WFCRA constitutes a violation of the WCPA.  See e.g. Cain v. Trans Union LLC, 2006 U.S. Dist. LEXIS 25146, *17 (W.D. Wash. Feb. 9, 2006) ("RCW 19.182.150 explicitly makes a violation of the WFCRA a violation of the WCPA."); RCW 19.182.150 ("A violation of this chapter is an unfair or deceptive act in trade or commerce and an unfair method of competition for the purpose of applying the consumer protection act, Chapter 19.86 RCW."); Handlin v. On-Site Manager, Inc., 187 Wn. App. 841, 849 (2015) ("The Fair Credit Reporting Act is designed so that violations can be enforced as a consumer protection violation.").  And, the WCPA *does* provide a private right of action.  E.g., Peoples v. United Servs. Auto. Ass'n, 194 Wn.2d 771, 777 (2019) ("the legislature amended the [W]CPA to provide for a private right of action whereby individual citizens would be encouraged to bring suit to enforce the [act]."); Hangman Ridge Training Stables v. Safeco Title Ins. Co., 105 Wn.2d 778, 784 (1986) ("the State Legislature in 1970 amended the [W]CPA to provide for a private right of action whereby individual citizens would be encouraged to bring suit to enforce the [W]CPA."); RCW 19.86.090.

Thus, the *pro se* claim of a WFCRA violation *is* a WCPA violation, which in turn has a private right of action.

*Second*, the Motion to Dismiss argues that there are factual insufficiencies regarding the state law claims.  Dkt.20 at 11 ("does not plead sufficient facts"). However, as discussed above, regarding the federal claims, the Motion to Dismiss misconstrues these *factual* allegations as *legal* conclusions.

1  They are not pure legal conclusions.  Rather, they are factual allegations which must be taken

2  as true.  And, if Defendant wants _more_ details in the pleading, that's a Rule 12(e) motion for a more

3  definite statement, not a Rule 12(b) motion to dismiss, as discussed above.  <u>See</u> Section III.A, *supra*.

4  Regardless, leave to amend so as to plead additional factual allegations is proper given the motion to

5  dismiss *factual* insufficiency arguments regarding the pro-se drafted complaint.  <u>See</u> Section IV,

6  *infra*.

7

8  **_Third_**, the Motion to Dismiss argues that the Initial complaint fails to allege causation and

9  damage to business.  Dkt.20 at 11 ("must still sufficiently allege facts showing causation and damage

10  to business[.]").  Defendant simply fails to grasp Washington law.  The damage to business *is* the

11  falsehood in the credit report—and that falsehood is the caution of that harm to property.  <u>E.g.</u>,

12  <u>Handlin v. On-Site Manager, Inc.</u>, 187 Wn. App. 841, 844 (2015) (Becker, J.) ("The element of injury

13  to business or property in a consumer protection action is sufficiently pleaded when a consumer

14  reporting agency unlawfully withholds information from a person who is entitled to receive it.); <u>id.</u> at

15  850-851("violations of the Fair Credit Reporting Act deprived the Handlins of their right to obtain

16  information that has commercial utility for them [...] Their complaint sufficiently alleges that On-

17  Site's unfair trade practice caused them an actionable 'injury' to 'property' in the sense that those

18  terms are used in the Consumer Protection Act.").

19

20  **_Fourth_**, the Motion to Dismiss says that the complaint fails to state a WCPA claim.  Dkt.20

21  at 12.  Yet that's irrelevant because Plaintiff's complaint can still (and does) allege a *per se* WCPA

22  claim by virtue of the WFCRA claim.  <u>Cf.</u> <u>Genschorck v. Suttell & Hammer, P.S.</u>, 2013 U.S. Dist.

23  LEXIS 165826, *8 (E.D.W.A. Nov. 21, 2013) ("When a violation of debt collection regulations

24  occurs, it constitutes a per se violation of the CPA."); <u>Panag v. Farmers Ins. Co. of Wash.</u>, 166 Wn.2d

25  27, 43 (2009) ("per se violation of the CPA"); <u>Feldmann v. Lakeview Loan Servicing LLC</u>, 2021

18

U.S. Dist. LEXIS 80336, *16 (W.D. Wash. April 27, 2021) ("Washington courts have concluded that violations of Washington's Fair Credit Reporting Act constitute per se violations of the public interest element of the CPA.").

   ***Fifth***, the Motion to Dismiss raises unavailing preemption arguments.   Dkt.20 at 12 ("preempts any such claims."). Those preemption arguments would only apply to *furnisher* claims. The problem, for Defendant, is that there are no furnisher claims under Washington State law to be preempted.  As such, Defendant's  preemption arguments attack, not just a strawman, but a ghost.

**IV.   EVEN IF THE COURT WERE TO GRANT THE MOTION ON THE MERITS, LEAVE TO AMEND SHOULD STILL BE GRANTED TO AS THE *PRO SE* COMPLAINT.**

Even if this Court does not deem Defendant's motion to dismiss as moot or meritless, dismissal of the entire action is still not warranted.  In this Circuit, leave to amend should *still* be granted here because additional facts could address purported factual insufficiencies.  Ninth Circuit law makes clear that Plaintiff should be afforded an opportunity to allege additional facts addressing purported factual insufficiencies in the operative *pro se* complaint.

***First***, as an initial matter, leave to amend should be freely given.  E.g., Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 712 (9th Cir. 2001) ("Generally, Rule 15 advises the court that leave shall be freely given when justice so requires.  This policy is to be applied with extreme liberality.");  Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990) ("extreme liberality");  Foman v. Davis, 371 U.S. 178, 182 (1962) ("Rule 15 (a) declares that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded.");  MOORE'S FEDERAL PRACTICE - CIVIL § 15.14 (2024) ("A liberal, pro-amendment ethos dominates the intent and judicial construction of Rule 15(a)(2).").

***Second***, it is commonplace and ordinary practice in the Ninth Circuits for Plaintiffs to file motions to amend, after reviewing and in response to a motion to dismiss.  E.g., Umouyo v. Bank of Am. NA, 2022 U.S. Dist. LEXIS 120758, *1 (W.D. Wash. July 1, 2022) ("In the Ninth Circuit, the filing of an amended complaint supersedes the original complaint and renders it without legal effect. Courts **often** apply this rule to motions to dismiss a complaint that has since been superseded and deny such motions as moot.");  Bisson v. Bank of Am., N.A., 2012 U.S. Dist. LEXIS 165084, *3 (W.D. Wash. Nov. 16, 2012) ("Courts **often** apply this rule to motions to dismiss a complaint that has since been superseded and deny such motions as moot.") (collecting cases); id. ("The Amended Complaint appears to respond directly to many of the concerns raised by Defendants' motion to dismiss."); 6 Miller, Federal Practice and Procedure § 1476 (3d ed. 2012) ("[I]f the first complaint is

considered superseded by the amendment, the court is not required to dismiss the suit when a motion points to the weaknesses of the earlier pleading[.]"). The Motion's misunderstands that ordinary process contemplates a defendant filing a motion to dismiss *and then* Plaintiff amending to add allegations to address any purported factual deficiencies.

***Third***, indeed, *even* after a successful motion to dismiss, the Ninth Circuit's jurisprudence makes clear that amendment should still be permitted if additional factual allegations could cure any defects. After all, Ninth Circuit law makes clear that leave to amend should be granted if additional facts could address factual insufficiencies alleged in a motion to dismiss. See e.g. Harris v. Amgen, Inc., 573 F.3d 728, 737 (9th Cir. 2009) ("Dismissal without leave to amend is improper unless it is clear that "the complaint could not be saved by any amendment."); Id. At 731 ("We also conclude that the district court improperly denied Plaintiffs leave to amend their complaint to add more factual allegations where necessary[.]"); Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) ("Dismissal with prejudice and without leave to amend is not appropriate unless it is clear on de novo review that the complaint could not be saved by amendment."); Lee v. City of Los Angeles, 250 F.3d 668, 692 (9th Cir. 2001) ("Under our case law, dismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment."); Chappel v. Laboratory Corp. of Am., 232 F.3d 719, 723-724 (9th Cir. 2000) ("Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief."); Harmoni Int'l Spice, Inc. v. Hume, 914 F.3d 648, 654 (9th Cir. 2019) ("Because the complaint could potentially be saved by amendment, the district court should have granted Harmoni leave to amend."); Crescent Mine, LLC v. Bunker Hill Mining Corp., 2022 U.S. Dist. LEXIS 37432, *23 (D. Idaho March 2, 2022) ("the Court will grant leave to amend because Crescent has not adequately alleged its facts, but may cure such deficiencies through amendment."); Hardesty v. Sacramento Metro. Air Quality Mgmt. Dist.,

21

2012 U.S. Dist. LEXIS 44311, *8-9 (E.D.Cal. March 29, 2012) ("the Ninth Circuit's admonition that district courts should grant leave to amend when dismissing a case for failure to state a claim, unless the court determines that the pleading could not possibly be cured by the allegations of other facts."); 3 Moore's Federal Practice - Civil § 15.14 (2024) ("two circuits have ruled that a district court must, before dismissing for failure to state a claim, grant leave to amend, and must do so even if no request to amend the pleading was made.") (discussing approach adopted by the Ninth and Third Circuits).

_**Fourth**_, that's especially so where, as here, a motion to address is alleging factual insufficiencies in a **pro-se drafted** complaint.  See, e.g., Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir. 1992) ("before dismissing a pro se complaint the district court must provide the litigant with notice of the deficiencies in his complaint in order to ensure that the litigant uses the opportunity to amend effectively."); Krier v. Ray, 341 F. App'x 295, 297 (9th Cir. July 9, 2009) ("Before a district court may dismiss a _pro se_ complaint for failure to state a claim, the court must provide the _pro se_ litigant with notice of the deficiencies of his or her complaint and an opportunity to amend the complaint prior to dismissal."); Hundley v. Aranas, 2023 U.S. App. LEXIS 731, *4-5 (9th Cir. Jan. 12, 2023) ("it is not 'absolutely clear' that an amendment would not cure the deficiencies in her handwritten pro se complaint. **This is especially true because Hundley is now represented by counsel**."); Chiu v. Iu Mien Church, 2023 U.S. Dist. LEXIS 226835, *2 (E.D. Ca. Dec. 20, 2023) ("A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend unless the complaint's deficiencies cannot be cured by amendment."); Menjivar v. JVCKenwood USA Holdings, Inc., 2024 U.S. Dist. LEXIS 71349, *5 (C.D. Cal. April 17, 2024) ("Before dismissing a pro se complaint the district court must provide the litigant with notice of the deficiencies in his complaint in order to ensure that the litigant uses the opportunity to amend effectively.").

* * * * *

Here, additional facts could address the perceived or alleged factual insufficiencies raised by Defendant's Motion to Dismiss.   Defendant's Motion harps on a series of supposed *factual* insufficiencies in th pro-se drafted complaint.  See, e.g., Dkt.20 at 1 ("Factual content"); Dkt.20 at 2 ("without providing any additional facts"); Dkt. 20 at 5 ("well pleaded facts"); Dkt. 20 at 7 ("fails to plead facts"); Dkt. 20 at 8 ("fails to allege any facts"); Dkt. 20 at 9 ("fall to allege facts").   Under Ninth Circuit jurisprudence, amendment should be permitted to afford Plaintiff the opportunity to allege additional facts to address the purported factual deficiencies identified in the Motion. And, under Ninth Circuit jurisprudence, a pro-se drafted complaint should be afforded the opportunity to be cured by amendment.   That's **especially true because [Mr. Leavitt] is now represented by counsel**."  E.g., Hundley v. Aranas, 2023 U.S. App. LEXIS 731, *4-5 (9th Cir. Jan. 12, 2023).

As such, *even if* Defendant's were to prevail on their motion to dismiss the pro-se drafted complaint, leave to amend should still be granted because additional facts (pleaded by Mr. Leavitt's since-retained non-profit counsel) could address these alleged factual insufficiencies.

1

## CONCLUSION

2       For the foregoing reasons, the motion to dismiss should be denied as moot, stricken for failure

3   to comply with meet and confer, denied on the merits, or, in the alternative, leave should be granted

4   to amend.

5

6   Date: June 25, 2024                Respectfully submitted,

7                                **DIGITAL JUSTICE FOUNDATION**

A Nonprofit, Public-Interest Law Firm

8

9                             By */s/ Andrew Grimm*

Andrew Grimm (WSBA No. 51486)

10                               Digital Justice Foundation

15287 Pepperwood Drive

11                               Omaha, Nebraska 68154

(531) 210-2381

12                               Andrew@DigitalJusticeFoundation.org

13                               *Attorney for Plaintiff*

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## CERTIFICATE OF COMPLIANCE

2

I hereby certify that this filing contains **6,179** words of argument.

3

4

Dated: June 25, 2024                    Respectfully submitted,

5

                                        */s/ Andrew Grimm*

6                                        Andrew Grimm

7

8

## CERTIFICATE OF SERVICE

9

I hereby certify that I served the foregoing via CM/ECF.

10

11

Dated: June 25, 2024                    Respectfully submitted,

12

                                        */s/ Andrew Grimm*

13                                        Andrew Grimm

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Plaintiff's Opposition to Defendant's
Motion to Dismiss *Pro Se* Complaint

DIGITAL JUSTICE FOUNDATION
15287 Pepperwood Drive, Omaha, NE 68154
(531) 210-2381