The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ABRAHAM LEAVITT,

                 Plaintiff,

v.

CENTRAL CREDIT, LLC,

                 Defendant.

NO. 2:23-cv-01817-RAJ

DEFENDANT CENTRAL CREDIT'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

NOTED ON MOTION CALENDAR: JULY 8, 2024

## I.   INTRODUCTION

Plaintiff first raised the prospect of filing a further amended complaint in this action on March 25, 2024. *See* Dkt. #21-3. The parties met and conferred about the proposed amendment, and Defendant Central Credit provided Plaintiff with evidence and legal authority as to why the proposed amended complaint would be futile. *See id.* Nevertheless, Plaintiff refused to meet and confer further regarding the proposed amendment before Central Credit's deadline to respond to the FAC, thus requiring Central Credit to prepare and file its motion to dismiss. Dkt. #21-5.

Now, having forced Central Credit to brief a motion to dismiss, Plaintiff belatedly claims in his opposition that he will in fact seek to file a further amended complaint, and that when filed it will moot Central Credit's motion to dismiss. *See* Dkt. #25 at 5-7. The initial complaint

DEFENDANT CENTRAL CREDIT'S REPLY ISO MOTION TO DISMISS FIRST AMENDED COMPLAINT - 1
Case No. 2:23-cv-01817-RAJ

**GORDON REES SCULLY MANSUKHANI, LLP**
701 Fifth Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

was already amended once by stipulation of the parties to replace an improperly named defendant with Central Credit, LLC. *See* Dkt. #15. Any leave to amend at this point may only be granted by the Court upon a showing of good cause. *See* Fed. R. Civ. P. 15(a)(2). As of the date of this filing, Plaintiff still has not sought leave to amend. Although Central Credit has not been able to review the purported new proposed amended complaint, based on the prior meet and confer discussions with counsel Central Credit submits that the amendments Plaintiff has indicated he will make to the complaint will be unavailing and futile.

In the meantime, the operative FAC is plainly deficient for the reasons set forth in Central Credit's motion to dismiss, most significantly because of Plaintiff's failure to allege sufficient facts to state any of his claims. *See Iqbal*, 556 U.S. at 678 (holding that mere "labels and conclusions," "naked assertions devoid of further factual enhancement," and "formulaic recitation[s] of the elements of a cause of action" are insufficient to state a claim) (cleaned up). Each of Plaintiff's arguments opposing the motion lack merit. For example, Plaintiff attempts to distract from the FAC's deficiencies by claiming Central Credit did not sufficiently meet and confer before moving to dismiss. *See* Dkt. #25 at 8-10. But the parties met and conferred *extensively*, and the only reason they did not meet and confer further is because Plaintiff's counsel refused to respond to Central Credit's further meet and confer attempts. *See, e.g.*, Dkt. #21-5. Moreover, to the extent Plaintiff claims that purported facts and evidence outside the pleadings somehow save Plaintiff's claims (*see* Dkt. #25 at 12-14), they do not. The Court's review on a motion to dismiss is generally limited to the face of the FAC, and it is not proper for the Court to assume that "the [Plaintiff] can prove facts which [he or she] has not alleged." *Ass'n. Gen. Con. of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). This is true even for a *pro se* Plaintiff. *See, e.g.*, *Copeland v. City of Camas*, No. C19-5935-BHS-MLP, 2019 WL 7811332, at *1 (W.D. Wash. Dec. 6, 2019), report and recommendation adopted, No. C19-5935 BHS, 2020 WL 488644 (W.D. Wash. Jan. 30, 2020) ("Although

DEFENDANT CENTRAL CREDIT'S REPLY ISO
MOTION TO DISMISS FIRST AMENDED
COMPLAINT - 2
Case No. 2:23-cv-01817-RAJ

**GORDON REES SCULLY MANSUKHANI, LLP**
701 Fifth Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

Plaintiff's pro se pleadings are held to a less stringent standard than formal pleadings drafted by lawyers, he still must meet the requirements of the rules."). Nor can Plaintiff save the FAC by attempting to rewrite Central Credit's Rule 12(b)(6) motion as a motion for more definite statement under Rule 12(e).

In short, because Plaintiff fails to support his claims against Central Credit with sufficient factual allegations, his claims must be dismissed. Any amendment would be futile for the reasons set forth in this reply, and in Central Credit's motion to dismiss. Moreover, because the complaint has already been amended once, and Plaintiff unduly delayed for months in seeking leave to file a further amended complaint—which Plaintiff still has not done as of the date of this filing—at great additional cost to Central Credit, dismissal should come with prejudice.

### A.  Central Credit Anticipates Opposing Amendment

Plaintiff claims that he intends to move for leave to file a further amended complaint.[1] Dkt. #25 at 5-7. Plaintiff's counsel first indicated Plaintiff's intent to file a further amended complaint during a meet and confer call on March 25, 2024. *See* Dkt. #21-3. Central Credit's counsel argued on that call and in subsequent correspondence why any such amended complaint, as described by Plaintiff's counsel, would be meritless. *See id.* Following this, Central Credit tried for months to get Plaintiff to respond to Central Credit's contentions, and to confirm whether Plaintiff would in fact be seeking to further amend the complaint so Central Credit would not unnecessarily incur the cost of having to move to dismiss the operative complaint. *See, e.g.*, Dkt. #21-5. Unfortunately, Plaintiff's counsel refused to meet and confer further on

---

[1] As set forth in Defendant's motion, any further amended complaint would be a "second amended complaint," as the Court already granted the parties' stipulation to remove Everi Holdings, Inc. as a defendant and instead substitute in Defendant Central Credit LLC. *See* Dkt. #15. While it now seems Plaintiff disputes whether this constituted an "amendment," Defendant will reserve further argument on this issue in opposing any future motion for leave to amend.

DEFENDANT CENTRAL CREDIT'S REPLY ISO
MOTION TO DISMISS FIRST AMENDED
COMPLAINT - 3
Case No. 2:23-cv-01817-RAJ

**GORDON REES SCULLY MANSUKHANI, LLP**
701 Fifth Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

this issue, or to give any indication as to whether Plaintiff would seek lave to amend, thus necessitating this motion to dismiss. *See id.*

It has now been over three months since Plaintiff first raised the prospect of a further amended complaint. As of the time of this reply brief, Plaintiff still has not filed any request for leave to amend. After ignoring Central Credit's meet and confer efforts on this issue for months, the parties recently met and conferred by telephone shortly before Plaintiff filed the instant opposition brief. During that conversation, among other things, Central Credit's counsel requested to review a draft of the proposed amendment for further consideration, but Plaintiff's counsel declined as the amendment had not yet been drafted. Should Plaintiff indeed seek leave to amend in the future, Central Credit anticipates opposing for the reasons set forth in its motion to dismiss, and for the reasons discussed with counsel during the parties' months-long meet and confer efforts, but reserves the right to further challenge Plaintiff's proposed amendment on any other applicable grounds after reviewing the proposed amendment. In the meantime, Central Credit's motion to dismiss is now fully briefed and ripe for decision by the Court.

**B.     The Parties Met and Conferred Extensively Prior to the Motion**

Attempting to distract from the merits of Central Credit's motion to dismiss, Plaintiff argues at length that the parties' meet and confer efforts were somehow lacking. *See* Dkt. #25 at 8-9. They were not. Counsel for the parties met and conferred extensively regarding the merits and Central Credit's anticipated motion to dismiss, including two lengthy phone calls and numerous emails. *See* Dkt. #21 at ¶¶ 2-7, #21-1 - #21-5. As discussed in those phone calls, and memorialized in correspondence, Central Credit's position has always been that not only does the FAC not state any claim against Central Credit, but the FAC also completely fails on the merits as no information reported by Central Credit was inaccurate based on its reasonable investigation. *See* Dkt. #21-2, #21-3. Although Central Credit was actively attempting to meet and confer with Plaintiff further prior to moving to dismiss, Plaintiff's counsel ignored Central

DEFENDANT CENTRAL CREDIT'S REPLY ISO
MOTION TO DISMISS FIRST AMENDED
COMPLAINT - 4
Case No. 2:23-cv-01817-RAJ

**GORDON REES SCULLY
MANSUKHANI, LLP**
701 Fifth Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

Credit's attempts and instead refused to respond, thus requiring Central Credit to file the instant motion. *See* Dkt. #21-5 ("You [Plaintiff's counsel] have not provided any substantive response to the meet and confer email I [Central Credit's counsel] sent on March 28, or to any of my subsequent attempts to meet and confer to ascertain whether Plaintiff will be dismissing the operative complaint for the reasons we have discussed or if Plaintiff will be proceeding with an amended complaint."). To the extent Plaintiff now claims in unsupported argument those meet and confer efforts were somehow deficient, the evidence plainly demonstrates otherwise.

In short, Central Credit's meet and confer efforts complied with both the spirit and the letter of the Court's Chambers Procedures. If there was any deficiency in the meet and confer process, it is only because Plaintiff's counsel refused to respond to Central Credit's counsel's emails or to meet and confer further prior to the deadline for Central Credit to move for dismissal. Plaintiff cannot refuse to participate in the meet and confer process and then use that as a basis to oppose Central Credit's motion to dismiss—especially where, as here, the FAC is plainly deficient on its face.

### C.   Central Credit Applied the Correct Rule 12 Standard

Plaintiff appears to suggest Central Credit has somehow applied the incorrect pleading standard, and that Central Credit s' Rule 12(b)(6) motion should really be construed as a Rule 12(e) motion for a more definite statement. Dkt. #25 at 10-11. This is incorrect. Central Credit filed a Rule 12(b)(6) motion to dismiss and both cited and applied the correct standard in its motion. As set forth in Central Credit's motion, a court construes the facts alleged "in the light most favorable to the" non-moving party *only* if those facts are "well-pleaded." *Irving Firemen's Relief & Ret. Fund v. Uber Techs.*, 998 F.3d 397, 403 (9th Cir. 2021). Mere "labels and conclusions," "naked assertions devoid of further factual enhancement," and "formulaic recitation[s] of the elements of a cause of action" are insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). Moreover, it is not proper for the Court to assume "the [Plaintiff]

DEFENDANT CENTRAL CREDIT'S REPLY ISO
MOTION TO DISMISS FIRST AMENDED
COMPLAINT - 5
Case No. 2:23-cv-01817-RAJ

**GORDON REES SCULLY MANSUKHANI, LLP**
701 Fifth Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

can prove facts which [he or she] has not alleged." *Ass'n. Gen. Con. of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

As set forth in Central Credit's motion, the FAC is nearly devoid of any well-pleaded factual content, and in any event fails to include sufficient factual allegations to state the elements of Plaintiff's purported claims. Accordingly, dismissal is appropriate.

### D.     Central Credit's Motion is Accurate

In his opposition, Plaintiff discusses at length a series of purported "falsehoods" that have nothing to do with the actual allegations pleaded in the FAC. *See* Dkt. #25 at 12-14. All of Plaintiff's arguments relate to factual claims outside the four corners of the FAC, and thus are inappropriate for consideration on a motion to dismiss and should be rejected for that reason alone. *See Ass'n. Gen. Con. of Cal., Inc.*, 459 U.S. at 526. Regardless, Central Credit addresses each of Plaintiff's contentions in turn.

***First***, Central Credit had reason to believe Plaintiff was an attorney, including based on the volume of other litigation previously filed by Plaintiff in various jurisdictions. Central Credit discussed this during the parties' meet and confers and memorialized its understanding in correspondence to Plaintiff's counsel. *See, e.g.*, Dkt. #21-3 ("As you know, Mr. Leavitt is an attorney and has filed numerous other FCRA cases and disputes and is therefore very familiar with the FCRA and his rights thereunder."). Plaintiff's counsel never disputed this understanding until its opposition. Nevertheless, whether Plaintiff is an attorney is irrelevant to Central Credit's motion to dismiss as all plaintiffs must nonetheless fully comply with the Federal Rules of Civil Procedure and the local rules of this Court, even if the complaint was filed *pro se*. *See, e.g.*, *Copeland v. City of Camas*, No. C19-5935-BHS-MLP, 2019 WL 7811332, at *1 (W.D. Wash. Dec. 6, 2019), report and recommendation adopted, No. C19-5935 BHS, 2020 WL 488644 (W.D. Wash. Jan. 30, 2020) ("Although Plaintiff's pro se pleadings are held

DEFENDANT CENTRAL CREDIT'S REPLY ISO
MOTION TO DISMISS FIRST AMENDED
COMPLAINT - 6
Case No. 2:23-cv-01817-RAJ

**GORDON REES SCULLY MANSUKHANI, LLP**
701 Fifth Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

to a less stringent standard than formal pleadings drafted by lawyers, he still must meet the requirements of the rules.").

***Second***, the FAC affirmatively alleges that Central Credit is a credit furnisher, not a credit reporting agency, and does not allege any facts that could otherwise indicate Central Credit was instead acting as a credit reporting agency here.[2] *See* Dkt. #20 at 8-10. Even if he had, the FAC would still fail for the reasons identified in Central Credit's motion. *See Id.* at 9-11.

***Third***, Central Credit's motion and accompanying declaration accurately set forth the representations by Plaintiff's counsel during meet and confer efforts that "the FAC did not state an actionable claim against Central Credit ***as currently pleaded***." *See* Dkt. #21 (emphasis added). This is supported by the fact that during the meet and confer process Plaintiff's counsel quickly shifted from discussions about the operative complaint to a proposed further amended complaint (*see* Dkt. #21-3). It is also memorialized in multiple of Central Credit's counsel's emails (*see* Dkt. #21-3, 21-5), which Plaintiff never disputed until his opposition.[3] The only real question is why Plaintiff's counsel refused to meet and confer with Central Credit on the issue of an amendment and has instead waited so long to seek leave to amend if that is indeed Plaintiff's preferred course of action.

E.  **The FAC Fails To State A Claim under 15 U.S.C. § 1681s-2(b)**

Plaintiff tacitly concedes that the FAC fails to state a claim under 15 U.S.C. § 1681s-2(b) by not opposing Central Credit's arguments and instead merely responding that "Plaintiff does not intend to continue with a furnisher claims, so the furnisher claims can be dismissed . . . ." Dkt. #25 at 15. Accordingly, the Court should dismiss this claim with prejudice.

---

[2] Plaintiff's citation in the Opposition to SEC filings, for which Plaintiff has not moved for judicial notice, are irrelevant as to whether Defendant is properly alleged to have been acting as a credit reporting agency in connection with Plaintiff's claims. *See* Dkt. #25 at 13-14.

[3] At one point Plaintiff's counsel indicated that he disputed one of Central Credit's meet and confer emails, but without specifying what was supposedly incorrect. *See* Dkt. #21-4.

DEFENDANT CENTRAL CREDIT'S REPLY ISO
MOTION TO DISMISS FIRST AMENDED
COMPLAINT - 7
Case No. 2:23-cv-01817-RAJ

**GORDON REES SCULLY MANSUKHANI, LLP**
701 Fifth Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

### F. The FAC Fails To State A Claim under 15 U.S.C. § 1681e(b) or § 1681i

Plaintiff's claims against Central Credit for purported violations of the FCRA as a consumer reporting agency under 15 U.S.C. Section 1681e(b) ("Accuracy of Report") and Section 1681i ("Procedure in Case of a Disputed Accuracy") fail for the reasons set forth in Central Credit's motion. *See* Dkt. #20 at 8-11. Plaintiff's four contentions as to why "[t]he motions [*sic*] challenges to the remaining federal claims are misplaced" (Dkt. #25 at 15) fail to address all of Central Credit's arguments as to why Plaintiff has failed to properly state each required element of these claims. For example, Plaintiff does not respond to Central Credit's arguments that Plaintiff fails to allege any facts showing that Central Credit failed to "follow reasonable procedures" when investigating (15 U.S.C. § 1681e(b)), failed to "conduct a reasonable reinvestigation" (15 U.S.C. § 1681i(a)(1)), what information Plaintiff supposedly submitted to Central Credit (15 U.S.C. § 1681i(a)(4)) or that a reinvestigation by Central Credit found an item of information disputed by Plaintiff was "inaccurate or incomplete or cannot be verified." 15 U.S.C. § 1681i(a)(5).

While these defects are fatal because they are all required elements of Plaintiff's claims, Credit Central nevertheless briefly responds to Plaintiff's four contentions in turn. Dkt. #25 at 10, 15-16.

*First*, Plaintiff tacitly concedes that the FAC fails to allege that Central Credit is a credit reporting agency. *See* Dkt. #25 at 15:7-10. That Plaintiff is relying on documents outside of the FAC to try and show that Central Credit is a credit reporting agency (*see id.*) proves the point: there is no such allegation in the FAC. Accordingly, dismissal is appropriate. *See* Dkt. #20 at 8-9.

*Second*, Central Credit never claimed that a business cannot be both a furnisher of credit information and a credit reporting agency. However, the FAC unambiguously asserts that Central Credit is a credit furnisher only. *See* FAC ¶ 5. Thus, as pleaded, dismissal is appropriate.

DEFENDANT CENTRAL CREDIT'S REPLY ISO
MOTION TO DISMISS FIRST AMENDED
COMPLAINT - 8
Case No. 2:23-cv-01817-RAJ

**GORDON REES SCULLY MANSUKHANI, LLP**
701 Fifth Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

***Third***, the FAC fails to adequately allege any false reports about Plaintiff. *See* Dkt. #20 at 10. To the extent Plaintiff contends that a conclusory allegation that something is false is "not a legal conclusion and that's well-settled" (Dkt. #25 at 10), Plaintiff is incorrect and relies on inapposite case law.

For example, the statement Plaintiff cherry-picks from *Foresberg v. Fid. Nat. Credit Servs., Ltd.*, was made in the context of a purported violation of California Civil Code section 1785.26 and the Fair Debt Collection Practices Act ("FDCPA") relating to the plaintiff's claim that a statutorily required notice in a debt collection letter "was less specific than that spelled out in the statute." 2004 WL 3510771, at *4-5 (S.D. Cal. Feb. 26, 2004). The court's determination in that context that "[w]hether the notice given was 'false, deceptive, or misleading' is a factual question, which may not be determined in a motion to dismiss" is simply irrelevant here. *Id.* at *5. Moreover, the authority relied on by the *Foresberg* court for this proposition is a 1997 Fifth Circuit case involving the review of a summary judgment order under the FDCPA, and also has nothing to do with Plaintiff's claims here. *See Taylor v. Perrin, Landry, deLaunay & Durand*, 103 F.3d 1232 (5th Cir. 1997). And even in that case, the court noted that the plaintiff there had alleged detailed *facts* regarding the purported false statement at issue. *See id.* at 1236 ("Taylor filed a complaint, alleging that USI sent the deceptive form letter indicating that Durand and his law firm were assisting USI in collecting the debt, but that in fact Durand had not performed the minimal tasks required of an attorney acting as an attorney, such as reviewing Taylor's file, determining the merits of the claim, or reviewing and sending the particular letter . . . ."). This is not the case here.

Similarly, *Theodore v. Purecycle Techs., Inc.*, No. 6:21-CV-809-PGB-GJK, 2022 WL 20157415 (M.D. Fla. Aug. 4, 2022) involved claims of fraud under Section 10(b) of the Securities Exchange Act of 1934 and the Securities and Exchange Commission's Rule 10b-5. There, the plaintiff relied on a research report from a short seller (the "Hindenberg Report") in

DEFENDANT CENTRAL CREDIT'S REPLY ISO
MOTION TO DISMISS FIRST AMENDED
COMPLAINT - 9
Case No. 2:23-cv-01817-RAJ

**GORDON REES SCULLY MANSUKHANI, LLP**
701 Fifth Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

its complaint to support its securities claims. *See id.* at 1-2. On a motion to dismiss, the defendants claimed the report was untrue, but the court determined this was a factual issue not amenable to resolution on a motion to dismiss. *See id.* at *11. This is plainly not the case here. The *Theodore* plaintiffs provided detail factual allegations supporting their claims of falsity, including the entire Hindenberg Report. Here, Plaintiff alleges no facts supporting his conclusory allegations that anything false was reported about him. Thus, dismissal is appropriate.

Plaintiff's other cited case, *Steamship Trade Ass'n of Baltimore-Int'l Longshoreman's Ass'n Pension Fund v. Olo Inc.*, No. 22-CV-8228 (JSR), 2023 WL 4744197, at *4 (S.D.N.Y. July 25, 2023), also involved securities claims, and is similarly inapplicable. There, the plaintiffs alleged specifically what statements were supposedly inaccurate, and even supported their allegations "with corroboration from confidential witnesses." *Id.* at *4. Here, by contrast, Plaintiff does not even identify what debts the FAC is referring to, what casinos held the debts, what Central Credit supposedly reported about the debts, how such reports were false or inaccurate, and how the supposedly inaccurate reporting was the result of an unreasonable procedure of Central Credit. *See* Dkt. #20 at 10. Accordingly, dismissal is required.

***Fourth***, as Plaintiff tacitly admits, the FAC does not allege negligence by claiming negligence can nonetheless be "inferred" from the FAC. *See* Dkt. #25 at 16. Yet Plaintiff does not explain how this is so other than a stray reference to an SEC report which is not attached to or even referenced in the FAC. There are no well-pleaded allegations of negligence.

***Fifth***, Plaintiff provides no authority for his claim that a *pro se* plaintiff does not have to allege well-pleaded facts supporting each of his claims. *Pro se* or not, Plaintiff is required to follow the rules. *See, e.g.*, *Copeland*, 2019 WL 7811332, at *1. This is especially true here as Plaintiff retained counsel shortly after filing the initial complaint, has already amended the complaint once with the assistance of counsel to substitute in the proper defendant, and has since

DEFENDANT CENTRAL CREDIT'S REPLY ISO
MOTION TO DISMISS FIRST AMENDED
COMPLAINT - 10
Case No. 2:23-cv-01817-RAJ

**GORDON REES SCULLY MANSUKHANI, LLP**
701 Fifth Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

had ample opportunity over the last several months to seek further leave to amend after Central Credit's counsel alerted Plaintiff's counsel to the FAC's many substantive deficiencies. Thus, Plaintiff should not be permitted to rely on his *pro se* status in filing the initial complaint as grounds to oppose Central Credit's motion to dismiss or to seek further leave to amend.

For all these reasons, the Court should dismiss these claims with prejudice.

### G.  **Plaintiff's WFCRA and WCPA Claims Fail**

Contrary to Plaintiff's assertions, Central Credit's motion accurately states the law regarding WFCRA and WCPA claims. *See* Dkt. #20 at 11-12. Plaintiff tacitly concedes that, absent a *per se* violation of the WCPA, the FAC does not state a claim. *See* Dkt. #25 at 18-19. Plaintiff also concedes that the FAC does not attempt to plead any state law claims against Central Credit as a purported furnisher of information to credit reporting agencies. *See Id.* at 19. As set forth above, Plaintiff does not allege sufficient facts to state any of his purported claims.

To the extent Plaintiff argues that the FAC nevertheless states a claim for a *per se* violation of the WCPA, Plaintiff does not plead sufficient facts for the Court to infer Central Credit violated the WFCRA for the same reasons set forth above in relation to Plaintiff's FCRA claims. Dkt. #20 at 11. Nor does Plaintiff sufficiently allege facts showing causation and damage to business or property. *Id.* at 11. Plaintiff's cited case, *Handlin v. On-Site Manager Inc.*, 187 Wash. App. 841 (2015), is inapposite because the claims in that case involved violations arising from improperly withheld credit information, and thus alleging that the information was improperly withheld was itself sufficient to state a claim. *See Handlin* at 850-51 ("The Handlins had a right to use and possess information in On-Site's files. On-Site's alleged violations of the Fair Credit Reporting Act deprived the Handlins of their right to obtain information that has commercial utility for them."). Plaintiff here instead alleges that Central Credit falsely reported information about him, but never alleges facts as to what the allegedly false information was or how the information was false. Accordingly, dismissal on this ground is appropriate.

DEFENDANT CENTRAL CREDIT'S REPLY ISO
MOTION TO DISMISS FIRST AMENDED
COMPLAINT - 11
Case No. 2:23-cv-01817-RAJ

GORDON REES SCULLY
MANSUKHANI, LLP
701 Fifth Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

### H. The FAC Should Be Dismissed With Prejudice

The FAC should be dismissed with prejudice. "The court considers five factors in assessing the propriety of leave to amend—bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011). Central Credit submits that all five factors are present here and militate against leave to amend. Plaintiff has unduly delayed seeking leave to amend. Plaintiff first raised the prospect of a further amended complaint on March 25, 2025. *See* Dkt. #21-3. The parties met and conferred extensively on the proposed further amendment. *See* Dkt. #21-3, 21-5. Plaintiff could have filed a motion for leave to amend at any time over the past three months without the need for costly and unnecessary motion practice, but Plaintiff chose not to seek leave to amend and to oppose Central Credit's motion to dismiss instead. Any proposed amendment would be futile for the reasons set forth in this reply, and in Central Credit's motion to dismiss. Additionally, Plaintiff has already amended the complaint once when Central Credit agreed to be swapped in as a defendant instead of Everi Holdings Inc., which was not a proper party. *See Ecological Rts. Found. v. Pac. Gas & Elec. Co.*, 713 F.3d 502, 520 (9th Cir. 2013) ("Although a district court 'should freely give leave [to amend] when justice so requires,' the court's discretion to deny such leave is 'particularly broad' where the plaintiff has previously amended its complaint.'") (internal citations omitted). Accordingly, dismissal with prejudice is appropriate here.

## II. CONCLUSION

For the reasons set forth above, Central Credit respectfully requests that the Court dismiss the FAC in its entirety with prejudice.

I certify that this memorandum contains 3,998 words, in compliance with the Local Civil Rules.

DEFENDANT CENTRAL CREDIT'S REPLY ISO
MOTION TO DISMISS FIRST AMENDED
COMPLAINT - 12
Case No. 2:23-cv-01817-RAJ

**GORDON REES SCULLY MANSUKHANI, LLP**
701 Fifth Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

| | |
|---|---|
| Dated: July 1, 2024 | GORDON REES SCULLY MANSUKHANI, LLP |
| | By: *s/Shannon L. Wodnik*<br>Shannon L. Wodnik, WSBA #44998<br>*Attorneys for Defendant Central Credit, LLC*<br>Gordon Rees Scully Mansukhani, LLP<br>701 Fifth Avenue, Suite 2100<br>Seattle, WA 98104<br>Phone: (206) 695-5100<br>Fax: (206) 689-2822<br>Email: swodnik@grsm.com |
| | GLASER WEIL FINK HOWARD JORDAN & SHAPIRO LLP<br>Elizabeth Sperling (*Pro Hac Vice*)<br>Alexander Miller (*Pro Hac Vice*)<br>GLASER WEIL FINK HOWARD JORDAN & SHAPIRO LLP<br>600 West Broadway, Suite 2150<br>San Diego, CA 92101<br>Phone: (619) 765-4380<br>Email: esperling@glaserweil.com<br>          amiller@glaserweil.com |
| | *Attorneys for Defendant Central Credit, LLC* |

DEFENDANT CENTRAL CREDIT'S REPLY ISO MOTION TO DISMISS FIRST AMENDED COMPLAINT - 13
Case No. 2:23-cv-01817-RAJ

**GORDON REES SCULLY MANSUKHANI, LLP**
701 Fifth Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822