HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ABRAHAM LEAVITT,

    Plaintiff,

  v.

CREDIT CENTRAL, LLC,

    Defendant.

Case No. 23-cv-01817-RAJ

**ORDER**

## I.  INTRODUCTION

THIS MATTER comes before the Court Defendant's Motion to Dismiss. Dkt. # 20. The Court **GRANTS** the motion and DISMISSES Count I of the Complaint with prejudice. The Court DISMISSES Counts II-IV of the Complaint without prejudice and with leave to amend.

ORDER – 1

## II.     BACKGROUND

On November 11, 2023, Plaintiff Abraham Leavitt, representing himself *pro se*, filed this action against Everi Holdings. Dkt. # 1. The Complaint asserts four causes of action: 1) violation of Fair Credit Report Act ("FCRA") § 1681s-2(b); 2) violation of FCRA §§ 1681e(b) and 1681i; 3) violation of the Washington State Fair Credit Reporting Act ("WFCRA"); and 4) violation of the Washington State Consumer Protection Act ("WCPA"). *See id*. ¶¶ 25–40.

The Complaint alleges that in October 2023, Defendant made "false reports and swaths of alerts" that Plaintiff "owed money to two casinos located in the Bahamas" and disseminated this information to "the entire casino community," including MGM Casino Properties, Station Casino Properties, and Caesars Entertainment Properties. Dkt. # 1 ¶ 11. On October 28, 2023, Plaintiff notified Defendant of the false reports and advised them to stop these reports. *Id*. ¶ 12. On November 2, 2023, Defendant acknowledged Plaintiff's email disputing the allegation and reports. *Id*. ¶ 13. Plaintiff alleges that the information is false and resulted in his credit lines to be suspended at MGM properties, the Venetian, Caesars Entertainment, and other casinos. *Id*. ¶¶ 14–15.

As of January 10, 2024, Plaintiff is no longer proceeding *pro se* and has obtained counsel to represent him in this matter. Dkt. # 5. On March 7, 2024, the Court granted the parties' joint dismissal and stipulation of Defendant Everi Holdings. Dkt. # 15. The stipulation provided that: "[A]ll references to 'Defendant Everi Holdings Inc.,' 'Everi,' or 'defendant' in the initial complaint shall be deemed references to Central Credit LLC." *Id*. The Court terminated and vacated the FRCP 26(f) conference, initial disclosures, and joint status report requirements pending the Court's ruling on the then-forthcoming motion to dismiss. Dkt. # 16. On May 27, 2024, Defendants filed a motion to dismiss, which the Court considers below. Dkt. # 20.

ORDER – 2

### III.   LEGAL STANDARDS

#### A.   Motion to Dismiss

Federal Rule of Civil Procedure 8(a)(2) instructs that a complaint must contain a "short and plain statement of the claim showing that the [complainant] is entitled to relief." Although a pleading challenged by a Rule 12(b)(6) motion to dismiss need not provide detailed factual allegations, it must offer "more than labels and conclusions" and contain more than a "formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A pleading may be lacking for one of two reasons: (i) absence of a cognizable legal theory, or (ii) insufficient facts to support a cognizable legal claim.  *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984). The question for the Court is whether the facts in the pleading sufficiently state a "plausible" ground for relief.  *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 677–78.  It is not enough for a complaint to "plead[ ] facts that are 'merely consistent with' a defendant's liability." *Id*. at 678 (quoting *Twombly*, 550 U.S. at 557).  If the Court dismisses a pleading or portions thereof, it must consider whether to grant leave to amend. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000); *see* Fed. R. Civ. P. 15(a)(2) (leave to amend should be "freely" given "when justice so requires").

#### B.   Leave to Amend

Even where a plaintiff has not filed a motion asking for leave to amend, a court should grant leave to amend *sua sponte* unless the court determines that the pleading could not be cured by the allegation of other facts.  *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 926 (9th Cir. 2012) (en banc); *see also* Fed. R. Civ. P. 15(a)(2) (providing that courts should "freely give leave [to amend] when justice so requires").  In other words, leave to amend should be denied if amendment would be futile.  *See Airs Aromatics, LLC v. Op. Victoria's Secret Stores Brand Mgmt., Inc.*, 744 F.3d 595, 600 (9th Cir. 2014).  Amendment is futile

ORDER – 3

when a plaintiff's claims are based on threadbare allegations and legal conclusions, the plaintiff fails to rebut any of the defendant's arguments in the motion to dismiss, and there is an applicable defense to the claim plaintiff alleges. *See Aguiar v. Cal. Sierra Express, Inc.*, No. 11-cv-02827, 2012 WL 1593202, at *2 (E.D. Cal. May 4, 2012).

## IV.  ANALYSIS

Defendant challenges the claims made in Plaintiff's Complaint as factually deficient under Federal Rule of Civil Procedure 12(b)(6). *See* Dkt. # 20 at 6–12. Defendant asks the court to dismiss the Complaint with prejudice, arguing the Complaint "is grossly deficient and, despite meeting and conferring extensively Plaintiff refuses to dismiss the [Complaint] or file an amended complaint that omits the defective claims[.]" *Id*. at 2. Throughout the briefing, Plaintiff's counsel represents that Plaintiff intends to move for leave to file an amended complaint but has not done so in the several months that the motion to dismiss has been pending. *See generally* Dkt. # 25.

The parties' characterizations of the Complaint are conflicting. Defendant refers to the Complaint in this matter as the "First Amended Complaint" or "FAC." Defendant asserts that the parties' joint stipulation, discussed in Section II *supra*, that changed the named defendant to Credit Central, constitutes an amendment of the complaint. *See* Dkt. #20 at 1 n.1; Dkt. # 15. Plaintiff disagrees with Defendant's assertion that the stipulation made "on Defendant's request," to change the named party "is the equivalent of a wholesale amended complaint." Dkt. # 25 at 5 n.3. Neither party cites to applicable caselaw to support their position about how the Court should construe the Complaint under these circumstances.[1] Therefore, the Court declines to analyze this issue as it holds little weigh in resolving the instant motion.

---

[1] Upon the Court's own research, it could not on its own locate a clear answer regarding this issue.

ORDER – 4

A.   **Count I: 15 U.S.C. § 1681s-2(b)**

Defendant challenges the furnisher claims brought under 15 U.S.C. § 1681s-2(b). Dkt. # 20 at 6.  Plaintiff's briefing indicates that Plaintiff no longer intends to pursue these claims. Dkt. # 25 at 15. Accordingly, the Court dismisses Plaintiff's 15 U.S.C. § 1681s-2(b) claim with prejudice.

B.   **Count II: 15 U.S.C. §§ 1681e(b), 1681i**

As a preliminary matter, Defendant contends that Mr. Leavitt fails to state a claim under 15 U.S.C. §§ 1681e(b), 1681i because the Complaint alleges that Central Credit is a "furnisher of information," not a credit reporting agency ("CRA"). Dkt. # 20 at 9. The FCRA defines a CRA in relevant part as "any person which . . . regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information . . . for the purpose of furnishing consumer reports to third parties." 15 U.S.C. § 1681a(f). Although the Complaint alleges that Defendant is a furnisher of information, Plaintiff contends "Defendant[] [is] clearly a CRA and that information is subject to judicial notice." Dkt. # 25 at 15.  The Court will not take judicial notice of the fact at this time, but to the extent Plaintiff wishes to amend the Complaint to allege that Central Credit is a CRA, the Court grants Mr. Leavitt leave to amend to revise his allegation.

Defendant also challenges the factual sufficiency of Plaintiff's Complaint. *See id*. Defendant argues that Plaintiff failed to plead sufficient facts showing: 1) Central Credit failed to follow reasonable procedures under the FCRA; 2) Central Credit failed to conduct a reasonable investigation to determine whether the information is inaccurate; 3) the nature of the information Plaintiff submitted to Credit Central; and 4) Credit Central identified information disputed by Plaintiff was inaccurate or incomplete or cannot be verified. *Id*. at 9–10.

ORDER – 5

Section 1681e(b) requires CRAs to follow "reasonable procedures" to ensure the accuracy of consumer reports, and Section 1681i relates to the investigation of consumer disputes. The elements of a claim brought pursuant to Section 1681e(b) are as follows:

> (1) the defendant included inaccurate information in a plaintiff's credit report; (2) the inaccuracy was due to defendant's failure to follow reasonable procedures to assure maximum possible accuracy; (3) the defendant acted pursuant to an objectively unreasonable interpretation of the statute; (4) the plaintiff suffered injury; and (5) the plaintiff's injury was caused by the inaccurate entry.

And the elements of a claim pursuant to Section 1681i are:

> (1) The plaintiff's credit file contains inaccurate or incomplete information; (2) the plaintiff notified the credit reporting agency directly of the inaccurate or incomplete information; (3) the plaintiff's dispute is not frivolous or irrelevant; (4) the credit reporting agency failed to respond to plaintiff's dispute; (5) the failure to reinvestigate caused [the plaintiff] to suffer damages; (6) Actual damages resulted to the plaintiff. Actual damages may include damages for humiliation, mental distress, and injury to reputation and creditworthiness, even if plaintiff has suffered no out-of-pocket losses.

One key element that is the same under both sections is that a plaintiff must present evidence showing that a CRA prepared a credit report containing inaccurate information. *See, e.g., Guimond v. Trans Union Credit Info. Co.*, 45 F.3d 1329, 1333 (9th Cir. 1995) ("In order to make out a prima facie violation under § 1681e(b), a consumer must present evidence tending to show that a credit reporting agency prepared a report containing inaccurate information."); *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 890 (9th Cir. 2010) (stating that a plaintiff filing suit under section 1681i must make a prima facie showing of inaccurate reporting).

The Complaint contains extremely limited information. Plaintiff has not shown any evidence or provided any detailed information to support the allegation that a CRA prepared a credit report containing inaccurate information. The Court agrees with Defendant that the Complaint lacks sufficient factual allegations to support the elements of the claims asserted under the FCRA. However, the Court disagrees that amendment would be futile in this matter. Accordingly, the Court dismisses these claims with leave to amend.

ORDER – 6

### C.  Counts III and IV: WFCRA and WCPA Claims

Defendant argues that the WFCRA does not provide a private action. Dkt. # 20 at 11. Defendant further argues that while the WCPA does provide a right of action for WFCRA violations, Plaintiff failed to allege sufficient facts for the Court to infer a WFCRA violation. *See id*.

"RCW 19.182.150 explicitly makes a violation of the WFCRA a violation of the WCPA." *Cain v. Trans Union LLC*, No. 04-cv-1779, 2006 WL 328409, at *6 (W.D. Wash. Feb. 9, 2006). The WFCRA states: "A violation of this chapter is an unfair or deceptive act in trade or commerce and an unfair method of competition for the purpose of applying the consumer protection act, Chapter 19.86 RCW." RCW 19.182.150.

To state a claim under the CPA, plaintiff must plead facts demonstrating: (1) an unfair or deceptive act or practice, (2) in trade or commerce, (3) that impacts the public interest, (4) which causes injury to the plaintiff in his or her business or property, and (5) which injury is causally linked to the unfair or deceptive act. *Indus. Indem. Co. v. Kallevig*, 114 Wash. 2d 907, 920–21 (1990). A private dispute can affect the public interest if it is likely that additional plaintiffs have been or will be injured in exactly the same fashion. *Id*. The Court must examine several factors to determine whether the public interest is impacted: 1) Were the alleged acts committed in the course of defendant's business?; 2) Did defendant advertise to the public in general?; 3) Did defendant actively solicit this particular plaintiff, indicating potential solicitation of others?; and 4) Did plaintiff and defendant occupy unequal bargaining positions? *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.,* 105 Wash. 2d 778, 790–91 (1986).

As the facts are currently alleged in the Complaint, the Court cannot infer a violation of the WFCRA or WCPA. Specifically, the Plaintiff has not demonstrated that the practice at-issue impacts the public interest. Defendant has not shown that amendment would be futile and could not be cured by alleging additional facts. Therefore, the Court will allow Plaintiff to amend these claims.

ORDER – 7

### D. Leave to Amend

As discussed above, the Court believes that although the Complaint is factually deficient, leave to amend should be granted because Defendant has not shown that amendment would be futile. Plaintiff will have **seven (7) days** to file an amended complaint. This is appropriate given that Plaintiff has contemplated, but never filed, a motion for leave to amend the complaint for several months while this motion was pending, according to the parties' filings. *See* Dkts. # 20, 25, 26.

### V. CONCLUSION

The Court **GRANTS** Defendant's Motion to Dismiss. Dkt. # 20. Accordingly, the Court **DISMISSES** Count I of the Complaint with prejudice. The Court **DISMISSES** Counts II-IV of the Complaint without prejudice and with leave to amend. Plaintiff must file an amended complaint within **seven (7) days** of the Order.

Dated this 20th day of November, 2024.

*[signature]*

The Honorable Richard A. Jones
United States District Judge

ORDER – 8