The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ABRAHAM LEAVITT,

Plaintiff,

v.

CENTRAL CREDIT, LLC,

Defendant.

NO. 2:23-cv-01817-RAJ

DEFENDANT CENTRAL CREDIT'S OPPOSITION TO PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO FILE AMENDED COMPLAINT

NOTED ON MOTION CALENDAR: DECEMBER, 11, 2024

Defendant Central Credit opposes Plaintiff's motion to extend the now-lapsed deadline to amend his complaint. Dkt. 28. As the Court noted in its November 20, 2024, order granting Central Credit's motion to dismiss, "Throughout the briefing, Plaintiff's counsel represents that Plaintiff intends to move for leave to file an amended complaint but has not done so in the ***several months*** that the motion to dismiss has been pending." Dkt. 27 at 4 (emphasis added). Because "Plaintiff ha[d] contemplated, but never filed, a motion for leave to amend the complaint for ***several months*** while [the motion to dismiss] was pending," the Court ordered Plaintiff to file any amended complaint within seven days of the Court's order. *Id.* at 8 (emphasis added). Seven days was more than enough time. Indeed, given Plaintiff's representations, and the fact that this case has been pending since 2023, Plaintiff should have



**GORDON REES SCULLY MANSUKHANI, LLP**
701 Fifth Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100

been ready with an amended complaint the moment the Court's order came down. Instead, Plaintiff waited until minutes before the Court-ordered deadline (11:20 p.m. on November 27, 2024) to file a motion seeking to extend the Court's deadline. The Court should deny Plaintiff's literally eleventh-hour request.

Plaintiff bases his motion almost entirely on the departure of one attorney from his counsel's law firm. While Central Credit empathizes with that attorney's personal difficulties as represented in Plaintiff's motion, counsel for Central Credit strongly disputes that his departure from the firm constitutes the "[e]xtraordinary reasons justify[ing] the relief" Plaintiff seeks. Dkt. 28 at 1. Counsel for Central Credit has never interacted with that attorney; they do not even know his name. The attorney who filed the extension request, Andrew Grimm, remains at the firm, is on information and belief the attorney who has signed all of Plaintiff's filings in this case, and is the sole attorney with whom counsel for Central Credit has interfaced every step of the way, including in extensive meet-and-confer correspondence and discussions. There is no reason that the departure of a different attorney should impact counsel's ability to file an amended complaint that Plaintiff has been promising for months. There are no new facts to learn, no new law to analyze, and no just cause for delay.

An amended complaint could have been prepared months ago and the fact that Plaintiff's counsel has taken on more work than they can apparently handle is not good cause constituting an extraordinary reason justifying the requested relief.

For these same reasons, Plaintiff's other stated justification for modifying the Court-ordered schedule—"pre-existing travel by Plaintiff in this period," Dkt. 28 at 2—is equally unavailing. Plaintiff's sole task in response to the Court's order was to allege sufficient additional facts to substantiate Counts II–IV. Those facts, if they exist, have existed for well over a year—and long before counsel signed on to Plaintiff's case. Presumably, consistent with their Rule 11 obligations, counsel properly investigated those facts when taking the case and



**GORDON REES SCULLY MANSUKHANI, LLP**
701 Fifth Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100

already knows them. Thus, there is no basis, at this point, to further prolong the case so Plaintiff and his counsel can meet to search for additional allegations.

The complaint should now be dismissed with prejudice and the case closed. The Court, despite apparent skepticism of Plaintiff's claims, generously gave Plaintiff a final chance to amend those claims. Plaintiff squandered that opportunity. As a result, the five factors for leave to amend—bad faith, previous amendment, prejudice to the opposing party, futility, and, especially, undue delay, *United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011)—now weigh even more heavily in Central Credit's favor.

Central Credit respectfully requests that the Court deny Plaintiff's motion to extend time, dismiss the complaint with prejudice, and direct the clerk to close this case.

CERTIFICATE OF COMPLIANCE

I certify that this memorandum contains 619 words, in compliance with the Local Civil Rules.

Dated: December 2, 2024

GORDON REES SCULLY
MANSUKHANI, LLP

By: *s/Shannon L. Wodnik*

Shannon L. Wodnik, WSBA #44998
Gordon Rees Scully Mansukhani, LLP
701 Fifth Avenue, Suite 2100
Seattle, WA 98104
Phone: (206) 695-5100
Email: swodnik@grsm.com

Elizabeth Sperling (*Pro Hac Vice*)
Alexander Miller (*Pro Hac Vice*)
GLASER WEIL FINK HOWARD JORDAN & SHAPIRO LLP
600 West Broadway, Suite 2150
San Diego, CA 92101
Phone: (619) 765-4380
Email: esperling@glaserweil.com
amiller@glaserweil.com

*Attorneys for Defendant Central Credit, LLC*