HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ABRAHAM LEAVITT,

    Plaintiff,

v.

CREDIT CENTRAL, LLC,

    Defendant.

Case No. 23-cv-01817-RAJ

ORDER

### I.  INTRODUCTION

THIS MATTER comes before the Court on Plaintiff's Motion for an Extension of Time to File Amended Complaint (the "Motion"). Dkt. # 28. Defendant opposes the Motion. Dkt. # 29. For the reasons stated below, the Court GRANTS the Motion.

ORDER – 1

## II. BACKGROUND

On November 20, 2024, the Court granted Defendant's Motion to Dismiss for Failure to State a Claim and permitted Plaintiff to file an amended complaint within seven days of the Order (the "Order"). Dkt. # 27. On November 27, 2024, after an unsuccessful conferral with defense counsel, Plaintiff's counsel filed the Motion, asking the Court for a 14-day extension to file an amended complaint. Dkt. # 28 at 1 n.1.

## III. LEGAL STANDARD

Federal Rule of Civil Procedure 6(b) allows courts to extend time for litigants demonstrating good cause "on a motion made after the time has expired if the party failed to act because of excusable neglect." The decision to extend a deadline is committed to the discretion of the Court. *See In re Veritas Software Corp. Sec. Litig.*, 496 F.3d 962, 974 (9th Cir. 2007). A motion for extension of time filed before a deadline has passed should "normally . . . be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party." *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010). If such a motion is filed after the deadline has passed, the good cause standard becomes more stringent, and the Court should grant the motion only when the moving party missed the deadline due to "excusable neglect." Fed. R. Civ. P. 6(b)(1)(B).

The determination of whether neglect is considered excusable "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir. 1997) (internal quotation omitted). To determine whether a party acted with excusable neglect, district courts examine: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. *See id.* (citations omitted). Rule 60(b)(6) applies "only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." *United States v. Alpine Land & Reservoir Co.*, 984 F.2d 1047, 1049 (9th Cir. 1993).

ORDER – 2

## IV.   ANALYSIS

Plaintiff asserts that extraordinary reasons justify an extension to file an amended complaint. Dkt. #28 at 1. Plaintiff explains several reasons more time is needed: 1) Plaintiff is represented by a nonprofit law firm that has only two full-time lawyers and the attorney "who had responsibility for filing the amended complaint has been dealing with recurrent health issues that crippled his ability to work, a major health issue by his spouse, a terminal health issue in the family, and other major situations;" 2) "lead counsel's personal situation . . . has dramatically increased the workload of the undersigned and the undersigned needs additional time to restructure the practice;" 3) Plaintiff's counsel has not opposed extensions of time for Defendant and has offered more time in the past; and 4) "undersigned has tried in good faith and done his level best to get the amended complaint on file but has been unable to do so because of the aforementioned circumstances and because of pre-existing travel by Plaintiff in this period." Dkt. # 28 at 1-2.

Defendant opposes the Motion. Dkt. # 29. In the brief, Defendant cites to the Order to demonstrate that Plaintiff had sufficient time to amend the complaint while the motion to dismiss was pending. *See id*. at 1. Defendant does not specifically assert that Plaintiff acted with bad faith or that allowing amendment would prejudice Defendant. *See generally id*. Defendant's counsel represents they do not know the "lead counsel" that the undersigned, Andrew Grimm, references in the Motion. *See id*. at 2. Further, Defendant argues that in accordance with Rule 11 obligations, that Plaintiff's pre-existing travel should not have impaired the counsel's ability to amend the complaint because counsel should have investigated the necessary facts earlier. Dkt. # 29 at 2.

Considering all of the relevant circumstances, the Court finds that the moving party acted with excusable neglect in not meeting the amendment deadline. Extending the deadline in this case will not pose a danger of prejudice to the opposing party. The requested extension is relatively short. As there are no other dates set in this matter, the delay will not impact the proceedings. Additionally, the reasons for the delay, which were

ORDER – 3

not fully apparent to the Court prior to setting the amendment deadline in the Order, are adequate to support granting an extension of time to file an amended complaint.

## V.     CONCLUSION

On review of Plaintiff's Motion and for good cause shown, the Motion is GRANTED. Dkt. # 28. The Court directs Plaintiff to file the amended complaint by December 11, 2024.

Dated this 6th day of December, 2024.

The Honorable Richard A. Jones
United States District Judge

ORDER – 4