The Honorable Richard A. Jones

1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8
9

ABRAHAM LEAVITT,

               Plaintiff,

   v.

CENTRAL CREDIT, LLC,

               Defendant.

NO. 2:23-cv-01817-RAJ

DEFENDANT CENTRAL CREDIT'S
MOTION TO DISMISS SECOND
AMENDED COMPLAINT UNDER RULES
12(B)(6) AND 12(B)(1)

NOTE ON MOTION CALENDAR:
JANUARY 17, 2025

## I.    INTRODUCTION

The Court dismissed Plaintiff's prior complaint on November 20, 2024, because *inter alia,* "Plaintiff has not shown any evidence or provided any detailed information to support the allegation that a CRA prepared a credit report containing inaccurate information." Dkt. #27 at 6. Despite two opportunities to amend his complaint,[1] each of the three counts in Plaintiff's new

---

[1] On March 7, 2024, the Court granted the parties' stipulation to dismiss Defendant Everi Holdings Inc. because it was not a proper party and to deem all references to the defendant in the initial complaint to be references to Central Credit, LLC ("Central Credit"). Dkt. #15. Accordingly, the operative complaint (Dkt. #31) is Plaintiff's Second Amended Complaint. *See, e.g., Madery v. Int'l Sound Technicians, Loc. 695,* 79 F.R.D. 154, 156 (C.D. Cal. 1978) (stipulation by the parties to amend a first amended complaint to add previously unnamed parties constituted a proposed second amended complaint requiring leave of court).

DEFENDANT CENTRAL CREDIT'S MOTION TO
DISMISS SECOND AMENDED COMPLAINT
UNDER RULES 12(B)(6) AND 12(B)(1) - 1
Case No. 2:23-cv-01817-RAJ

2408888.4

**GORDON REES SCULLY
MANSUKHANI, LLP**
701 Fifth Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

Second Amended Complaint (Dkt. #31, the "SAC") is defective, and the SAC should be dismissed in its entirety with prejudice for the following reasons.

As to Count I, Plaintiff's failure to reasonably investigate claim under 15 U.S.C. § 1681i(a)(1), Plaintiff now alleges that Central Credit is a "credit-reporting agency" and not a "furnisher of information" under the Fair Credit Reporting Act ("FCRA"). SAC ¶ 11. Plaintiff further alleges that Central Credit issued a "consumer report on Plaintiff" that "contained inaccurate and incomplete information" regarding an "unpaid gambling debt" from "two casino or gaming locations located in the Bahamas." *Id.* Plaintiff alleges that this reporting was "inaccurate and/or incomplete," even though the debts were reported by the casinos to Central Credit as due and owing and Central Credit correctly updated its report with the information provided to it by the furnishers, because Plaintiff contends that such debts were "in fact, fully paid and fully satisfied." SAC ¶ 11. Plaintiff's failure to reinvestigate claim is both legally and factually deficient and should be dismissed with prejudice under Rule 12(b)(6).

***First***, Plaintiff's claim fails as a matter of law because it is well-settled in the Ninth Circuit that "reinvestigation claims are not the proper vehicle for collaterally attacking the legal validity of consumer debts." *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 892 (9th Cir. 2010). This is precisely what Plaintiff's SAC attempts to do here. *See* SAC ¶ 11. "[D]etermining whether the consumer has a valid defense is a question for a court to resolve in a suit against the creditor, not a job imposed upon consumer reporting agencies by the FCRA" (*id.* (citation omitted)), so Plaintiff's reinvestigation claim against Central Credit should be dismissed.

***Second***, even if Plaintiff had asserted a cognizable legal theory for his reinvestigation claim, which he has not, Plaintiff still fails to allege sufficient facts to state a claim. For example, Plaintiff does not attach a copy of the disputed credit report to the SAC or provide any information about what the credit report actually states and how it is false or inaccurate. Plaintiff also fails to identify the names of the casinos which supposedly falsely reported Plaintiff's debts,

DEFENDANT CENTRAL CREDIT'S MOTION TO
DISMISS SECOND AMENDED COMPLAINT
UNDER RULES 12(B)(6) AND 12(B)(1) - 2
Case No. 2:23-cv-01817-RAJ

**GORDON REES SCULLY
MANSUKHANI, LLP**
701 Fifth Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

2408888.4

when the debts were incurred, or the amount of the debts. Nor does Plaintiff allege facts demonstrating that the debts at issue were paid or fully satisfied. Plaintiff also fails to allege sufficient facts about his communications with Central Credit or why and how Central Credit's reinvestigation was supposedly unreasonable—let alone that Central Credit acted willfully or negligently, or that Plaintiff suffered any actual damages. Accordingly, dismissal is appropriate for these additional reasons as well.

As to Count II, Plaintiff's failure to notify claim under 15 U.S.C. § 1681i(a)(6)(B)(iii)-(iv), this new claim was not asserted in either of Plaintiff's prior complaints. The Court's recent order of dismissal was clear that Plaintiff was granted leave to amend his claim for failure to reasonably investigate and for the related state law claims only, not to add new claims. *See, e.g.*, Dkt. #27 at 6-7 ("[T]he Court will allow Plaintiff to amend *these* claims.") (emphasis added). It is well-settled that, upon receiving leave to amend, a plaintiff may only amend the claims within the scope of leave granted by the court.  A plaintiff may not add new claims without leave to do so. *See Vaughn v. Cohen*, No. 3:23-CV-06142-TMC, 2024 WL 4881975, at *2 (W.D. Wash. Nov. 25, 2024) ("[C]ourts in this district have stricken claims that exceed the scope of an order allowing leave to amend."). Accordingly, Plaintiff's failure to notify claim should be dismissed.

Even if the Court were to consider Plaintiff's new failure to notify claim, it too fails under Rule 12(b)(6) because Plaintiff fails to allege sufficient facts to state a claim for relief. For example, Plaintiff admits that Central Credit sent Plaintiff a letter concerning Central Credit's reinvestigation and a separate "summary of rights" document on or around November 21, 2023, but fails to attach either of those documents to the SAC or to allege any facts about what those documents said. As the content of these documents form the exclusive basis for Plaintiff's failure to notify claim, this lack of detail is fatal to Plaintiff's claim and dismissal is required. Separately, Plaintiff's failure to notify claim also fails under Rule 12(b)(1) because

DEFENDANT CENTRAL CREDIT'S MOTION TO
DISMISS SECOND AMENDED COMPLAINT
UNDER RULES 12(B)(6) AND 12(B)(1) - 3
Case No. 2:23-cv-01817-RAJ

**GORDON REES SCULLY
MANSUKHANI, LLP**
701 Fifth Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

2408888.4

Plaintiff lacks standing to assert claims for bare procedural violations of the FCRA, which is exactly what Plaintiff is attempting to do here. *See* SAC ¶ 22

As to Count III, Plaintiff's tag along state law claim under the Washington Consumer Protection Act ("WCPA"), this claim is exclusively predicated on Plaintiff's reinvestigation and failure to notify claims, and thus also fails to the extent those underlying claims fail. Plaintiff's WCPA claim also fails on the independent ground that Plaintiff fails to allege sufficient facts to support each required element of his WCPA claim, including that the purported practices at issue impact the public interest or caused injury to Plaintiff's business or property.

For all these reasons, dismissal of the SAC in its entirety is appropriate. As Plaintiff's claims fail as a matter of law, and Plaintiff has already amended his complaint twice, dismissal with prejudice is appropriate.

## II.    LEGAL STANDARD

### A.    Rule 12(b)(6) Motion To Dismiss

Fed. R. Civ. P. 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "Plausibility requires pleading facts, as opposed to conclusory allegations or the 'formulaic recitation of elements of a cause of action.'" *Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 550 (2007)). Mere "labels and conclusions," "naked assertions devoid of further factual enhancement," and "formulaic recitation[s] of the elements of a cause of action" are insufficient. *Iqbal*, 556 U.S. at 678 (cleaned up). A court construes the facts alleged "in the light most favorable to the" non-moving party only if those facts are "well-pleaded." *Irving Firemen's Relief & Ret. Fund v. Uber Techs.*, 998 F.3d 397, 403 (9th Cir. 2021). Legal conclusions "are

DEFENDANT CENTRAL CREDIT'S MOTION TO
DISMISS SECOND AMENDED COMPLAINT
UNDER RULES 12(B)(6) AND 12(B)(1) - 4
Case No. 2:23-cv-01817-RAJ

**GORDON REES SCULLY
MANSUKHANI, LLP**
701 Fifth Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

2408888.4

not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 664. Moreover, it is not proper for the Court to assume that "the [Plaintiff] can prove facts which [he or she] has not alleged." A*ss'n. Gen. Con. of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

**B.    Rule 12(b)(1) Motion To Dismiss**

"Federal Rule of Civil Procedure 12(b)(1) allows litigants to seek the dismissal of an action for lack of subject matter jurisdiction. A motion to dismiss for lack of subject matter jurisdiction can either attack the sufficiency of the pleadings on their face (a 'facial attack') or present affidavits or other evidence that contest the truth of the allegations in the pleadings (a 'factual attack')." *Atkinson v. Aaron's LLC*, No. 23-CV-1742-BJR, 2024 WL 2133358, at *3 (W.D. Wash. May 10, 2024). "When the movant does not offer affidavits or other evidence challenging the truth of the allegations in the complaint, the Court construes the motion as a facial attack on subject matter jurisdiction." *Id.*

## III.    BACKGROUND

Plaintiff Abraham Leavitt filed this action *pro se* against Everi Holdings, Inc. on November 27, 2023. Dkt. #1. Counsel entered an appearance on behalf of Mr. Leavitt on January 10, 2024 (Dkt. #5), and the Court subsequently granted the parties' stipulated motion to dismiss Everi Holdings, Inc. and instead name Central Credit as a defendant. Dkt. #15.

Plaintiff's First Amended Complaint (Dkt. #1, "FAC") contained only a handful of conclusory factual allegations. *See* FAC ¶¶ 5, 11-18. Among other things, Plaintiff claimed that Central Credit purportedly made unspecified "false reports and swaths of alerts to the entire casino community that Leavitt was in arrears and owed money to two casinos located in the Bahamas." FAC ¶ 11. But Plaintiff did not allege what debts he was referring to, what casinos held the debts, what Central Credit supposedly reported about the debts, what reports and alerts Central Credit made, and most importantly how they were false or inaccurate. *See* Dkt. #20, 26. On the basis of these scant, conclusory allegations, Plaintiff asserted claims against Central

DEFENDANT CENTRAL CREDIT'S MOTION TO
DISMISS SECOND AMENDED COMPLAINT
UNDER RULES 12(B)(6) AND 12(B)(1) - 5
Case No. 2:23-cv-01817-RAJ

**GORDON REES SCULLY
MANSUKHANI, LLP**
701 Fifth Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

2408888.4

Credit under the FCRA for failure to follow its duties as an alleged "furnisher" of credit information (15 U.S.C. § 1681s-2(b)), failure to follow reasonable procedures to issue an accurate credit report (15 U.S.C. § 1681e(b)), and failure to reasonably investigate disputed credit reporting ( 15. U.S.C. § 1681i(a)(1), (a)4), and (a)(5)). Plaintiff also alleged derivative claims under the Washington State Fair Credit Reporting Act and the Washington State Consumer Protection Act. Plaintiff did not allege any deficiencies in any notices Central Credit issued to Plaintiff regarding its reinvestigation of the disputed information.

Central Credit moved to dismiss the FAC and the Court granted Central Credit's motion on November 20, 2024. *See* Dkt. #27. In its order, the Court dismissed Plaintiff's "furnisher" claim with prejudice. As to Plaintiff's claims against Central Credit as a credit reporting agency under 15 U.S.C. §§ 1681e(b), 1681li(a)(1), (a)4), and (a)(5), the Court agreed that "Plaintiff has not shown any evidence or provided any detailed information to support the allegation that a CRA prepared a credit report containing inaccurate information," and that "the Complaint lacks sufficient factual allegations to support the elements of the claims asserted under the FCRA," and dismissed those claims. *Id.* at 6. However, the Court granted Plaintiff leave to amend to allege that Central Credit is a "credit reporting agency" under the FCRA, and to allege further factual information supporting Plaintiff's existing claims against Central Credit as a credit reporting agency. *See id.* at 5-6. The Court also dismissed Plaintiff's state law claims because "Plaintiff has not demonstrated that the practice at-issue impacts the public interest." *Id.* at 7. However, the Court similarly held that because "Defendant has not shown that amendment would be futile and could not be cured by alleging additional facts . . . the Court will allow Plaintiff to amend ***these claims***." *Id.* (emphasis added).

In Plaintiff's opposition to the motion to dismiss on June 24, 2024, Plaintiff's counsel represented that "Plaintiff intends to move for leave to file a first-amended complaint to amend the pro se complaint that Mr. Leavitt drafted and filed, prior to having representation," which

DEFENDANT CENTRAL CREDIT'S MOTION TO
DISMISS SECOND AMENDED COMPLAINT
UNDER RULES 12(B)(6) AND 12(B)(1) - 6
Case No. 2:23-cv-01817-RAJ

2408888.4

**GORDON REES SCULLY
MANSUKHANI, LLP**
701 Fifth Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

1    will "moot Defendant's pending motion to dismiss, rendering the remainder of this briefing

2    unnecessary to decide." Dkt. #25 at 5. But Plaintiff did not file a further amended complaint.

3    Instead, five months later the Court issued its order dismissing the FAC and ordering Plaintiff

4    to file any amended complaint within one week. Dkt. #27. Plaintiff failed to do so and requested

5    a continuance. Dkt. #28. Plaintiff ultimately filed the SAC on December 11, 2024. Dkt. #31.

6        In the SAC, Plaintiff now alleges that Central Credit is a consumer reporting agency

7    under the FCRA (SAC ¶ 10) and asserts claims for: (1) failure to reasonably investigate disputed

8    credit reporting under 15 U.S.C. § 1681i(a)(1); (2) failure to notify consumer of right to know

9    procedures and right to include a statement of dispute under 15 U.S.C. § 1681i(a)(6)(B)(iii)-(iv);

10   and (3) related state law claims under the Washington Consumer Protection Act. As discussed

11   below, all of these claims fail, and dismissal with prejudice is appropriate.

## IV.    ARGUMENT

### A.    Plaintiff's Claim for Failure to Reasonably Investigate Under 15 U.S.C. § 1681i(a)(1) (Count I) Fails

15       Plaintiff's claim against Central Credit for failure to reasonably investigate under 15

16   U.S.C. section 1681i(a)(1) should be dismissed both because Plaintiff's theory of liability fails

17   as a matter of law and because Plaintiff fails to plead sufficient facts to support his claim.

#### 1.    Plaintiff's reinvestigation claim fails under settled Ninth Circuit law.

19       As a threshold matter, Plaintiff's reinvestigation claim must be dismissed with prejudice

20   because Plaintiff's theory of liability fails as a matter of law.

21       Under 15 U.S.C. § 1681i, "if the completeness or accuracy of any item of information

22   contained in a consumer's file at a consumer reporting agency is disputed by the consumer and

23   the consumer notifies the agency . . . the agency shall, free of charge, conduct a reasonable

24   reinvestigation to determine whether the disputed information is inaccurate and record the

25   current status of the disputed information, or delete the item from the file in accordance" with

26

DEFENDANT CENTRAL CREDIT'S MOTION TO
DISMISS SECOND AMENDED COMPLAINT
UNDER RULES 12(B)(6) AND 12(B)(1) - 7
Case No. 2:23-cv-01817-RAJ

**GORDON REES SCULLY
MANSUKHANI, LLP**
701 Fifth Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

2408888.4

the statute. In so doing, the consumer reporting agency "shall review and consider all relevant information submitted by the consumer" within the time provided by the statute (15 U.S.C. § 1681i(a)(4)), and promptly delete or modify information in the file of the consumer that is determined to be inaccurate based on the results of the reinvestigation. 15 U.S.C. § 1681i(a)(5).

Plaintiff claims that Central Credit's reinvestigation of certain disputed credit entries was unreasonable. SAC ¶ 13. The Ninth Circuit has interpreted what constitutes a reasonable reinvestigation by a credit reporting agency under the FCRA, and Central Credit's actions as alleged in the SAC fall squarely within the Ninth Circuit's standard for reasonableness. In *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 892 (9th Cir. 2010), plaintiff Carvalho's credit report reflected an amount past due, which Carvalho disputed. *Id.* at 891. Like the Plaintiff here, Carvalho did "not contend that the [debt] account does not pertain to her, that the amount past due is too high or low, or that any of the listed dates are wrong." *Id.* Instead, Carvalho claimed that "even if technically accurate, the [debt] item was misleading because she was not legally obligated to pay the [furnisher's] bill until [the furnisher] had properly billed her insurer, as allegedly required by the Agreement [with the furnisher], and potential creditors would mistakenly assume from the derogatory item that she is uncreditworthy." *Id.*

Like the Plaintiff here, Carvalho further argued that "credit reporting agencies unfairly malign the creditworthiness of innocent consumers by reporting disputed debts without undertaking a searching inquiry into the consumer's legal defenses to payment. In other words, she believes consumers should be deemed innocent until proven guilty by a proper reinvestigation under the FCRA and CCRAA." *Carvalho*, 629 F.3d at 892. However, the Ninth Circuit expressly rejected this broad interpretation of FCRA because "credit reporting agencies are not tribunals. They simply collect and report information furnished by others." *Id.* Accordingly, "reinvestigation claims are not the proper vehicle for collaterally attacking the legal validity of consumer debts." *Id.* Instead, "a consumer disputing the legal validity of a debt

DEFENDANT CENTRAL CREDIT'S MOTION TO DISMISS SECOND AMENDED COMPLAINT UNDER RULES 12(B)(6) AND 12(B)(1) - 8
Case No. 2:23-cv-01817-RAJ

**GORDON REES SCULLY MANSUKHANI, LLP**
701 Fifth Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

2408888.4

that appears on her credit report should first attempt to resolve the matter directly with the creditor or furnisher, which stands in a far better position to make a thorough investigation of a disputed debt than the CRA does on reinvestigation." *Id.* (citation omitted).

This is precisely the case here. Plaintiff alleges that he "incurred gambling debts while gaming" at two undisclosed casinos in the Bahamas, but that "Plaintiff paid them off in their entirety through a combination of cash and gambling chips before leaving these gaming locations each time." SAC ¶ 11. Plaintiff now complains that Central Credit reported the gambling debt on his credit report even though, in Plaintiff's view, he is no longer legally obligated to pay the debts as a result of his alleged repayments to the casinos. *Id.* But as Plaintiff acknowledges in the SAC, when Plaintiff disputed the debts entered on his credit report, Central Credit contacted the furnishers to confirm the debts as required under the FCRA. *See* SAC ¶ 13. He admits Central Credit did this.

Plaintiff argues, without evidence, however that "Central Credit's investigation was unreasonable as it only amount [sic] to a simply [sic] request to the credit reporting data furnishers as to whether it was accurate." SAC ¶ 13. But that is all Central Credit, a credit reporting agency, is required to do—contact the furnisher of the disputed information to verify its accuracy. Plaintiff's contention that Central Credit was required to do much more, ostensibly to send a representative to the Bahamas and independently dig through the casinos' records and statements, interview employees, and launch a full-scale private investigation in order to independently verify whether Plaintiff paid his debts to those casinos, is ludicrous.

As the Ninth Circuit makes clear in *Cravalho* and its progeny, what Central Credit did is all that the FCRA requires a credit reporting agency like Central Credit to do under these circumstances. *See, e.g.*, *Gross v. CitiMortgage, Inc.*, 33 F.4th 1246, 1253 (9th Cir. 2022) ("Credit reporting agencies are third parties that lack any direct relationship with the consumer, so they must rely on the representations of the furnishers who usually own the debt.") (internal

DEFENDANT CENTRAL CREDIT'S MOTION TO
DISMISS SECOND AMENDED COMPLAINT
UNDER RULES 12(B)(6) AND 12(B)(1) - 9
Case No. 2:23-cv-01817-RAJ

**GORDON REES SCULLY
MANSUKHANI, LLP**
701 Fifth Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

2408888.4

quotation marks and brackets omitted). Indeed, Plaintiff's claim that Central Credit was required to perform in-depth additional investigation into the underlying legal and factual merits of Plaintiff's unsupported claim that he supposedly repaid and satisfied his debts is exactly the type of onerous overreach rejected by the Ninth Circuit in *Cravalho*. If Plaintiff truly repaid his debts—a claim which is not supported by any well-pleaded facts in the SAC—then his dispute lies with the casinos that he contends erroneously reported the debts, not with Central Credit which merely reported the information provided by the casinos. *See Carvalho*, 629 F.3d at 892 ("[A] consumer who disputes the legal validity of an obligation should do so directly at the furnisher level."). Accordingly, Plaintiff's reinvestigation claim fails as a matter of law and should be dismissed with prejudice.

### 2. Plaintiff fails to allege sufficient facts supporting each element of his reinvestigation claim.

Even if Plaintiff's reinvestigation claim was legally cognizable—it is not for the reasons set forth above—dismissal is still required because Plaintiff fails to allege sufficient facts to state a claim.

As noted in the Court's prior order of dismissal (Dkt. #27 at 6), the elements of a claim under 15 U.S.C. § 1681i(a) are:

> **(1)** The plaintiff's credit file contains inaccurate or incomplete information. 15 U.S.C. § 1681i(a)(1). **(2)** The plaintiff notified the credit reporting agency directly of the inaccurate or incomplete information. *Id.* **(3)** The plaintiff's dispute is not frivolous or irrelevant. 15 U.S.C. § 1681i(a)(3). **(4)** The credit reporting agency failed to respond to the plaintiff's dispute. 15 U.S.C. § 1681i(a)(1), (2), and (6). **(5)** The failure to reinvestigate caused the consumer to suffer damages; **(6)** Actual damages resulted to the plaintiff.

*Thomas v. Trans Union, LLC.*, 197 F. Supp. 2d 1233, 1236 (D. Or. 2002). "[A] plaintiff filing suit under section 1681i must [also] make a prima facie showing of inaccurate reporting." *Carvalho*, 629 F.3d at 890 (citation omitted). Additionally, Plaintiff must sufficiently allege that Central Credit negligently or willfully failed to comply with a requirement under the statute. *See*

DEFENDANT CENTRAL CREDIT'S MOTION TO
DISMISS SECOND AMENDED COMPLAINT
UNDER RULES 12(B)(6) AND 12(B)(1) - 10
Case No. 2:23-cv-01817-RAJ

**GORDON REES SCULLY
MANSUKHANI, LLP**
701 Fifth Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

2408888.4

15 U.S.C. § 1681n(a); 15 U.S.C. § 1681o(a). Plaintiff's reinvestigation claim fails on each of these required elements.

*First*, Plaintiff still fails to allege sufficient facts demonstrating there was inaccurate reporting. Like the prior FAC, Plaintiff's SAC "contains extremely limited information." Dkt. #27 at 6. Plaintiff vaguely alleges that he "was gaming at two casino or gaming locations in the Bahamas" when he "incurred debts while gaming there" which he subsequently paid off "through a combination of cash and gambling chips using "a table computer, somewhat like an iPad." SAC ¶ 11. Plaintiff further alleges that Central Credit nevertheless "included they [*sic*] amounts on its version of Plaintiff's credit report as an unpaid gambling debt." *Id.* ¶ 11. But Plaintiff fails to allege the most basic information supporting his claim, such as the amount of the debts he incurred, when he incurred the debts, or the names of the "casino or gambling locations" where the debts were incurred, and he fails to allege basic facts demonstrating that the debts were satisfied and acknowledged as paid in full by the casinos. Critically, Plaintiff does not attach a copy of the disputed credit report from Central Credit to the SAC or provide any information about what the credit report states that Plaintiff contends is false. As Plaintiff fails to identify any relevant details about the debts he incurred, when and how they were repaid, when and if the casinos acknowledged receipt of payment, what Central Credit reported and why that reporting was false or inaccurate at the time it was made, Plaintiff's reinvestigation claim fails.

*Second*, Plaintiff also fails to sufficiently allege that he notified Central Credit about any inaccurate or incomplete information on his credit report. To the extent Plaintiff claims that he made "multiple communications requesting correction" of the purportedly false information to Central Credit, Plaintiff only identifies a single communication from on or around October 28, 2023, which Plaintiff vaguely asserts was "regarding the inaccurate and incomplete information." SAC ¶ 12. These allegations are insufficient because Plaintiff again fails to

DEFENDANT CENTRAL CREDIT'S MOTION TO
DISMISS SECOND AMENDED COMPLAINT
UNDER RULES 12(B)(6) AND 12(B)(1) - 11
Case No. 2:23-cv-01817-RAJ

**GORDON REES SCULLY
MANSUKHANI, LLP**
701 Fifth Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

2408888.4

provide any factual detail as to what debts are at issue, what Central Credit actually reported, and how that information was false or inaccurate.

Plaintiff also fails to allege what information Plaintiff provided to Central Credit demonstrating that the disputed information is false. This is critical because under 15 U.S.C. § 1681i(a)(1), a consumer reporting agency must "review and consider all relevant information submitted by the consumer . . . with respect to such disputed information." SAC ¶ 12. But of course, Plaintiff does not attach to his SAC or allege what, if any, information he submitted with respect to the disputed information. Instead, Plaintiff makes contradictory and nonsensical allegations that Central Credit "blocked Plaintiff's email" and "stopped evading Plaintiff's inquiry through egregious tactics" while it simultaneously "receive[d] Plaintiff's communications," undertook an investigation, and reported the results to him. *See id.* ¶¶ 13, 22. Tellingly, Plaintiff never identifies what Central Credit email addresses he allegedly sent his communications to, who at Central Credit he was corresponding with who supposedly "blocked" him and why, what it means to "block" an email in this context, and whether Plaintiff was also in communication with other individuals from Central Credit who did not "block" him and who continued to assist him, rendering Plaintiff's claim that he was supposedly "blocked" irrelevant.[2]

*Third*, Plaintiff fails to sufficiently allege that his dispute is not frivolous or irrelevant. Again, he alleges no details about the purported debts at issue, what Central Credit reported about the debts, how the reporting was inaccurate, or what dispute Plaintiff sent to Central Credit regarding his debts. Similarly, to the extent Plaintiff contends that he paid his debts, he fails to allege any facts showing that he provided any documentation or support for this contention to Central Credit to demonstrate that his dispute is not frivolous or irrelevant.

---

[2] Although it is unclear what Plaintiff is referring to by "blocking" in the SAC, Central Credit is unaware of any authority that "blocking" a consumer from emailing a particular email address at a consumer reporting agency can give rise to a violation under the FCRA. Nor is Central Credit aware of any authority under the FCRA that entitles Plaintiff to correspond with particular individuals of his choosing at the credit reporting agency without restriction.

DEFENDANT CENTRAL CREDIT'S MOTION TO
DISMISS SECOND AMENDED COMPLAINT
UNDER RULES 12(B)(6) AND 12(B)(1) - 12
Case No. 2:23-cv-01817-RAJ

**GORDON REES SCULLY
MANSUKHANI, LLP**
701 Fifth Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

*Fourth*, Plaintiff does not contend that Central Credit failed to respond to Plaintiff's dispute or that it failed to investigate his dispute. *See* SAC ¶¶ 12-13. Nor does Plaintiff adequately allege that Central Credit's reinvestigation was unreasonable. To the contrary, as set forth in Section IV(A) above, Central Credit's reinvestigation was reasonable as a matter of law because Plaintiff acknowledges that, upon receipt of Plaintiff's dispute, Central Credit reached out to the credit furnishers to confirm the debt, which they did. *See id.* ¶ 13. Any claim by Plaintiff that Central Credit's investigation was unreasonable because Plaintiff was somehow "blocked" from communicating with Central Credit is nonsensical and directly contradicted by Plaintiff's own allegations that Central Credit "receive[d] Plaintiff's communications," undertook an investigation, and reported the results to him. *See id.* ¶¶ 13, 22.

*Fifth*, Plaintiff fails to sufficiently allege that any failure to reasonably reinvestigate by Central Credit somehow caused Plaintiff damage. Again, as a credit reporting agency, Central Credit reports debts provided to it by credit furnishers. Plaintiff summarily alleges that "Plaintiff has suffered actual injury and damages caused by and as a result of Central Credit's failure to conduct a reasonable investigation," but fails to allege any facts demonstrating that he suffered actual harm or damages and that such harm was caused by Central Credit as opposed to the furnishers of the credit information that Plaintiff disputes. As the Ninth Circuit admonished in *Carvalho*, "a consumer disputing the legal validity of a debt that appears on her credit report should first attempt to resolve the matter directly with the creditor or furnisher, which stands in a far better position to make a thorough investigation of a disputed debt than the CRA does on reinvestigation." 629 F.3d at 892 (citation omitted). Plaintiff fails to allege that he did so here and cannot show that Central Credit harmed him.

*Sixth*, Plaintiff alleges no facts showing that he has suffered any actual damages, as required to state a claim for a negligent violation of the FCRA. *See* 15 U.S.C. § 1681o(a)(1). Plaintiff alleges that "the false credit reports resulted in credit lines at various and major gaming

DEFENDANT CENTRAL CREDIT'S MOTION TO
DISMISS SECOND AMENDED COMPLAINT
UNDER RULES 12(B)(6) AND 12(B)(1) - 13
Case No. 2:23-cv-01817-RAJ

2408888.4

locations to restrict his access to credit. Accordingly, he was unable to make as much money," and his reputation and emotional well-being were harmed. SAC ¶ 16. But again, Plaintiff fails to allege what credit lines at what "major gaming locations" were impacted, or what it means that they "restrict[ed] his access to credit" or that any of Plaintiff's reputational harm was caused by Central Credit as opposed to Plaintiff's own bad credit. *Id.* Plaintiff also fails to allege how much money he has purportedly lost from not being able to gamble as a result of Central Credit's report during the relevant timeframe. Nor does Plaintiff allege any facts supporting his purported reputational or emotional harm. *See, e.g.*, *Sion v. SunRun, Inc.*, 2017 WL 952953, at *2 (N.D. Cal. Mar. 13, 2017) (dismissing claims for negligent violation of the FCRA because "[a]lthough actual damages can include emotional distress, a plaintiff must support her claim for pain and suffering with something more than her own conclusory allegations, such as specific claims of genuine injury.") (internal brackets and quotation marks omitted); *Samia v. Experian Info. Sols., LLC*, 2022 WL 298369, at *4 (S.D. Cal. Feb. 1, 2022) (same). Thus, Plaintiff fails to sufficiently allege any actual damages.

**Finally**, "[t]he FCRA does not impose strict liability." *Guimond v. Trans Union Credit Info. Co.*, 45 F.3d 1329, 1333 (9th Cir. 1995). Instead, liability only attaches when a defendant negligently or willfully fails to comply with a requirement under the statute. *See* 15 U.S.C. § 1681n(a); 15 U.S.C. § 1681o(a). Accordingly, to state a claim, "the plaintiff's complaint must allege specific facts as to the defendant's mental state," as "[m]erely stating that the violation was 'willful' or 'negligent' is insufficient." *Abbink v. Experian Info. Sols., Inc.*, 2019 WL 6838705, at *5 (C.D. Cal. Sept. 20, 2019). As set forth above, Plaintiff fails to allege any facts demonstrating Central Credit negligently or willfully failed to comply with the FCRA. *See* SAC ¶¶ 14-15. Thus, his claim fails for this reason as well. *See, e.g.*, *Mnatsakanyan v. Goldsmith & Hull APC*, 2013 WL 10155707, at *7 (C.D. Cal. May 14, 2013) (dismissing FCRA claim where plaintiff failed to allege facts showing defendant's "state of mind" in violating FCRA); *Braun*

DEFENDANT CENTRAL CREDIT'S MOTION TO
DISMISS SECOND AMENDED COMPLAINT
UNDER RULES 12(B)(6) AND 12(B)(1) - 14
Case No. 2:23-cv-01817-RAJ

**GORDON REES SCULLY MANSUKHANI, LLP**
701 Fifth Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

2408888.4

*v. Client Servs. Inc.*, 14 F. Supp. 3d 391, 397 (S.D.N.Y. 2014) ("Merely stating that the violation was 'willful' or 'negligent'" under the FCRA "is insufficient"). For all these reasons, Plaintiff's reinvestigation claim should be dismissed with prejudice.

**B.** **Plaintiff's Claim for Failure to Notify Consumer Under 15 U.S.C. § 1681i(a)(6)(B)(iii)-(iv) (Count II) Is Outside the Scope of the Court's Prior Order of Dismissal and Also Fails**

Plaintiff's claim against Central Credit for failure to properly notify Plaintiff about Central Credit's reinvestigation procedure and Plaintiff's right to include a statement of dispute under 15 U.S.C. section 1681i(a)(6)(B)(iii)-(iv) should be dismissed because the Court did not grant Plaintiff leave to add this new claim to the SAC, Plaintiff fails to plead sufficient facts to support this claim, and Plaintiff lacks standing to assert mere technical violations of the FCRA.

**1.** **The Court did not grant Plaintiff leave to add new claims.**

Plaintiff did not raise a failure to notify claim in either of the previous two complaints. *See* Dkt. #1; *supra* n.1. In dismissing the FAC, the Court did not grant Plaintiff blanket leave to add new claims, but rather specifically granted Plaintiff leave to address the deficiencies in Plaintiff's existing claims. Specifically, the Court granted Plaintiff leave to amend to allege that Central Credit is a "credit reporting agency" under the FCRA, and to allege further factual information supporting Plaintiff's claims. Dkt. #27 at 5-6. The Court similarly dismissed Plaintiff's state law claims and held that because "Defendant has not shown that amendment would be futile and could not be cured by alleging additional facts . . . the Court will allow Plaintiff to amend ***these claims***." *Id.* (emphasis added).

"[W]here leave to amend is given to cure deficiencies in certain specified claims, courts have held that new claims alleged for the first time in the amended pleading should be dismissed or stricken." *Nacarino v. Chobani, LLC*, 668 F. Supp. 3d 881, 901 (N.D. Cal. 2022) (citation omitted) (collecting cases); *Vaughn v. Cohen*, No. 3:23-CV-06142-TMC, 2024 WL 4881975, at

DEFENDANT CENTRAL CREDIT'S MOTION TO
DISMISS SECOND AMENDED COMPLAINT
UNDER RULES 12(B)(6) AND 12(B)(1) - 15
Case No. 2:23-cv-01817-RAJ

**GORDON REES SCULLY
MANSUKHANI, LLP**
701 Fifth Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

2408888.4

*2 (W.D. Wash. Nov. 25, 2024) ("[C]ourts in this district have stricken claims that exceed the scope of an order allowing leave to amend."). "Thus, whether a district court will accept new claims and/or parties in an amended complaint after a motion to dismiss will depend on whether the plaintiff was granted leave to amend with or without limitation." *Nacarino*, 668 F. Supp. 3d at 901; *see also DiMaio v. Cnty. of Snohomish*, No. C17-0128JLR, 2017 WL 5973067, at *6 (W.D. Wash. Dec. 1, 2017) (dismissing breach of contract claim not included in complaint).

Plaintiff could have sought leave to amend the FAC to add new claims under Rule 15. Indeed, Plaintiff represented that he was going to seek leave to amend in his opposition to Central Credit's prior motion to dismiss last June. *See* Dkt. #25 at 5. But he did not. Instead, Plaintiff waited five months for the Court to issue its order granting Central Credit's motion to dismiss and then added this new claim without leave of Court. Accordingly, Plaintiff's additional failure to notify claim is improper and the Court should dismiss it outright.

### 2. Plaintiff fails to allege facts supporting his failure to notify claim.

Plaintiff's new failure to notify claim also fails under Rule 12(b)(6) because it is insufficiently pleaded. 15 U.S.C. section 1681i(a)(6)(B) requires that a consumer reporting agency provide a consumer with certain information regarding the results of a reinvestigation under Section 1681i(a). Plaintiff does not dispute that Central Credit provided him with the results of the reinvestigation (SAC ¶ 22), but instead summarily claims that Central Credit did not provide him with: (1) "a notice that, if requested by the consumer, a description of the procedure used to determine the accuracy and completeness of the information shall be provided to the consumer by the agency;" and (2) "a notice that the consumer has the right to add a statement to the consumer's file disputing the accuracy or completeness of the information." 15 U.S.C. § 1681i(a)(6)(B)(iii)-(iv).

Plaintiff includes no facts to support his failure to notify claim except that "Central Credit sent Plaintiff a November 21, 2023, letter and . . . [t]hat letter . . . doesn't meet the

DEFENDANT CENTRAL CREDIT'S MOTION TO
DISMISS SECOND AMENDED COMPLAINT
UNDER RULES 12(B)(6) AND 12(B)(1) - 16
Case No. 2:23-cv-01817-RAJ

**GORDON REES SCULLY
MANSUKHANI, LLP**
701 Fifth Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

2408888.4

requirements of subsections (iii)-(iv)" because it supposedly did not include the required information. *See* SAC ¶ 22. This is insufficient. Plaintiff does not attach a copy of the letter to the SAC or allege any facts about what the letter actually says. Plaintiff admits that Central Credit included a "summary of rights" attachment with the letter but complains, without factual detail, that the attachment "does not mention to Plaintiff Plaintiff's right to include a statement of dispute." *Id.* Tellingly, the document is not attached to the SAC or pleaded with particularity. The SAC also does not allege any facts about whether the attachment included "a notice that, if requested by the consumer, a description of the procedure used to determine the accuracy and completeness of the information shall be provided to the consumer by the agency." 15 U.S.C. § 1681i(a)(6)(B)(iii). Critically, Plaintiff fails to include any information about whether the November 21, 2023, letter and its attachment did not include a notice that Plaintiff could ***request*** a description of the reinvestigation procedure because the letter itself ***already described the reinvestigation procedure*** used by Central Credit—thus rendering any further request about the reinvestigation procedure inapplicable. Plaintiff's allegations are deficient and implausible.

Even if Plaintiff could plausibly allege that Central Credit failed to notify him of certain required information in the November 21, 2023, letter and the "summary of rights" attachment, Plaintiff still fails to allege any facts that show Central Credit's violations were negligent or willful, as required under 15 U.S.C. section 1681n(a) and 15 U.S.C. section 1681o(a). *See Guimond*, 45 F.3d 1329, at 1333 ("The FCRA does not impose strict liability."). To the extent Plaintiff argues that Central Credit was reckless because "[f]or one of the failures, earlier letters appear to have included it" (SAC ¶ 23), the SAC does not specify what "it" in this context means. Moreover, if Plaintiff is admitting that he was already aware of one of the notices he claims was missing from Central Credit's correspondence because he had already received such notice previously, this shows that Central Credit did not act willfully.

Plaintiff also cannot establish the element of actual damages, which is required to plead

DEFENDANT CENTRAL CREDIT'S MOTION TO
DISMISS SECOND AMENDED COMPLAINT
UNDER RULES 12(B)(6) AND 12(B)(1) - 17
Case No. 2:23-cv-01817-RAJ

**GORDON REES SCULLY
MANSUKHANI, LLP**
701 Fifth Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

2408888.4

a negligent violation of the FCRA. *See* 15 U.S.C. § 1681o(a)(1). The FCRA violations alleged by Plaintiff in the SAC are bare procedural, technical alleged violations, which even if true, did not cause Plaintiff any actual harm. For example, Plaintiff fails to allege any facts about how his credit was impacted and he appears to admit that he was aware of at least one of the purportedly missing notices, which demonstrates knowledge and awareness. *See* SAC ¶ 23 ("For one of the failures, earlier letters appear to have included it . . . ."). Nor does Plaintiff allege that he ever requested that Central Credit add a statement to his file that he disputes the accuracy of the completeness of the alleged information at issue—even though Plaintiff admits he is presently aware of his right to do so and he has amended his complaint twice. *See* SAC ¶ 25. Accordingly, dismissal is appropriate for this reason as well.

### 3. Plaintiff lacks standing to bring a failure to notify claim.

Dismissal is also appropriate under Rule 12(b)(1) because Plaintiff lacks Article III standing to assert his failure to notify claim. As the Supreme Court has confirmed, "a bare procedural violation" of the FCRA, "divorced from any concrete harm," does not alone "satisfy the injury-in-fact requirement of Article III." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 341 (2016); *Dutta v. State Farm Mut. Auto. Ins. Co.*, 895 F.3d 1166, 1173 (9th Cir. 2018) ("[T]he plausible pleading of a flat out violation of a statutory provision will not necessarily support a civil law suit in federal court."). Instead, courts must "ask: (1) whether the statutory provisions at issue were established to protect [the plaintiff's] concrete interests (as opposed to purely procedural rights), and if so, (2) whether the specific procedural violations alleged in [the] case actually harm, or present a material risk of harm to, such interests." *Robins v. Spokeo, Inc.*, 867 F.3d 1108, 1113 (9th Cir. 2017).

Here, the FCRA failure to notify violations alleged by Plaintiff relate to procedural rights, not concrete interests, because they merely address the form of a notice to be provided to a consumer following a reinvestigation by the credit reporting agency. *See* 15 U.S.C. §

DEFENDANT CENTRAL CREDIT'S MOTION TO
DISMISS SECOND AMENDED COMPLAINT
UNDER RULES 12(B)(6) AND 12(B)(1) - 18
Case No. 2:23-cv-01817-RAJ

**GORDON REES SCULLY
MANSUKHANI, LLP**
701 Fifth Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

2408888.4

1681i(a)(6)(B)(iii)-(iv). Even if these requirements could be interpreted as having been established to protect Plaintiff's concrete interests, Plaintiff fails to show that he has been harmed in any way, including because he was apparently aware of at least one of the purportedly missing notices at issue. *See* SAC ¶ 23 ("For one of the failures, earlier letters appear to have included it . . . ."). Plaintiff also fails to allege that he ever requested that Central Credit add a statement to his file that he disputes the accuracy of the completeness of the alleged information in his credit report—even though Plaintiff admits he is presently aware of his right to do so and he has amended his complaint twice. *See id.* ¶ 25. This directly contradicts Plaintiff's conclusory assertion that "had Plaintiff known about his right to include a statement of dispute, he would have exercised this right." *Id.* Accordingly, Plaintiff lacks Article III standing to assert his bare, procedural violations of the notification requirements in 15 U.S.C. section 1681i(a)(6)(B)(iii)-(iv) either.

C.    **Plaintiff's WCPA Claim Fails**

As in the prior FAC, Plaintiff's claim for violation of the Washington State Consumer Protection Act remains incurably defective for several reasons.

***First***, while the WCPA does provide a private right of action for Washington State Fair Credit Reporting Act ("WFCRA") violations, as a derivative claim the WFCRA claim fails for the same reasons set forth above in relation to Plaintiff's FCRA claims (*supra* Sections IV(A)-(B)) because Plaintiff's WCPA claim is entirely derivative of those claims. *See* SAC ¶ 26. Specifically, Plaintiff's claim under the WCPA (Count III) is premised on his claim that Central Credit violated the WFCRA, as set forth in Plaintiff's claims for failure to reasonably reinvestigate (Count I) and failure to notify (Count II). As explained in Sections A and B, *supra*, Plaintiff's reinvestigation theory fails as a matter of law and Plaintiff fails to allege sufficient facts to support his other conclusory legal claims. This is true whether he asserts his claim under the FCRA or as a *per se* violation of the WCPA for violating the WFCRA.

DEFENDANT CENTRAL CREDIT'S MOTION TO
DISMISS SECOND AMENDED COMPLAINT
UNDER RULES 12(B)(6) AND 12(B)(1) - 19
Case No. 2:23-cv-01817-RAJ

**GORDON REES SCULLY
MANSUKHANI, LLP**
701 Fifth Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

2408888.4

**Second**, even if Plaintiff sufficiently pleaded a violation of the WFCRA to sustain a *per se* violation of the WCPA (*see* RCW 19.182.150), Plaintiff still fails to plead sufficient facts to satisfy all five required elements of a private cause of action under the WCPA. *Thepvongsa v. Reg'l Tr. Servs. Corp.*, 972 F. Supp. 2d 1221, 1231 (W.D. Wash. 2013) ("A private cause of action exists under the CPA if (1) the conduct is unfair or deceptive, (2) occurs in trade or commerce, (3) affects the public interest, and (4) causes injury (5) to plaintiff's business or property.").

To start, Plaintiff does not plead any factual allegations showing that Central Credit engaged in unfair or deceptive commerce and that such conduct occurred in trade or commerce and somehow affected the public interest. *See, e.g.*, *McDonald v. OneWest Bank, FSB*, 929 F. Supp. 2d 1079, 1097 (W.D. Wash. 2013) (Under the WCPA, "a deceptive act must have the capacity to deceive a substantial portion of the population," and "must allege an actual or potential impact on the general public, not merely a private wrong."). As the Court held in its prior order of dismissal, in assessing the public interest element:

> The Court must examine several factors to determine whether the public interest is impacted: 1) Were the alleged acts committed in the course of defendant's business?; 2) Did defendant advertise its services to the public in general?; 3) Did defendant actively solicit this particular plaintiff, indicating potential solicitation of others?; and 4) Did plaintiff and defendant occupy unequal bargaining positions? *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.,* 105 Wash. 2d 778, 790–91 (1986).

Dkt. #27 at 7. Plaintiff does not allege any facts addressing these factors in the SAC, and thus Plaintiff fails to adequately plead this required element of his claim.

Nor does Plaintiff plead any facts showing any purported violation of the WCPA somehow caused damage to Plaintiff's "business or property," as required under the statute. *See Panag v. Farmers Ins. Co. of Washington*, 166 Wash. 2d 27, 57 (2009) ("Washington requires a private CPA plaintiff to establish the deceptive act caused injury. Personal injuries, as opposed to injuries to 'business or property,' are not compensable and do not satisfy the injury

DEFENDANT CENTRAL CREDIT'S MOTION TO
DISMISS SECOND AMENDED COMPLAINT
UNDER RULES 12(B)(6) AND 12(B)(1) - 20
Case No. 2:23-cv-01817-RAJ

**GORDON REES SCULLY
MANSUKHANI, LLP**
701 Fifth Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

2408888.4

requirement. Thus, damages for mental distress, embarrassment, and inconvenience are not recoverable under the CPA.") (citations omitted). While Plaintiff summarily claims that he "has a commercial and business interest in his ability to get financial [*sic*] at gaming casino locations" and "Plaintiff has a legally cognized [*sic*] property interest in the nature of his report itself" (SAC ¶ 43), Plaintiff fails to allege any facts supporting these assertions or otherwise demonstrating injury to his business or property. For example, Plaintiff does not allege any details about what "commercial or business" interest is purportedly at issue. Plaintiff also does not allege what "property interest" he could possibly have in a credit report or how a purported failure to reasonably reinvestigate Plaintiff's dispute or to furnish certain notices to Plaintiff following the reinvestigation could have impacted his "property interest" in a way that is legally cognizable. For all these reasons, Plaintiff's WCPA claim is defective and should be dismissed with prejudice.

### D.    The SAC Should Be Dismissed with Prejudice

The SAC should be dismissed with prejudice and without further leave to amend. "The court considers five factors in assessing the propriety of leave to amend—bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011). As in its prior motion to dismiss, Central Credit submits that all five factors are present here and warrant dismissal with prejudice.

***First***, Plaintiff has demonstrated bad faith and undue delay in repeatedly failing to amend what are plainly meritless claims. Plaintiff first raised the prospect of a further amended complaint on March 25, 2025. *See* Dkt. #21-3. The parties met and conferred extensively on the proposed further amendment. *See* Dkt. #21-3, 21-5. Nevertheless, Plaintiff chose not to amend the FAC and instead forced Central Credit to file a motion to dismiss. *See* Dkt. #20. On June 24, 2024, in Plaintiff's opposition to the motion to dismiss, Plaintiff's counsel again represented

DEFENDANT CENTRAL CREDIT'S MOTION TO
DISMISS SECOND AMENDED COMPLAINT
UNDER RULES 12(B)(6) AND 12(B)(1) - 21
Case No. 2:23-cv-01817-RAJ

**GORDON REES SCULLY
MANSUKHANI, LLP**
701 Fifth Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

2408888.4

1  that "Plaintiff intends to move for leave to file a first-amended complaint to amend the pro se

2  complaint that Mr. Leavitt drafted and filed, prior to having representation," which would "moot

3  Defendant's pending motion to dismiss, rendering the remainder of this briefing unnecessary to

4  decide." Dkt. #25 at 5. But Plaintiff still did not file an amended complaint. Instead, five months

5  later the Court issued its order dismissing the FAC and ordering Plaintiff to file any further

6  amended complaint within one week. Dkt. #27. Then, Plaintiff again failed to file his amended

7  complaint and requested a continuance (Dkt. #28) before ultimately filing the SAC on December

8  11, 2024. Dkt. #31.

9      **Second**, any proposed amendment would be futile for the reasons set forth above. *See*

10  *supra* § IV(A)-(C).

11     **Third**, further amendment would be highly prejudicial to Central Credit, who has now

12  twice been forced to move to dismiss baseless claims against it.

13     **Fourth**, Plaintiff has already amended the complaint twice before (*see supra* n.1), which

14  also weighs against any further leave to amend. *See Ecological Rts. Found. v. Pac. Gas & Elec.*

15  *Co.*, 713 F.3d 502, 520 (9th Cir. 2013) ("Although a district court 'should freely give leave [to

16  amend] when justice so requires,' the court's discretion to deny such leave is 'particularly broad'

17  where the plaintiff has previously amended its complaint.'") (internal citations omitted).

18     For all these reasons, dismissal with prejudice is appropriate here.

### V.    CONCLUSION

19     For the reasons set forth above, Central Credit respectfully requests that the Court

20  dismiss the SAC in its entirety with prejudice and without further leave to amend.

21

22

23

24

25

26

DEFENDANT CENTRAL CREDIT'S MOTION TO
DISMISS SECOND AMENDED COMPLAINT
UNDER RULES 12(B)(6) AND 12(B)(1) - 22
Case No. 2:23-cv-01817-RAJ

**GORDON REES SCULLY
MANSUKHANI, LLP**
701 Fifth Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

2408888.4

1       *I certify that this memorandum contains fewer than 8,400 words, in compliance with the*

2  *Local Civil Rules.*

3      Dated: December 26, 2024.          GORDON REES SCULLY

4                                MANSUKHANI, LLP

5                               *By: s/  Shannon Wodnik*

6                                Shannon L. Wodnik, WSBA #44998
                              *Attorneys for Defendant Everi Holdings*

7                                *Inc. dba Central Credit*
                              Gordon Rees Scully Mansukhani, LLP

8                                701 Fifth Avenue, Suite 2100
                              Seattle, WA 98104

9                                Phone: (206) 695-5100
                              Fax: (206) 689-2822

10                               Email: swodnik@grsm.com

11

12                               GLASER WEIL FINK HOWARD
                              JORDAN & SHAPIRO LLP

13                               Elizabeth Sperling (*Pro Hac Vice*)
                              Alexander Miller (*Pro Hac Vice*)

14                               600 West Broadway, Suite 2150
                              San Diego, CA  92101

15                               Phone:  (619) 765-4380
                              Email:  esperling@glaserweil.com

16                                           amiller@glaserweil.com

17                               *Attorneys for Defendant Central Credit,*
                              *LLC*

18

19

20

21

22

23

24

25

26

DEFENDANT CENTRAL CREDIT'S MOTION TO
DISMISS SECOND AMENDED COMPLAINT
UNDER RULES 12(B)(6) AND 12(B)(1) - 23
Case No. 2:23-cv-01817-RAJ

**GORDON REES SCULLY
MANSUKHANI, LLP**
701 Fifth Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

89166050

2408888.4