The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ABRAHAM LEAVITT,

                    Plaintiff,

    v.

CENTRAL CREDIT, LLC,

                    Defendant.

NO. 2:23-cv-01817-RAJ

DEFENDANT CENTRAL CREDIT'S REPLY IN SUPPORT OF MOTION TO DISMISS SECOND AMENDED COMPLAINT UNDER RULES 12(b)(6) AND 12(b)(1)

NOTE ON MOTION CALENDAR: March 17, 2025

## I.  INTRODUCTION

Plaintiff's Opposition (Dkt. #42, "Opposition") to Central Credit's Motion to Dismiss (Dkt. #33, "Motion") does nothing to change the fact that Plaintiff's claims are both insufficiently pleaded and fail as a matter of law. Indeed, Plaintiff largely fails to respond to Central Credit's Motion at all and thus concedes its merit. *See infra* §§ II(B)-(E). As the complaint has already been amended twice and any further amendment would be futile, the SAC should be dismissed with prejudice.

**GORDON REES SCULLY MANSUKHANI, LLP**
701 Fifth Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

## II.    ARGUMENT

**A.    Plaintiff's Claim For Failure to Reasonably Investigate Under 15 U.S.C. § 1681i(a)(1) (Count I) Fails.**

Plaintiff's Opposition fails to address or overcome the governing law regarding this dispute, discussed at length in Central Credit's Motion, which establishes that Plaintiff's reinvestigation claim fails as a matter of law. *See* Mot. at 7-10 (citing *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 892 (9th Cir. 2010)). "In the Ninth Circuit, credit reports are considered accurate under the FCRA where the credit reporting agencies correctly report information furnished by the creditor, even when there is a pending legal dispute between plaintiff and creditor as to the validity of the debt." *Gauci v. Citi Mortg.*, 2012 WL 1535654, at *5 (C.D. Cal. Apr. 30, 2012) (discussing *Carvalho*). Thus, as a matter of law, "a CRA's responsibility is to correctly report information furnished by the creditor, and not to adjudicate a consumer-creditor dispute." *Kozlowski v. Bank of Am., N.A.*, 2018 WL 5099765, at *5 (E.D. Cal. Oct. 18, 2018) (dismissing FCRA claim under *Carvalho*).

Yet this is exactly what Plaintiff improperly seeks to do here. Plaintiff concedes in the SAC and in his Opposition that he, at some point, owed the debt that was reported by Central Credit. *See, e.g.*, SAC ¶ 11 ("Plaintiff incurred gaming debts while gaming there . . . ."); Opp. at 5-7. Plaintiff also concedes that, after disputing with Central Credit that he still owed the debt at issue, Central Credit reinvestigated its reporting by confirming with the furnisher that the debt was still owing. *See* SAC ¶ 13. This is all Central Credit, as a credit reporting agency, was required to do.

Plaintiff's issue appears to be that the information *the furnisher* provided to Central Credit is inaccurate because Plaintiff claims he later repaid the debt to *the furnisher*. But that is a dispute between Plaintiff and *the furnisher*—not Plaintiff and Central Credit. Central Credit's role is not to mediate or be the fact finder or arbiter of a consumer's disputes with credit furnishers. Central Credit's role is simply to accurately report credit information reported to it

**GORDON REES SCULLY
MANSUKHANI, LLP**
701 Fifth Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

by credit furnishers. *See Carvalho*, 629 F.3d at 892 ("[D]etermining whether the consumer has a valid defense is a question for a court to resolve in a suit against the creditor, not a job imposed upon consumer reporting agencies by the FCRA.") (cleaned up). Accordingly, Plaintiff's attempt to collaterally attack the furnisher's reporting by suing Central Credit instead is patently improper and should be rejected. *See id.* ("[R]einvestigation claims are not the proper vehicle for collaterally attacking the legal validity of consumer debts."). In short, Plaintiff's claim is against the furnisher, not Central Credit.

Plaintiff attempts to avoid this commonsense result in several ways, but each fails.

*First*, Plaintiff offers no explanation and points to no authority as to why Central Credit would have had a duty to undertake a more searching inquiry into the information that was reported by the furnisher in this instance. *See* Opp. at 5-6. For example, in making his dispute with Central Credit, Plaintiff does not allege that he told Central Credit at that time that he did not owe the debt because he had in fact repaid it in full.[1] Nor does Plaintiff allege that he has ever provided Central Credit—even after filing this lawsuit—with any information confirming that he no longer owes the debt, such as a receipt or a payoff statement. He has not, and apparently cannot, because he does in fact owe the debt. Regardless, Central Credit confirmed with the furnisher that the information it provided regarding Plaintiff's debt was accurate. *See, e.g.*, SAC ¶ 13. This is all that is required under *Carvalho*. *See, e.g.*, *Riser v. Cent. Portfolio Control Inc.*, No. 3:21-CV-05238-LK, 2023 WL 2742075, at *1 (W.D. Wash. Mar. 31, 2023) ("For a report to be inaccurate, it must be 'patently incorrect or materially misleading' such that a CRA would not have to undertake an unduly burdensome inquiry into the consumer's legal defenses to identify the inaccuracy.") quoting *Carvalho*, 629 F.3d at 890-91.

*Second*, this is not a matter for summary judgment and this matter can and should be resolved at the pleading stage. *See* Opp. at 7. Numerous courts, including other judges in this

---

[1] Even if he had, Central Credit's only obligation would have been to confirm the debt was unpaid with the furnisher, as Central Credit did here.

DEFENDANT CENTRAL CREDIT'S REPLY IN
SUPPORT OF MOTION TO DISMISS SECOND
AMENDED COMPLAINT UNDER RULES
12(B)(6) AND 12(B)(1) - 3
Case No. 2:23-cv-01817-RAJ

**GORDON REES SCULLY MANSUKHANI, LLP**
701 Fifth Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

District, have dismissed reinvestigation claims under *Carvalho* because, like the Plaintiff here, the consumer argued they were not legally obligated to pay the debt at issue. *See, e.g.*, *Riser v. Cent. Portfolio Control Inc.*, No. 3:21-CV-05238-LK, 2022 WL 2209648, at *4 (W.D. Wash. June 21, 2022), *aff'd,* No. 23-35502, 2024 WL 4707886 (9th Cir. Nov. 7, 2024) (dismissing reinvestigation claim against credit reporting agency under *Carvalho* where plaintiff contended there was no legal obligation to pay the debt); *Khankin v. JLR San Jose, LLC*, 720 F. Supp. 3d 816, 829 (N.D. Cal. 2024) (same); *Rouimy v. Equifax Info. Servs. LLC*, 2019 WL 1449503, at *5 (C.D. Cal. Mar. 29, 2019) (same); *Prianto v. Experian Info. Sols.*, Inc., 2014 WL 3381578, at *7 (N.D. Cal. July 10, 2014). There is no reason why this Court should not similarly decide that Plaintiff's reinvestigation claim fails as a matter of law here.

　　　To the extent Plaintiff cites other cases in the summary judgment context that also involved FCRA claims, none of those cases preclude the Court from addressing Plaintiff's reinvestigation claim on a motion to dismiss here. *See* Opp. at 11. For example, this Court in *Collins v. Milliman, Inc.*, held that the reasonableness determination there was not amenable to resolution as a matter of law, but only because the defendant was making a factual argument that "its relatively low error rate and formal reinvestigation procedures demonstrate that it utilizes 'reasonable' procedures and efforts, which is all that the FCRA requires." No. 2:22-CV-00061-RAJ, 2023 WL 2043945, at *3 (W.D. Wash. Feb. 16, 2023). In this case, Central Credit raises legal challenges in its Motion, not factual challenges. In fact, in Plaintiff's cited authority *Gorman v. Wolpoff & Abramson, LLP*, the Ninth Circuit held that "although 'reasonableness' is generally a question for a finder of fact, ***summary judgment in this case was appropriate***," *i.e.*, "reasonableness" in that case was a legal issue appropriately decided by the Court. 584 F.3d 1147, 1161 (9th Cir. 2009). The same is true here, even if the Court happens to be doing so on a motion to dismiss.

DEFENDANT CENTRAL CREDIT'S REPLY IN SUPPORT OF MOTION TO DISMISS SECOND AMENDED COMPLAINT UNDER RULES 12(B)(6) AND 12(B)(1) - 4
Case No. 2:23-cv-01817-RAJ

**GORDON REES SCULLY MANSUKHANI, LLP**
701 Fifth Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

**Third**, it is plain that *Carvalho* applies here, and Plaintiff fails to distinguish *Carvalho* in any meaningful way. *See* Opp. at 8-10. Addressing each of Plaintiff's contentions in turn:

1.  Like *Carvalho*, Plaintiff concedes that he did in fact owe the debt at issue at some point. *See, e.g.*, SAC ¶ 11.

2.  A claim that there is no valid debt because the debt has already been repaid is a legal defense in a debt collection action, which this is not. *See, e.g.*, 15 U.S.C. § 1692g (requiring that a debt collector confirm that there is a valid debt under the Fair Debt Collection Practices Act).

3.  Plaintiff alleges no facts showing that he supposedly notified Central Credit prior to its reinvestigation that Plaintiff disputed the debt at issue because he had already repaid the debt. Plaintiff did not do so and provides no explanation as to why Central Credit should have been required to investigate the matter further beyond confirming the disputed information with the furnisher—which Plaintiff concedes Central Credit did.

4.  Plaintiff is attempting to "collaterally attack" his disputed debt with the furnisher by suing Central Credit, rather than the furnisher. This is exactly what the *Carvalho* court held a plaintiff cannot do. Instead, "a consumer disputing the legal validity of a debt that appears on her credit report should first attempt to resolve the matter directly with the creditor or furnisher, which stands in a far better position to make a thorough investigation of a disputed debt than the CRA does on reinvestigation." *Carvalho*, 629 F.3d at 892 (citation omitted).

5.  As in *Carvalho*, Plaintiff fails to state a reinvestigation claim **as a matter of law** because Plaintiff fails to adequately allege the elements of his claim. *See Carvalho*, 629 F.3d at 892 (holding summary judgment was proper "[b]ecause Carvalho has failed to establish an element of a prima facie reinvestigation

**GORDON REES SCULLY
MANSUKHANI, LLP**
701 Fifth Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

claim."). Plaintiff concedes an inaccuracy is an element of his reinvestigation claim. *See* Opp. at 5-6.

6.    As set forth above, the purported inaccuracy here is not a factual issue incapable of resolution on a motion to dismiss, as Plaintiff contends. Numerous other courts have dismissed reinvestigation claims under *Carvalho*, as Central Credit seeks to do here. And regardless of whether Plaintiff wants to classify his purported repayment of the debt as a factual issue or a legal issue, the point remains that, under *Carvalho*, Plaintiff needs to take up that dispute with the furnisher of the information, not with Central Credit. As Plaintiff does not, and cannot, dispute that Central Credit accurately reported the information it was provided by the furnisher, Plaintiff's claim fails.

For all these reasons, Plaintiff's reinvestigation claim fails as a matter of law, and should be dismissed with prejudice.

**B.    Plaintiff Also Fails to Allege Sufficient Facts Supporting Each Element of His Reinvestigation Claim.**

As set forth above, Plaintiff's reinvestigation claim is not legally cognizable. If Plaintiff contends that he repaid the debt at issue, his claim is against the furnisher of the debt, not against Central Credit. Regardless, dismissal is also appropriate here because Plaintiff fails to allege sufficient facts to state a claim. *See* Mot. at 10-15.

To the extent Plaintiff contends that Central Credit's Motion does not apply the correct standard for Rule 12(b)(6) dismissal (Opp. at 23-24), Plaintiff is incorrect. As set forth in Central Credit's Motion, a court construes the facts alleged "in the light most favorable to the" non-moving party ***only*** if those facts are "well-pleaded." *Irving Firemen's Relief & Ret. Fund v. Uber Techs.*, 998 F.3d 397, 403 (9th Cir. 2021). Mere "labels and conclusions," "naked assertions devoid of further factual enhancement," and "formulaic recitation[s] of the elements of a cause of action," as Plaintiff makes here, are insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662,

**GORDON REES SCULLY
MANSUKHANI, LLP**
701 Fifth Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

678 (2009) (cleaned up). Moreover, it is not proper for the Court to assume "the [Plaintiff] can prove facts which [he or she] has not alleged." *Ass'n. Gen. Con. of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

Like the prior FAC, the SAC lacks sufficient well-pleaded factual content to state a reinvestigation claim. Tellingly, Plaintiff's Opposition contains only summary and conclusory responses to each of Central Credit's reasoned arguments and fails to oppose Central Credit's Motion on the merits or with applicable on-point authority. *Compare* Mot. at 10-15 *with* Opp. at 25-26. For example, Central Credit argues in its Motion that Plaintiff fails to adequately allege the inaccuracy element of his reinvestigation claim because Plaintiff fails to allege even basic information about the disputed debts such as the amounts, when they were incurred, the names of "casino or gambling locations" involved, how the debts were repaid, or any facts about whether the casinos acknowledged receipt of the payment. *See* Mot. at 11. Central Credit also argues that Plaintiff failed to attach a copy of the disputed credit report or identify what exactly the credit report states that Plaintiff contends is false. *Id.* Rather than respond to these arguments, Plaintiff's opposition on this point consists of a four-line statement summarily asserting the debts were "*paid in full*," and "[f]urther details are *not* required." Opp. at 25:4-8.

Plaintiff's responses to Central Credit's arguments on the remaining five elements of his claim are similarly deficient, as they fail to meaningfully respond to Central Credit's arguments in its Motion.[2] *Compare* Mot. at 10-15 *with* Opp. at 25-26. Under this Court's local rules and Ninth Circuit precedent, Plaintiff's failure to oppose Central Credit's argument on the merits is an admission that the Motion is meritorious. *See* LCR 7(b)(2) ("[I]f a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the

---

[2] The only case cited by Plaintiff in this section—an unpublished Ninth Circuit decision with no precedential value—is inapposite because in that case, unlike Plaintiff here, "Davis identified the disputed mortgage debt and included documents relevant to her claim. Davis included her prior bankruptcy petition, a letter from her mortgage servicer about the disputed mortgage, and her bankruptcy discharge order." *Davis v. Experian Info. Sols., Inc.*, 849 F. App'x 690, 691 (9th Cir. 2021). There are no such allegations here. Instead, Plaintiff's notice allegations are entirely devoid of factual content. *See* SAC ¶ 12. This is insufficient.

**GORDON REES SCULLY
MANSUKHANI, LLP**
701 Fifth Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

motion has merit."); *Carvalho*, 629 F.3d at 888 ("A plaintiff who makes a claim . . . in his complaint, but fails to raise the issue in response to a defendant's motion to dismiss . . . has effectively abandoned his claim, and cannot raise it on appeal."). Other judges in this District have granted motions to dismiss on this basis, and the Court here should do so as well. *See, e.g.*, *Olympus Spa v. Armstrong*, No. 22-CV-00340-BJR, 2023 WL 7496382, at *6 (W.D. Wash. Nov. 13, 2023) (granting motion to dismiss because "Plaintiffs do not respond to Defendants' arguments or in any way defend their Washington State Constitution claims," and therefore "the Court deems these claims abandoned") citing *Carvalho*, 629 F.3d at 888; *Viveros v. Audible, Inc.*, No. C23-0925JLR, 2023 WL 6960281, at *10 (W.D. Wash. Oct. 20, 2023) (granting motion to dismiss claims because plaintiffs did not respond to an argument in defendant Audible's motion to dismiss, and thus "they have conceded Audible's point.").

## C.    Plaintiff's Claim For Failure to Notify Consumer Under 15 U.S.C. § 1681i(a)(6)(B)(iii)-(iv) (Count II) Is Outside the Scope of the Court's Prior Order Granting Leave to Amend.

Plaintiff does not dispute that he failed to raise a failure to notify claim in either of the previous two complaints. *See* Opp. at 26-27. Nor does he dispute that he was never granted leave to add this new claim. Plaintiff's only argument as to why he should be allowed to go beyond the scope of leave to amend granted by the Court is that "Plaintiff reads the Court's order differently," and that "[a]mendment isn't about this or that legal theory." *Id.* Plaintiff is incorrect for the reasons set forth in Central Credit's Motion. *See* Mot. at 15-16.

Indeed, Plaintiff fails to even attempt to address any of the authorities Central Credit cited showing that dismissal is appropriate under these circumstances. *See Vaughn v. Cohen*, No. 3:23-CV-06142-TMC, 2024 WL 4881975, at *2 (W.D. Wash. Nov. 25, 2024) ("[C]ourts in this district have stricken claims that exceed the scope of an order allowing leave to amend."); *Nacarino v. Chobani, LLC*, 668 F. Supp. 3d 881, 901 (N.D. Cal. 2022) (same) (collecting cases); *DiMaio v. Cnty. of Snohomish*, No. C17-0128JLR, 2017 WL 5973067, at *6 (W.D. Wash. Dec.

**GORDON REES SCULLY
MANSUKHANI, LLP**
701 Fifth Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

1, 2017) (dismissing breach of contract claim not included in complaint). Accordingly, as above (*see supra* § II(B)), Plaintiff's failure to meaningfully respond to Central Credit's arguments is an admission that Central Credit's Motion has merit. *See* LCR 7(b)(2). Plaintiff failed to seek or obtain leave to add this new claim and cannot do so now. The failure to notify claims should therefore be dismissed with prejudice.

### D. Plaintiff's Failure to Notify Claim Must Also Be Dismissed Because It Is Insufficiently Pleaded.

Central Credit's Motion includes several pages of reasoned argument as to why Plaintiff fails to allege sufficient facts supporting his improper failure to notify claim. *See* Mot. at 16-18. Rather than respond to any of Central Credit's arguments, Plaintiff summarily asserts that he "does not need to *prove* anything at the pleading stage by attaching letters," and that "Defendants [*sic*] desire for more specifics and more details is simply not required." *See* Opp. at 26. Once again, Plaintiff's failure to meaningfully respond to Central Credit's arguments is an admission that Central Credit's Motion has merit. *See* LCR 7(b)(2). Thus, Plaintiff's failure to notify claim should be dismissed for all the reasons set forth in Central Credit's Motion. *See* Mot. at § II(B).

### E. Plaintiff Also Lacks Standing to Bring a Failure to Notify Claim.

Dismissal of Plaintiff's failure to notify claim is also appropriate under Rule 12(b)(1) because Plaintiff lacks Article III standing. *See* Mot. at 18-19. Plaintiff's opposition fails to meaningfully engage with the arguments in Central Credit's Motion as to this issue as well. *See* Opp. at 28. Specifically, Plaintiff fails to respond at all to Central Credit's argument that Plaintiff lacks standing because the FCRA failure to notify violations at issue relate to bare procedural rights, not concrete interests. *See Spokeo, Inc. v. Robins*, 578 U.S. 330, 341 (2016) ("[A] bare procedural violation" of the FCRA, "divorced from any concrete harm," does not alone "satisfy the injury-in-fact requirement of Article III."); *Dutta v. State Farm Mut. Auto. Ins. Co.*, 895 F.3d 1166, 1173 (9th Cir. 2018) ("[T]he plausible pleading of a flat out violation of a statutory provision will not necessarily support a civil law suit in federal court."); *Robins v. Spokeo, Inc.*,

DEFENDANT CENTRAL CREDIT'S REPLY IN SUPPORT OF MOTION TO DISMISS SECOND AMENDED COMPLAINT UNDER RULES 12(B)(6) AND 12(B)(1) - 9 Case No. 2:23-cv-01817-RAJ

**GORDON REES SCULLY MANSUKHANI, LLP** 701 Fifth Avenue, Suite 2100 Seattle, WA  98104 Telephone: (206) 695-5100 Facsimile: (206) 689-2822

867 F.3d 1108, 1113 (9th Cir. 2017) (holding that courts must "ask: (1) whether the statutory provisions at issue were established to protect [the plaintiff's] concrete interests (as opposed to purely procedural rights), and if so, (2) whether the specific procedural violations alleged in [the] case actually harm, or present a material risk of harm to, such interests.").

As above (*see supra* § II(B)), Plaintiff's failure to meaningfully respond to Central Credit's arguments is an admission that Central Credit's Motion has merit and is grounds for granting Central Credit's Motion. *See* LCR 7(b)(2).

To the extent Plaintiff argues that he adequately alleged actual damages in support of his failure to notify claim (*see* Mot. at 17-18; Opp. at 28), the supposed harms Plaintiff identifies are not in the SAC. For example, there are no factual allegations in the SAC that Plaintiff "los[t] lines of credit," that he suffered "reputational harm as a deadbeat in the gaming community," or that Plaintiff is a "professional poker player." Opp. at 28. Instead, Plaintiff merely summarily alleges that he was harmed because casinos supposedly "restrict[ed] his access to credit" so Plaintiff "had lesser access to money-making opportunities as a result." *See, e.g.*, SAC ¶ 16.

Nor does Plaintiff respond to Central Credit's argument that Plaintiff was aware of at least one of the purportedly missing notices, which shows there was no harm because Plaintiff had knowledge of the disputed information. *See* Mot. at 17-18; SAC ¶ 23 ("For one of the failures, earlier letters appear to have included it . . . ."). Plaintiff also concedes that he never requested that Central Credit add a statement to his file that he disputes the accuracy of the completeness of the alleged information in his credit report (*see* Opp. at 28), which directly contradicts Plaintiff's conclusory assertion that "had Plaintiff known about his right to include a statement of dispute, he would have exercised this right." *See* SAC ¶ 25. Plaintiff's failure to notify claim should be dismissed with prejudice on the merits.

**GORDON REES SCULLY
MANSUKHANI, LLP**
701 Fifth Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

## F.    Plaintiff's WCPA Claim Is Derivative of His Flawed FCRA Claims, and Thus Fails for the Same Reasons.

Plaintiff's claim under the WCPA (Count III) is premised on his same claims that Central credit failed to reasonably reinvestigate the disputed credit information and failed to provide Plaintiff with proper notice of his right to file a dispute. *See* Mot. at 19-21. Plaintiff's WCPA claim therefore fails for the same reasons Plaintiff's FCRA claims fail—including because Plaintiff fails to allege adequate facts to support his claims, and the Court never granted Plaintiff leave to file a new failure to notify claim. *See supra* §§ II(B).

Plaintiff is incorrect that Defendant "raises no defense on the merits" to Plaintiff's state law failure to notify claim under RCW 19.182.090(8)(b)(v). *See* Opp. at 12. This code section provides that "[i]f the reinvestigation does not resolve the dispute," the credit reporting agency must notify the consumer that the consumer may "may file a brief statement setting forth the nature of the dispute." *See* RCW 19.182.090(8)(b)(v) and RCW 19.182.090(6). This is the same notification requirement Plaintiff alleges Central Credit violated in his FCRA failure to notify claim. *See* 15 U.S.C. § 1681i(a)(6)(B)(iv) (requiring "a notice that the consumer has the right to add a statement to the consumer's file disputing the accuracy or completeness of the information."). The same is true of Plaintiff's state law failure to reinvestigate claim, which again directly mirrors Plaintiff's failure to reinvestigate claim under the FCRA. *Compare* RCW 19.182.090(1) *with* 15 U.S.C. section 1681i(a)(1). Thus, Plaintiff's state law claims fail for the same reasons as his FCRA claims. *See, e.g.*, *Henderson v. GMAC Mortg. Corp.*, 2008 WL 1733265, at *7 (W.D. Wash. Apr. 10, 2008) (dismissing WCPA claims for the same reasons as plaintiff's FCRA claims), *aff'd*, 347 F. App'x 299 (9th Cir. 2009).

To the extent Plaintiff argues that the reasoning in *Carvalho* does not apply to Plaintiff's WCPA claims because Washington state law does not require that an inaccuracy exists for a plaintiff to state a claim, Plaintiff provides no authority for this argument. Contrary to Plaintiff's representations (*see* Opp. at 13), the unpublished decisions in *Handlin v. On-Site Manager, Inc.*,

DEFENDANT CENTRAL CREDIT'S REPLY IN
SUPPORT OF MOTION TO DISMISS SECOND
AMENDED COMPLAINT UNDER RULES
12(B)(6) AND 12(B)(1) - 11
Case No. 2:23-cv-01817-RAJ

**GORDON REES SCULLY
MANSUKHANI, LLP**
701 Fifth Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

3 Wn. App. 2d 1030 (2018) and *Handlin v. On-Site Manager, Inc.*, No. 13-2-39897-4 KNT, 2016 WL 5673002, at *1 (Wash. Super. July 18, 2016) do not address this issue. Indeed, *Handlin* involved a failure to notify claim, not a failure to reinvestigate claim. *See Handlin*, 3 Wn. App. 2d at *1 ("When plaintiffs were trying to rent an apartment, the defendant company provided information about them to a landlord. The plaintiffs sued to obtain disclosure of the information. The trial court found that the company failed to make certain statutorily required disclosures."). Thus, Plaintiff's WCPA claims—which rely on the same facts as his FCRA claims—fail.

### G.     Plaintiff Fails to Sufficiently Plead the Elements of His WCPA Claim.

Even if Plaintiff sufficiently pleaded a violation of the WFCRA to sustain a *per se* violation of the WCPA (*see* RCW 19.182.150), Plaintiff still fails to plead sufficient facts to satisfy all five required elements of a private cause of action under the WCPA. *See* Mot. at 20-21. As this Court has already held, "[t]o state a claim under the CPA, plaintiff must plead ***facts*** demonstrating: (1) an unfair or deceptive act or practice, (2) in trade or commerce, (3) that impacts the public interest, (4) which causes injury to the plaintiff in his or her business or property, and (5) which injury is causally linked to the unfair or deceptive act." *Leavitt v. Credit Cent., LLC*, No. 23-CV-01817-RAJ, 2024 WL 4839360, at *4 (W.D. Wash. Nov. 20, 2024) (emphasis added). But Plaintiff fails to make any such factual allegations here beyond a handful of conclusory statements incorporated from Plaintiff's FCRA claims. *See* SAC ¶¶ 26-44. To the extent Plaintiff argues that he has sufficiently pled the first three elements of his WCPA claim because he has already alleged a violation of the WFCRA (*see* Opp. at 16-19)—which in this case is entirely derivative of Plaintiff's FCRA claims—Plaintiff's argument fails because he fails to sufficiently allege a predicate WFCRA claim for the same reasons set forth above.

Nor does Plaintiff plead facts showing Plaintiff's "business or property" was damaged, as required. *See Panag v. Farmers Ins. Co. of Washington*, 166 Wn.2d 27, 57 (2009). Plaintiff provides no authority for his claim that, because statutory damages are available, he need not

plead any facts showing an injury. *See* Opp. at 20-22. Plaintiff fails to cite any authority establishing that he need not demonstrate injury or damages as part of a WCPA claim. Plaintiff's reliance on *Wright v. Lyft, Inc.*, 189 Wn.2d 718, 729 (2017) is inapposite because, unlike here, the statutory provision at issue did not require proof of injury or causation. As Plaintiff does not allege any details in the SAC about what "commercial or business" interest is purportedly at issue and how such interest was damaged in a way that is legally cognizable, Plaintiff's WCPA claim is defective and should be dismissed with prejudice.

### III.    CONCLUSION

For the reasons set forth above and in Central Credit's Motion, Central Credit respectfully requests that the Court dismiss the SAC in its entirety with prejudice and without further leave to amend as any proposed amendment would be futile.

I certify that this memorandum contains 4,195 words, in compliance with the Local Civil Rules.

Dated: March 17, 2025

GORDON REES SCULLY
MANSUKHANI, LLP

By: *s/Kevin Craig*
    Kevin Craig, WSBA #29932
    Laurie Friedl, WSBA #35598
Gordon Rees Scully Mansukhani, LLP
701 Fifth Avenue, Suite 2100
Seattle, WA 98104
Phone: (206) 695-5100
Fax: (206) 689-2822
Email: kcraig@grsm.com
        lfriedl@grsm.com

GLASER WEIL FINK HOWARD
JORDAN & SHAPIRO LLP
Elizabeth Sperling (*Pro Hac Vice*)
Alexander Miller (*Pro Hac Vice*)
GLASER WEIL FINK HOWARD JORDAN &
SHAPIRO LLP

**GORDON REES SCULLY
MANSUKHANI, LLP**
701 Fifth Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

600 West Broadway, Suite 2150
San Diego, CA  92101
Phone: (619) 765-4380
Email:  esperling@glaserweil.com
          amiller@glaserweil.com

*Attorneys for Defendant Central Credit,*
*LLC*

DEFENDANT CENTRAL CREDIT'S REPLY IN
SUPPORT OF MOTION TO DISMISS SECOND
AMENDED COMPLAINT UNDER RULES
12(B)(6) AND 12(B)(1) - 14
Case No. 2:23-cv-01817-RAJ

**GORDON REES SCULLY
MANSUKHANI, LLP**
701 Fifth Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

1

## <u>CERTIFICATE OF SERVICE</u>

2

     I hereby certify that on March 17, 2025, I electronically filed the foregoing with the

3

Clerk of the Court using the CM/ECF system which will send notification of such filing to the

4

attorneys of record for the parties.

5

6

     DATED this 17th day of March, 2025.

7

                             *s/ Leslie Boulanger*
                             Leslie Boulanger

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

DEFENDANT CENTRAL CREDIT'S REPLY IN
SUPPORT OF MOTION TO DISMISS SECOND
AMENDED COMPLAINT UNDER RULES
12(B)(6) AND 12(B)(1) - 15
Case No. 2:23-cv-01817-RAJ

**GORDON REES SCULLY
MANSUKHANI, LLP**
701 Fifth Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822