THE HONORABLE RICHARD A. JONES

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

ABRAHAM LEAVITT,

    *Plaintiff*,

  vs.

CENTRAL CREDIT LLC,

    *Defendant*.

Case No. 2:23-cv-01817-RAJ

**Plaintiff's Response Regarding Defendant's Extension Request**

   Plaintiff's counsel works at a small public-interest firm that maintains a policy and practice of not opposing extensions of time for any opposing counsel, for reasons of professionalism and collegiality.  Accordingly, Plaintiff's counsel hereby stipulates to Defendant's requested extension, _with two important caveats detailed below_.

   **_First_**, as Plaintiff's counsel intends to demonstrate in forthcoming filings when the Rule 11 motion is filed, Defendant has taken a Rule 11 position that is highly abusive and improper.  Since the early portions of this case, Defendant's counsel, specifically Mr. Alexander Miller, who is not a member of this bar but is admitted *pro hac vice*, has adopted the highly unprofessional tactic of making repeated sanctions threats based upon positions that he, had he conducted investigation into his client's acts and into the governing law, would've known were false, legally unsupported, and/or not germane to the Parties' central factual disputes.  So, while Plaintiff's counsel agrees that the Rule 11 motion should be decided in advance of a forthcoming motion to dismiss, the Rule 11 motion itself is a highly improper tactic on these facts and should not be brought.  If Plaintiff's counsel did not strongly believe that Plaintiff's factual assertions were accurate after extensive grilling and investigation, Plaintiff's counsel would have dropped this representation long ago.

1

Moreover, if Plaintiff's counsel did not believe that the issues at stake in this case were of broader significance to other consumers and did not raise concerns about fairness in credit reporting going beyond Plaintiff personally, the representation would not have been undertaken. Indeed, this case is a demonstration that some lesser-known credit-reporting agencies, at least Defendant, are derelict in their duties to be consistently and forthrightly transparent with consumers about the consumers' rights to put disputes directly into credit reports. This is an important right because it allows consumers to give context to adverse credit reporting; to hopefully avoid some disputes from coming to court; and to avoid some falsehoods from restricting consumer's access to housing, credit, and employment. Insofar as this case implicates those important aspects of the federal Fair Credit Reporting Act and the Washington Fair Credit Reporting Act, on important and, in some cases, open questions of law, a Rule 11 motion is highly improper.

A Rule 11 motion intended to chill non-profit representation seeking to obtain judicial clarity on open questions of law is profound abuse.

***Second***, Plaintiff's counsel has never opposed any extension in his career to any opposing counsel in any case or in any forum. This has been true here as well. Plaintiff's counsel has assented to enormous courtesies for Defendant's counsel on timing and extensions, including in this very filing. Previously, these extensions were reciprocated. Now, Plaintiff's counsel has a very ill immediate family member who is sick with cancer, lung difficulties, and mobility difficulties. Yet, despite being put on notice about this, Mr. Miller has adopted a posture on timeframes that appears to be trying to leverage serious health family health issues in order to create accelerated time pressure for Plaintiff while relaxing all deadlines and timelines for himself – all done despite these extraordinary circumstances and after having received months and months of extensions fully assented to by Plaintiff's counsel.

This is another form of abuse.

Date: May 12, 2026               Respectfully submitted,

**DIGITAL JUSTICE FOUNDATION**
A NONPROFIT, PUBLIC-INTEREST LAW FIRM

By */s/ Andrew Grimm*
    Andrew Grimm (WSBA No. 51486)
    DIGITAL JUSTICE FOUNDATION
    15287 Pepperwood Drive
    Omaha, Nebraska 68154
    (531) 210-2381
    Andrew.B.Grimm@Gmail.com
    Andrew@DigitalJusticeFoundation.org

    *Attorney for Plaintiff Abraham Leavitt*

## CERTIFICATE OF COMPLIANCE

I hereby certify that this filing contains **659** words.

Dated: May 12, 2026           Respectfully submitted,

    */s/ Andrew Grimm*
    Andrew Grimm

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing via CM/ECF.

Dated: May 12, 2026           Respectfully submitted,

    */s/ Andrew Grimm*
    Andrew Grimm