HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ABRAHAM LEAVITT, | CASE NO. 2:23-cv-01817-RAJ |
| Plaintiff, | ORDER |
| v. | |
| CENTRAL CREDIT LLC, | |
| Defendant. | |

THIS MATTER comes before the Court on Defendant Central Credit LLC's ("Central Credit") Unopposed Motion to Extend Time to Respond to Amended Complaint, Dkt. # 59. The Court has reviewed the motion, Plaintiff Abraham Leavitt's response to the motion, and the balance of the record. For the reasons stated below, the Court **DENIES** the motion.

Central Credit asks the Court to "extend the time within which Central Credit may respond to Plaintiff's complaint until thirty days after the Court resolves Central Credit's forthcoming motion under Federal Rule of Civil Procedure 11." Dkt. # 59 at 1. It argues that its forthcoming Rule 11 motion "will seek dismissal of the complaint, and an extension will avoid unnecessary and potentially duplicative motion practice while the Rule 11 process proceeds." *Id.*

ORDER – 1

The Court does not find good cause to grant Central Credit's request.  First, the Court has already granted numerous stipulated motions for extensions by the parties.  *See* Dkts. # 48, 52, 54, 56, 28.  The parties previously sought, and the Court granted, limited discovery to assist the parties to narrow or resolve their dispute.  *See* Dkt. # 53.  Now that it appears the parties are unable to reach a resolution at this time, there is no reason to further delay this case.  Second, the filing of a Rule 11 motion does not justify an extension of Central Credit's response deadline.  Dismissal of a case under Rule 11 is a drastic remedy.  While the Court does not know the basis for Central Credit's forthcoming Rule 11 motion and takes no position as to the outcome at this time, it does not find that the mere request for this extraordinary remedy justifies further delaying this case.

The Court observes that Mr. Leavitt's counsel has raised concerns regarding personal circumstances potentially impacting his availability.  Dkt. # 60 at 2.  This order does not preclude the parties from seeking limited, reasonable extensions of the current deadlines if necessary due to extenuating personal circumstances.

DATED this 14th day of May, 2026.

_____

The Honorable Richard A. Jones
United States District Judge

ORDER – 2