# EXHIBIT B

| From: | Alexander Miller |
|---|---|
| To: | "Andrew Grimm" |
| Cc: | James Banker; Elizabeth Sperling; David Arroyo |
| Subject: | RE: Leavitt v. Central Credit |
| Date: | Wednesday, May 20, 2026 3:48:58 PM |
| Attachments: | image001.png |
| | image002.png |
| | image003.png |
| | image004.png |
| | image005.png |

Andrew,

As I have said, I am sorry that your mother is dealing with serious health issues. Our purpose in addressing the timing of the prior stipulation in our motion is not to be callous or personal. We need to explain to the Court that we acted diligently in seeking an extension and that, but for the delay in receiving a response, we would have done so well before the deadline.

Based on my notes, the first time you notified us that your mother was experiencing health issues was May 7. We appreciate this must be difficult for you and remain willing to extend reasonable professional courtesies where we can, as we have done throughout this case. But for purposes of this motion, we also need to provide the Court with an accurate account of what occurred leading up to the deadline.

In response to your continuing accusations that I am somehow acting unprofessionally, although I was initially unsure during our May 11 meet-and-confer call whether the Court could extend the safe-harbor deadline, I nevertheless followed up with you that same day and asked you to send us your extension request so we could consider it.

The broader timing is also relevant. We first raised the Rule 11 issues with you last year. We then attempted to meet and confer with you for weeks beginning on March 20 after we received the subpoenaed materials on those issues but did not receive a substantive response or any indication that personal issues were preventing you from responding. For example, on March 25, you wrote that you would respond to our Rule 11 claims but needed to review them with your client. On April 1, you wrote: "I will simply need more time to review the documents you have sent and confer with my client, so I will not be able to get you an answer today." I then followed up multiple times throughout April without receiving a response.

Because we were unable to confer, we were forced to incur the cost of drafting the Rule 11 motion and served it on May 1. We again received no response from your office until after we followed up multiple times beginning on May 6 regarding our extension request. Although my emails were primarily directed to you, we copied your partner James Banker throughout and did not receive any response from him either. We also did not receive an out-of-office message or other notice that you were unavailable due to family health issues.

Had we received some communication from your office earlier, it likely would have avoided these issues. So, while we remain willing to work with you on reasonable professional courtesies going forward, I am again asking that you stop making false and disparaging accusations about my conduct and professional character. If you raise those issues in a filing, we will need to respond to ensure the record is accurate.

Best,
Alex



**Alexander Miller**
ASSOCIATE

Glaser Weil Fink Howard Jordan & Shapiro LLP        amiller@glaserweil.com
600 West Broadway, Suite 2850                        T 619.762.5952
San Diego, CA 92101
glaserweil.com | bio

This message and any attached documents may contain information from the law firm of Glaser Weil Fink Howard Jordan & Shapiro LLP that is confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.

**From:** Andrew Grimm <andrew.b.grimm@gmail.com>
**Sent:** Wednesday, May 20, 2026 3:01 PM
**To:** Alexander Miller <amiller@glaserweil.com>
**Cc:** James Banker <jimbanker@gmail.com>; Elizabeth Sperling <esperling@glaserweil.com>; David Arroyo <David.Arroyo@lsandspc.com>
**Subject:** Re: Leavitt v. Central Credit

External email

Contains topics of a financial nature

Alex,

1.  If you will recall, my mother is dealing with serious health issues and your callousness about that situation is among the most unprofessional things I've encountered in my practice of law.  It was not, and is not, appreciated.

2.  I would note that you are relying upon similar reasons of "personal and family" health issues: "Counsel principally responsible for preparing Central Credit's response has also faced limited availability due to personal and family health issues and an unusual press of deadlines in other matters, further supporting the requested brief extension."  And, I am not unsympathetic to them, but I would simply ask that going forward, with me and with anyone else you encounter in your practice, that you do not act with them as you acted towards me.

3.  Accordingly, I will not oppose this extension and will not oppose an extension that seeks an additional week up to June 5, 2026, for the additional reason that, even still, I don't believe in pressuring counsel on deadlines and believe strongly in professional courtesy.

4.  I *will* file a response to the Honorable Court and your motion should make clear that my response will be forthcoming.

5.  I will also be seeking an extension of the safe-harbor period and it is my understanding that this will not be opposed as well insofar as I will want to see your legal basis in your Rule 12 motion for certain legal assertions you make in the Rule 11 motion because I believe your Rule 11 motion's assertions to be wholly unfounded and, therefore, entirely inappropriate for a Rule 11 motion.

-Andrew

On Wed, May 20, 2026 at 11:56 AM Andrew Grimm <andrew.b.grimm@gmail.com> wrote:

Alex,

I will review and get back to you by 3pm.

-Andrew

On Wed, May 20, 2026 at 9:37 AM Alexander Miller <amiller@glaserweil.com> wrote:

Andrew,

Please provide your position.

Best,
Alex



**Alexander Miller**
ASSOCIATE

Glaser Weil Fink Howard Jordan & Shapiro LLP    amiller@glaserweil.com
600 West Broadway, Suite 2850                   T 619.762.5952
San Diego, CA 92101
glaserweil.com | bio

This message and any attached documents may contain information from the law firm of Glaser Weil Fink Howard Jordan & Shapiro LLP that is confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.

**From:** Alexander Miller
**Sent:** Tuesday, May 19, 2026 3:57 PM
**To:** Andrew Grimm <andrew.b.grimm@gmail.com>
**Cc:** James Banker <jimbanker@gmail.com>; Elizabeth Sperling <esperling@glaserweil.com>; David Arroyo <David.Arroyo@lsandspc.com>
**Subject:** RE: Leavitt v. Central Credit

Andrew,

I have not taken any false or untrue positions, and you need to stop casually throwing around those misrepresentations. If you are unwilling to agree to the relief sought, we'll let the Court know. We are not making any representation that you join in our brief, as it is not a stipulation. In any event, please see the attached. Please confirm whether this is unopposed this afternoon so that we may file as soon as possible. As with our initial request for an extension, you have a history of requesting to review stipulations or other filings then delaying your response to them for days to our prejudice.

Best,
Alex



**Alexander Miller**
ASSOCIATE

Glaser Weil Fink Howard Jordan & Shapiro LLP    amiller@glaserweil.com
600 West Broadway, Suite 2850                   T 619.762.5952
San Diego, CA 92101
glaserweil.com | bio

This message and any attached documents may contain information from the law firm of Glaser Weil Fink Howard Jordan & Shapiro LLP that is confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.

**From:** Andrew Grimm <andrew.b.grimm@gmail.com>
**Sent:** Tuesday, May 19, 2026 3:44 PM
**To:** Alexander Miller <amiller@glaserweil.com>
**Cc:** James Banker <jimbanker@gmail.com>; Elizabeth Sperling <esperling@glaserweil.com>; David Arroyo <David.Arroyo@lsandspc.com>
**Subject:** Re: Leavitt v. Central Credit

Alex,

I will either need to review it prior to filing or respond after filing. For example, while we may not oppose the overall relief sought, we may need to disagree with the statements therein because we have been very concerned about positions you have taken which are simply false and not true.

So, please do not represent it as unopposed. Rather, we elect to file a response of non-opposition and address inaccuracies therein.

-Andrew

On Tue, May 19, 2026 at 3:39 PM Alexander Miller <amiller@glaserweil.com> wrote:

Andrew,

We will be filing our unopposed request that the Court extend Central Credit's deadline to respond to the amended complaint until May 29, 2026, shortly.

Best,
Alex

 **Alexander Miller**
ASSOCIATE

Glaser Weil Fink Howard Jordan & Shapiro LLP    amiller@glaserweil.com
600 West Broadway, Suite 2850    **T** 619.762.5952
San Diego, CA 92101
glaserweil.com | bio

This message and any attached documents may contain information from the law firm of Glaser Weil Fink Howard Jordan & Shapiro LLP that is confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.

**From:** Alexander Miller
**Sent:** Monday, May 18, 2026 10:26 PM
**To:** 'Andrew Grimm' <andrew.b.grimm@gmail.com>
**Cc:** James Banker <jimbanker@gmail.com>; Elizabeth Sperling <esperling@glaserweil.com>; David Arroyo <David.Arroyo@lsandspc.com>
**Subject:** RE: Leavitt v. Central Credit

Andrew,

We're planning to file our request as an unopposed motion tomorrow. An unopposed motion makes more sense here as we need to address the Rule 6 factors. We will be requesting that the Court extend our deadline to respond to the amended complaint until May 29, 2026. Given Plaintiff's prior agreement to a much lengthier extension and your email asking for a stipulation to review, we assume this is agreeable. If this is not the case and Plaintiff will oppose this relief, please let us know.

Separately, we will not oppose a similar extension of the safe harbor deadline in connection with our Rule 11 motion if you request one. Alternatively, you may send us a draft stipulation for our review.

Best,
Alex

 **Alexander Miller**
ASSOCIATE

Glaser Weil Fink Howard Jordan & Shapiro LLP    amiller@glaserweil.com
600 West Broadway, Suite 2850    **T** 619.762.5952
San Diego, CA 92101
glaserweil.com | bio

This message and any attached documents may contain information from the law firm of Glaser Weil Fink Howard Jordan & Shapiro LLP that is confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.

**From:** Andrew Grimm <andrew.b.grimm@gmail.com>
**Sent:** Thursday, May 14, 2026 9:34 PM
**To:** Alexander Miller <amiller@glaserweil.com>
**Cc:** James Banker <jimbanker@gmail.com>; Elizabeth Sperling <esperling@glaserweil.com>; David Arroyo <David.Arroyo@lsandspc.com>
**Subject:** Re: Leavitt v. Central Credit

Alex,

Please provide a draft stipulation for review.

Thank you,

Andrew

On Thu, May 14, 2026 at 11:56 AM Alexander Miller <<u>amiller@glaserweil.com</u>> wrote:

Andrew,

As the Court is unwilling to extend our response deadline until after the Rule 11 motion is decided, we are going to seek a short two-week extension to respond instead. Per my email, as Rule 11 does allow the Court to extend the safe harbor deadline, we are willing to agree to a commensurate extension of that deadline as well. If you need more time than that, please let us know. If this is agreeable to you, please let us know and we will circulate a drat stipulation extending both deadlines.

Best,
Alex



**Alexander Miller**
ASSOCIATE

Glaser Weil Fink Howard Jordan & Shapiro LLP
600 West Broadway, Suite 2850
San Diego, CA 92101
<u>glaserweil.com</u> | <u>bio</u>

<u>amiller@glaserweil.com</u>
**T** <u>619.762.5952</u>

This message and any attached documents may contain information from the law firm of Glaser Weil Fink Howard Jordan & Shapiro LLP that is confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.

**From:** Alexander Miller
**Sent:** Monday, May 11, 2026 4:24 PM
**To:** 'Andrew Grimm' <<u>andrew.b.grimm@gmail.com</u>>
**Cc:** James Banker <<u>jimbanker@gmail.com</u>>; Elizabeth Sperling <<u>esperling@glaserweil.com</u>>
**Subject:** RE: Leavitt v. Central Credit

Andrew,

Your proposed edits are argumentative and not appropriate for a stipulation. Moreover, we dispute your inappropriate mischaracterizations of the record, including regarding our conversation this morning. During our call I stated that Central Credit cannot agree to extend the 21-day safe harbor period in Rule 11 under these circumstances. Among other things, we notified you of these issues last year and emailed you about them repeatedly for three weeks without any substantive response in return before serving our motion. I also stated that I was unaware of authority to extend the safe harbor deadline. Looking at the rule after our call, subsection (c)(2) does appear to authorize the court to extend the safe harbor period. We do not think an extension is warranted under these circumstances for the reasons set forth above. However, if there is a specific extension request you have in mind that would obviate the need for unnecessary motion practice, please let us know and we will consider it.

In the meantime, as the parties cannot agree on an appropriate stipulation, but Plaintiff agrees that the Rule 11 motion should be decided before any further motion to dismiss, we will proceed with an unopposed motion to extend our deadline to respond to the complaint until 30 days after the forthcoming Rule 11 motion is decided.

Best,
Alex



**Alexander Miller**
ASSOCIATE