HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ABRAHAM LEAVITT,<br><br>        Plaintiff,<br><br>    v.<br><br>CENTRAL CREDIT LLC,<br><br>        Defendant. | CASE NO. 2:23-cv-01817-RAJ<br><br>ORDER |

## I.    INTRODUCTION

THIS MATTER comes before the Court on Plaintiff Abraham Leavitt's Motion for 14 Day Extension of Time for Rule 11(c)(2) Safe Harbor, Dkt. # 65.  Also pending before the Court is Defendant Central Credit, LLC's ("Central Credit") Motion for Leave to File Overlength Motion for Rule 11 Sanctions, Dkt. # 68.  The Court has reviewed the motions, the submissions in support of and in opposition to the motions, and the balance of the record.  For the reasons set forth below, Mr. Leavitt's motion for extension is **GRANTED**, and Central Credit's motion to file an overlength motion is **TERMINATED AS MOOT**.

ORDER – 1

## II.   BACKGROUND

Central Credit served its Rule 11 motion on Mr. Leavitt on May 1, 2026.  Dkt. 64 ¶ 2; Dkt. 64-1 at 9.  Mr. Leavitt filed the instant motion to extend the safe harbor period on May 21, 2026, just one day before the expiration of the default 21-day safe harbor period.  On May 27, 2026, after expiration of the default 21-day safe harbor period, Mr. Leavitt filed a notice of voluntary dismissal of this case.  Dkt. # 67.  This, however, did not satisfy Central Credit.  Central Credit sought leave file an over-length Rule 11 motion, and it opposed Mr. Leavitt's motion to extend the safe harbor period.  Dkts. # 68, 69.

## III.   LEGAL STANDARD

A motion for Rule 11 sanctions "must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets."  Fed. R. Civ. P. 11(c)(2).

"When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . with or without motion or notice if the court acts, or if the request is made, before the original time or its extension expires[.]"  Fed. R. Civ. P. 6(b)(1)(A).  "[R]equests for extensions of time made before the applicable deadline has passed should 'normally . . . be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party.'"  *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010).  "'Good cause' is a non-rigorous standard that has been construed broadly across procedural and statutory contexts."  *Id.*

## IV.   DISCUSSION

The Court, in its discretion, finds there is good cause to grant Mr. Leavitt's request to extend the Rule 11 safe harbor deadline.  Among other reasons, Mr. Leavitt states he needed more time to consider Central Credit's Rule 11 motion because he was ill during the safe harbor period and his counsel was also experiencing personal extenuating circumstances due to an ill family member.  *See* Dkts. # 65, 70.  These reasons are sufficient

ORDER – 2

to constitute good cause for a brief extension of the safe harbor deadline. In addition, the Court finds Mr. Leavitt did not act in bad faith in bringing his extension motion, and Central Credit will not be prejudiced. To be sure, Mr. Leavitt could have acted with greater diligence in bringing his motion earlier or voluntarily dismissing this case earlier, but there is no indication in the record that he is seeking the extension in bad faith. And although the Court acknowledges that Central Credit will now be deprived of an opportunity to file its Rule 11 motion, it has already accomplished the primary relief it intended to seek through the motion: the dismissal of this case. *See* Dkt. # 59 at 1 ("Central Credit's Rule 11 motion will seek dismissal of the complaint"). The Court further observes that in prior correspondence between the parties, Central Credit's counsel stated it was "willing to agree to a commensurate extension of [the Rule 11 safe harbor] deadline." Dkt. # 64-2 at 6. While this offer did not ultimately materialize, it further supports the conclusion that even Central Credit did not consider a brief extension of the safe harbor deadline to be prejudicial to its interests.

At bottom, although this case has been open for some time, it is still in its early stages in that Central Credit has not yet filed an answer or motion to dismiss in response to the operative complaint, and the parties have not engaged in extensive discovery. Permitting a short extension of the safe harbor deadline so that Mr. Leavitt can effectuate his voluntary dismissal of the case without a prolonged dispute over sanctions comports with the directive that the Federal Rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

//

//

//

//

ORDER – 3

For these reasons, the Court **GRANTS** Mr. Leavitt's Motion for 14 Day Extension of Time for Rule 11(c)(2) Safe Harbor, Dkt. # 65.  The safe harbor period is extended to June 4, 2026.  Because Plaintiff voluntarily dismissed this action during this safe harbor period, Central Credit may not file its Rule 11 motion, and its Motion for Leave to File Overlength Motion for Rule 11 Sanctions, Dkt. # 68, is **TERMINATED AS MOOT**.

Dated this 6th day of July, 2026.

*Richard A. Jones*
_____

The Honorable Richard A. Jones
United States District Judge

ORDER – 4